## EXHIBIT LIST

Exhibit 1  -  Finance Committee Report to Management Committee April 18,2009

Exhibit 2  -  Defendant's Motion For Leave To Amend Answer To Conform to the Evidence

Exhibit 3  -  Screenshot of PDF properties of Willis Order denying TR 53.1 transfer

Exhibit 4  -  Appellant's Objection to Tax and Assess Costs to Appellant

Exhibit 1



# Finance Committee Report to Management Committee
## April 18, 2009



# Q1 Highlights

- Revenues CONFIDENTIAL ADMIN RULE 9(G)(5)
  - – Down 10% sequentially
  - – Up 10% YOY
- Corporate Expenses CONFIDENTIAL ADMIN RULE 9(G)(5)
  - – Up 20% sequentially (due to E&O)
  - – Flat YOY



## Q2 Look Ahead

- Revenues  CONFIDENTIAL ADMIN RULE 9(G)(5)
- Invoices  CONFIDENTIAL ADMIN RULE 9(G)(5)  vs.  CONFIDENTIAL ADMIN RULE 9(G)(5)  Q1
- Fundamental changes
  - Performance standards
  - Performance compensation reductions due to deterioration of revenues

## Performance Standards

- Without them we cannot manage finances
- Financial stress from downturn spotlights what we all knew but failed to address
- We cannot pay 60% to advisors not meeting attainable performance standards
- January 1, 2009 for shareholders
- January 1, 2010 for all

 VALEO

## Performance Standards

# CONFIDENTIAL
# ADMIN RULE
# 9(G)(5)

- Example
  - 10 year advisor servicing $250,000, originating $200k and who did not originate $30k in the last year
  - Standard comp $135k ($75k service and $60k origination)
  - Performance comp $94.5k (30% off)

 VALEO

## Performance Compensation & Practice Accounts

- Temporary suspension of 80% payout limit of practice accounts

- One on one review with each advisor

- If invoices are not in, we will not waste time estimating values. Payout to decline by invoice change percentage.

STATE OF INDIANA )          IN THE MARION CIRCUIT/SUPERIOR COURT
                             )SS:
COUNTY OF MARION )          CAUSE NO. 49D01 15 05 PL 015418


VALEO FINANCIAL ADVISORS, LLC     )
                                  )
                   Plaintiff,     )
                                  )        **FILED**
        v.                        )
                                  )        (47)  MAY 2 5 2017
AARON COATES,                     )
                                  )        *Myla a. Eldridge*
                   Defendant.     )        CLERK OF THE MARION CIRCUIT COURT


## DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

## TO CONFORM TO THE EVIDENCE

Defendant, Aaron Coates ("Coates"), hereby moves the Court grant 30 days leave from

the date ruled for Coates to fully amend his Answer to conform to recently disclosed evidence.

Plaintiff, Valeo Financial Advisors, LLC ("Valeo"), has for nearly two years[1] ignored the

preconditions for filing a Complaint founded on a written instrument making its Complaint

incomplete. Ignoring Coates' continual formal and informal requests, Valeo demanded Coates

fulfill obligations of a Defendant to a valid Complaint, filed motions resulting in Court mandated

compliance, continued to advance through trial procedure, and even misled the Court with false

testimony on this issue. In Valeo's *Motion for Summary Judgment*, Valeo finally showed some

effort to comply with the requirements of a Complaint founded on a written document. Given

legal precedent and in consideration of Valeo's continued obstruction, the Court is well within its

authority to grant this motion as denial would further deny Coates' rights to due process.

---

[1] Should the Court find a contract exists, Valeo has conveniently survived the statute of limitations on a Class C misdemeanor that could have been material as Defendant suggested in Answer ¶ 6.

1

## Standard for Court Granted Leave to Amend Answer

Trial Rule 15(A) provides that pleadings may be amended once as a matter of course within thirty days after service of the pleading. Otherwise, and of greater moment to this case, amendment is allowed only by consent of the parties or by leave of court, and "leave shall be given when justice so requires." In its decisions on whether to permit amendments to pleadings, the trial court is vested with a broad discretion. Selvia v. Reitmeyer (1973), 156 Ind. App. 203, 295 N.E.2d 869; Civil Code Study Commission Comments in 2 Harvey, Indiana Practice 121 (1970). The policy generally and in this state is liberally to allow the amendment of pleadings, Higgins v. Swygman (1923), 194 Ind. 1, 141 N.E. 788, and leave to amend should be given unless the amendment will result in prejudice to the opposing party.[2]


## Facts Relevant to Defendant's Motion


Defendant in support of Motion, states as follows:

1. Valeo Financial Advisors, LLC ("Valeo"), filed suit against Coates on May 8, 2015.

2. Valeo's Complaint is founded on a written Employment Agreement ("Agreement") that Valeo claims "governed [Coates] relationship with Valeo..."[3] that both parties "consented [to] in writing..."[4][5]

**Valeo's Complaint is founded on a written instrument and subject to Ind. Trial Rule 9.2.**

3. **Paragraph 8** of Valeo's Complaint claims, "Coates agreed that certain terms of his employment with Valeo would be governed by a written Employment Agreement..."

---

[2] *Huff v. Travelers Indem. Co.*, 363 N.E.2d 985 (Ind. 1977) 989 ¶ 3
[3] Complaint 1 ¶ 1
[4] *Id.* 3 ¶ 4 claims Coates' written consent to the Agreement.
[5] *Id.* 3 ¶ 5 claims that both parties agreed, in writing, to a cited provision of the Agreement regarding venue, which references Exhibit 1 of Complaint further referenced by all other claims in Complaint regarding the Agreement. It is reasonable to conclude Valeo asserts that both parties agreed in writing to the entire Agreement, as Valeo does not claim that the provision given in ¶ 5 of Complaint was agreed to separately.

**Valeo misled the Court with a false statement which the Court appears to have relied on.**

4. Valeo states in its Response to Coates' Motion for proper venue, "Coates does not deny under oath execution of the Employment Agreement in his Answer, and his time to do so pursuant to Ind. T.R. 9.2(B) has expired."

5. Coates' Answer to Paragraph 8 states, **"Paragraph 8 is denied."**

6. Coates noted the false statement in his *Request to Exercise Right to Trial by Jury* filed January 29, 2016. Valeo has not corrected its statement.

7. Coates informed Valeo's counsel by email on September 13, 2016 of the error. Valeo has still not corrected its statement.

**Coates did notify Valeo about the false statement and requesting correction. Valeo has not corrected its false testimony.**

8. Coates' *Response in Opposition to Plaintiff's Motion to Set Hearing on Motion to Compel Discovery and Protective Order*, filed September 14, 2016, objects then requests that Valeo be restricted from bringing further motions until "Plaintiff complies with and satisfies applicable provisions of Indiana Trial Rule 9.2, specifically §§(B), (D), (E), and (H)."

9. Coates' *Response in Opposition to Plaintiff's Motion to Set Case Management Conference*, filed September 22, 2016, objects then requests that Valeo be restricted from bringing further motions until "Plaintiff complies with and satisfies applicable provisions of Indiana Trial Rule 9.2, specifically §§(B), (D), (E), and (H)."

**Coates did make formal request of Valeo to Inspect Original Instrument.**

10. On September 26, 2016, Valeo received *Defendant's Request to Plaintiff to Inspect Original Instrument*.

3

11. For convenience and expedience, the request allowed for Valeo to mail a copy with a "signed Affidavit attesting to the accuracy, validity, and completeness of copy." A draft Affidavit was enclosed for convenience.

**Valeo's counsel, in violation of Rule 3.4 of Professional Conduct, obstructed Coates' request to inspect and his right to determine if the Complaint has any merit.**

12. In multiple email requests, Valeo's counsel was unwilling to answer Coates' direct question as to if the document included the entire agreement as defined by the incomplete agreement included with its Complaint.

13. Coates informed Valeo's counsel by email on October 4, 2016, that he was suffering from an extended illness and "I have had trouble driving safely for even short distances" and may require a continuance for a hearing scheduled for October 17, 2016.[6]

14. On October 12, 2016, Coates informed Valeo's counsel by email that he did ask for a continuance as his health had not improved enough "to be confident that I can get to and from Indianapolis safely on Monday."[7]

15. On October 24, 2016, Valeo's counsel agreed to "make the original document available to you for inspection, in our offices, at a mutually agreeable time." They did not agree to Coates' request to mail a copy with Affidavit, or cure their TR 9.2 deficiency.

16. Coates replied the same day, October 24, 2016, asking if the document included "the entire agreement as defined in Paragraph 16 (f) of Exhibit 1 of your Complaint, and as stated in my request? Does it include an executed Compensation Agreement?"[8]

---

[6] Exhibit 1. 2 ¶ 3
[7] *Id.* 2 ¶ 6
[8] *Id.* 3 ¶ 3

4

17. In the same email, Coates informed Valeo's counsel that his health had not improved and that the day before, his sickness caused him to become unconscious while driving near his home, resulting in a major accident. Coates included pictures of the totaled vehicle.[9]

18. Valeo's counsel did not respond by October 28, 2016, when Coates sent a follow-up email asking for a response to the prior email "regarding the contents of the document you have available for me to inspect" or for a convenient time to discuss by phone.[10] Valeo's counsel again did not respond.

19. On November 1, 2016, Coates called Valeo's counsel, and Blinn took the call.

20. At 5:28 pm, Coates documented the conversation, in an email to Valeo's counsel.

    *Documenting my conversation with Mike [Blinn] this afternoon.*
    *Asked him what is included in the document to inspect and he said the Employment Agreement. I asked if it includes the Compensation Agreement and he said that you do not have the original Compensation Agreement in your office.*
    *I requested that the Compensation Agreement be made available as well, as requested in the filing. Mike agreed to get it.*

21. Blinn responded by email at 5:35 pm copying all counsel, including Hull, stating that he did not have the compensation agreement, nor did he commit to getting it, or commit to a date. Blinn also noted the agreement from our conversation to have inspection of the **documents** at the next court hearing in December, but would be open to an earlier time if mutually convenient.[11]

---

[9] *Id.* 3-4 and attachments
[10] *Id.* 4 ¶ 1-2
[11] *Id.* 5 ¶ 1

5

22. Hull emailed Coates November 2, 2016, requesting that Coates direct all future communication to Hull. Hull did not retract any of Blinn's commitments or statements. [12]

23. Coates emailed Hull November 2, 2016 asking if he intends to comply with the request to inspect the document. Hull responded that the document is available in their office to inspect.[13]

24. On November 3, 2016, Coates emailed Hull (copying Blinn), asking:

> *Does the document available for inspection include the 'Entire Agreement' as defined by Paragraph 16(f) of Exhibit 1 of Valeo's Complaint, which would include the Compensation Agreement and all exhibits?[14]*

25. Hull responded on November 4, 2016 at 11:47 am, "The documents are available for inspection during normal business hours…"[15]

26. Coates emailed Hull on November 4, 2016 at 12:11 pm asking:

> *Does the document available for inspection include the 'Entire Agreement' as defined by Paragraph 16(f) of Exhibit 1 of Valeo's Complaint, which would include the Compensation Agreement and all exhibits?[16]*

27. Hull did not respond.

28. Coates emailed Hull on November 7, 2016 at 11:23 am asking:

> *Does the document available for inspection include the 'Entire Agreement' as defined by Paragraph 16(f) of Exhibit 1 of Valeo's Complaint, which would include the Compensation Agreement and all exhibits?[17]*

---

[12] *Id.* 5 ¶ 2
[13] *Id.* 6 ¶ 2,8
[14] *Id.* 8 ¶ 1
[15] *Id.* 8 ¶ 2
[16] *Id.* 8 ¶ 3
[17] *Id.* 9 ¶ 1

29. Hull responded the same day, never answering Coates question, but making various claims that were already scheduled to go before the Court with both parties having filed opinions. Further Hull claimed that Coates was unwilling to admit the specifics of documents that he destroyed even though Coates provided Valeo an Affidavit regarding this issue.[18]

30. Coates emailed Hull on November 10, 2016:

> *You did not answer my question. Does the document available for inspection include the Compensation Agreement as required by your Exhibit 1, Paragraph 16(f) to constitute the entire agreement?*[19]

31. Hull did not respond.

32. Coates emailed Hull on November 14, 2016, "Wondering when I can expect an answer to my question?"[20]

33. Hull responded, "Aaron, you can stop with your email on this point." He further excused this behavior because of his claim of Coates not meeting discovery obligations to Valeo's still unfounded Complaint. Hull did note his awareness that the discovery obligations regarding Coates were already a matter before the Court scheduled for a hearing in December.[21]

34. Valeo, by counsel, clearly understood that concerns regarding Coates' discovery responses were already scheduled to be heard before the Court, denying Coates rights to know if Valeo's Complaint has any founding based in a valid contract, Valeo's actions are a clear obstruction of Coates' rights as well as a denial of due process.

---

[18] *Id.* 9 ¶ 2
[19] *Id.* 10 ¶ 1. The email included the full text of Ind. T.R. 9.2 (E) and Professional Conduct Rule 3.4
[20] *Id.* 11 ¶ 4
[21] *Id.* 11 ¶ 5

**Valeo, by counsel, failed to honor its commitment to allow Coates to inspect the agreement "contemporaneously with the court hearing in December" again denying Coates right to determine what standing Valeo has for its Complaint.**

35. Prior to the Court hearing on December 14, 2016, Coates asked Hull to produce the agreement for inspection as was agreed to. Hull responded that he did not bring it, but that it was available at his office during business hours. Following the hearing, Coates did not feel well, and was concerned about delaying the drive home any longer. Given the overwhelming likelihood that the document would not have a signed Compensation Agreement, Coates chose to begin the drive home.

Valeo has continued for more than two years to ignore its obligations under Ind. T.R. 9.2 in filing its Complaint, is clearly well aware of its deficiency, but has chosen to continue proceeding, while obstructing in every way Coates' right to due process necessary to mount a defense.

The ruling upholding Marion County as proper venue, inhibited Coates' from representation at the initiation of Valeo's lawsuit given Coates very limited financial resources at the time. As will be shown at trial, Valeo was well aware of Coates dire financial circumstances.

Without the ability to determine whether an agreement actually existed between the parties, Coates has been, for two years, unable to determine how to proceed in formulating a defense or even if any defense is warranted.

Given information and exhibits from Valeo's *Motion for Summary Judgment*, Coates now has some means, while still limited by Valeo's obstructions, to address Valeo's Complaint more specifically following Valeo's deficient Complaint, and to assert proper counterclaims for Valeo's inappropriate actions.

Irrespective of stated matters, Defendant's amendment of his Answer will not prejudice the opposing party and is only for the purpose of conforming to evidence that Valeo has withheld for the entire two years of Valeo's Complaint against Coates.

9

Coates hereby requests leave from the Court to amend his Answer to conform affirmative defenses to the recently presented evidence and to add counter complaints applicable to Valeo's actions. Plaintiff objects to said Motion.

WHEREFORE, Defendant, Aaron Coates, pursuant to Indiana TR 15(B) respectfully moves the Court grant Coates leave for 30 days from the date of ruling on this motion to amend his Answer to conform to the evidence Valeo has now admitted in its *Motion for Summary Judgment*, partially meeting its yet uncured and long-standing deficiencies under TR 9.2(A), 9.2(B), 9.2(D), 9.2(E), 9.2(F), and 9.2(H) necessary to ensure just determination by the Court, in clear hindrance to due process.

Valeo, by Counsel, objects to this motion.

Respectfully submitted,

Aaron S. Coates
Defendant

18709 Taft Ct.
Goshen, IN 46528

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served up the following, as counsel for Plaintiff, via First Class U.S. Mail, postage prepaid, on May 23, 2017:

> Andrew W. Hull
> Hoover Hull Turner LLP
> 111 Monument Circle, Suite 4400
> PO Box 44989
> Indianapolis, IN 46244-0989

Aaron S. Coates
Defendant

11

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D01 15 05 PL 015418 |

| | |
|---|---|
| VALEO FINANCIAL ADVISORS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AARON COATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT LEAVE TO AMEND ANSWER

Defendant, Aaron Coates, having filed his Motion for Leave to Amend Answer, and the

Court having reviewed the same and being otherwise properly advised, now find that said

Motion is GRANTED. Defendant has until _____, 2017 to amend Answer.


Dated: _____          _____

                                JUDGE, Marion Superior Court #1

Distribution To:

Andrew W. Hull                  Aaron Coates
Michael J. Blinn                18709 Taft Court
HOOVER HULL TURNER LLP          Goshen, IN 46528-8966
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Via Case Management System

# EXHIBIT 1

 Gmail

Aaron Coates <aska.coates@gmail.com>

## Inspect original
23 messages

**Aaron Coates** <aska.coates@gmail.com>                    Fri, Sep 30, 2016 at 4:24 PM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>, "Michael J. Blinn" <MBlinn@hooverhullturner.com>, Fortuna Gipson <fgipson@hooverhullturner.com>

Following up on my request to inspect the Employment Agreement that you received on September 26.


Thanks,


Aaron Coates

574-370-5069


**Andrew W. Hull** <awhull@hooverhullturner.com>              Mon, Oct 3, 2016 at 9:44 AM
To: Aaron Coates <aska.coates@gmail.com>, "Michael J. Blinn" <MBlinn@hooverhullturner.com>, Fortuna Gipson <fgipson@hooverhullturner.com>

Aaron, Valeo has 30 days to respond to your request. It is not reasonable for you to refuse to cooperate with discovery requests by Valeo, thereby necessitating that we file a motion to compel on its behalf, and you seek accommodations to which you are not entitled under the Trial Rules. If you would like to bring yourself in to compliance with the discovery rules, I am pleased to talk with you at your convenience.


Regards, Andy


Andrew W. Hull

HOOVER HULL TURNER LLP

111 Monument Circle, Suite 4400 | P.O. Box 44989

Indianapolis, Indiana 46244-0989

Direct Dial: 317.381.5602 | Cell: 317.694.3513

Email:   awhull@hooverhullturner.com

Web:   www.hooverhullturner.com

HOOVER ■ HULL ▪ TURNER

Confidentiality Notice: This message and any attachments are confidential, are intended only for the named recipient(s) and may contain information that is privileged or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are not authorized to and may not read, copy, distribute, or disseminate this message or attachments. If you receive this message or attachments in error, or are not the named recipient(s),

please notify the sender at the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege.

**From:** Aaron Coates [mailto:aska.coates@gmail.com]
**Sent:** Friday, September 30, 2016 4:25 PM
**To:** Andrew W. Hull <awhull@hooverhullturner.com>; Michael J. Blinn <MBlinn@hooverhullturner.com>; Fortuna Gipson <fgipson@hooverhullturner.com>
**Subject:** Inspect original

[Quoted text hidden]

---

Aaron Coates <aska.coates@gmail.com>                        Tue, Oct 4, 2016 at 5:25 PM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>, Fortuna Gipson <fgipson@hooverhullturner.com>

Andy,

While we don't see this the same way, I think we understand each other. You can appreciate my concern about protecting my flank.

Regarding 30 days to respond to my Rule 9.2(E) request, I wasn't sure what it means by "allow inspection promptly upon request." But you are the attorney, so I assume you have some basis to interpret that as 30 days. Sure seems like a long time for something so simple.

Also wanted to let you know that I have been sicker the past few weeks than I have been in years. Some type of chest infection (quite painful and serious for an asthmatic with bad fall allergies). Doctor thinks stress, and lack of sleep hasn't helped. Anyway, with medications and coughing fits, I have had trouble driving safely for even short distances. A roundtrip drive to Indy at this point risks adding a whole different dimension to all of this, and my wife isn't so forbearing.

If I do not start getting better soon, I will need a continuance. If so, would you want me to include your agreement or objection?

Thanks,

Aaron

P.S. John Dorbin said to tell you hi. He speaks quite highly of you.

[Quoted text hidden]

---

Aaron Coates <aska.coates@gmail.com>                        Wed, Oct 12, 2016 at 11:20 AM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: Fortuna Gipson <fgipson@hooverhullturner.com>, "Michael J. Blinn" <MBlinn@hooverhullturner.com>

I wanted to let you know that I did go ahead and ask for a continuance. My illness has just not improved enough for me to be confident that I can get to and from Indianapolis safely on Monday.

Thanks,
Aaron

[Quoted text hidden]

---

Michael J. Blinn <MBlinn@hooverhullturner.com>              Mon, Oct 24, 2016 at 5:09 PM
To: Aaron Coates <aska.coates@gmail.com>
Cc: Fortuna Gipson <fgipson@hooverhullturner.com>, "Andrew W. Hull" <awhull@hooverhullturner.com>

Aaron-

This responds to your Request to Inspect Original Instrument. We will make the original document available to you for inspection, in our offices, at a mutually agreeable time. Please let us know your availability to do so.

I hope your health has improved. Are you able to travel to Indianapolis yet, or do you know when you will be able to do so? Please let us know, as we need to get the hearing rescheduled.

Thanks,

Mike

Michael J. Blinn

HOOVER HULL TURNER LLP

Phone: 317.822.4400 x115 | Fax: 317.822.0234

Email: mblinn@hooverhullturner.com

**From:** Aaron Coates [mailto:aska.coates@gmail.com]
**Sent:** Tuesday, October 04, 2016 5:26 PM
**To:** Andrew W. Hull <awhull@hooverhullturner.com>
**Cc:** Michael J. Blinn <MBlinn@hooverhullturner.com>; Fortuna Gipson <fgipson@hooverhullturner.com>
**Subject:** Re: Inspect original

[Quoted text hidden]

---

**Aaron Coates** <aska.coates@gmail.com>                                    Mon, Oct 24, 2016 at 7:16 PM
To: "Michael J. Blinn" <MBlinn@hooverhullturner.com>
Cc: Fortuna Gipson <fgipson@hooverhullturner.com>, "Andrew W. Hull" <awhull@hooverhullturner.com>

Does the document that you have ready for inspection at your office include the entire agreement as defined in Paragraph 16 (f) of Exhibit 1 of your Complaint, and as stated in my request? Does it include an executed Compensation Agreement?

If you are unable / unwilling to answer, please let me know by Wednesday your availability to discuss by phone Thursday or Friday of this week or Monday or Tuesday of next week.

Regarding my health, I thought I was getting better. But yesterday during a short drive, less than a mile from my home, I started coughing violently, couldn't breathe, lost consciousness, and the result is attached.

So while I have more urgent issues right now, this has caused me to reconsider my entire position on this matter, even given the short time left, with the time and energy it has and continues to take from my family. My wife would prefer, and I would be safer having an attorney inspect the document and attend hearings.

But it is possible that I am just not thinking clearly right now.

Aaron
[Quoted text hidden]

**2 attachments**

3



**20161023_165558a.jpg**
4129K



**IMG_2030a.jpg**
476K

---

**Aaron Coates** <aska.coates@gmail.com>                               Fri, Oct 28, 2016 at 12:27 PM
To: "Michael J. Blinn" <MBlinn@hooverhullturner.com>, "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: Fortuna Gipson <fgipson@hooverhullturner.com>, "Andrew W. Hull" <awhull@hooverhullturner.com>

Using this email to document that I have not received a response to my very direct question in the prior email regarding
the contents of the document you have available for me to inspect. I just left a voice mail for Mike requesting response
as well.

Please either respond to the question, or let me know a time that either of you are available to discuss by phone.

I was searching on a specific legal matter for Indiana (could not have survived this far without Google and Boolean rules)
and happened across a very informative article in the Indiana Law Review in 1987 that seems to validate the direction I
am considering. It could be a surprising coincidence, but I am thinking providential guidance that Andy wrote it.
[Quoted text hidden]

---

**Aaron Coates** <aska.coates@gmail.com>                               Tue, Nov 1, 2016 at 5:28 PM
To: "Michael J. Blinn" <MBlinn@hooverhullturner.com>
Cc: Fortuna Gipson <fgipson@hooverhullturner.com>, "Andrew W. Hull" <awhull@hooverhullturner.com>

Documenting my conversation with Mike this afternoon.

Asked him what is included in the document to inspect and he said the Employment Agreement. I asked if it includes
the Compensation Agreement and he said that you do not have the original Compensation Agreement in your office.

I requested that the Compensation Agreement be made available as well, as requested in the filing. Mike agreed to get
it.

I will call next Monday, November 7th to schedule a time in the next few weeks to inspect the document in your office.
[Quoted text hidden]

---

**Michael J. Blinn** <MBlinn@hooverhullturner.com>                      Tue, Nov 1, 2016 at 5:35 PM
To: Aaron Coates <aska.coates@gmail.com>
Cc: Fortuna Gipson <fgipson@hooverhullturner.com>, "Andrew W. Hull" <awhull@hooverhullturner.com>

Aaron-

I told you that I have the original employment agreement in my office, but not the compensation agreement. I did not commit to getting the original compensation agreement, or commit to a date, but told you that we would let you know. When we spoke today, you suggested reviewing the original documents contemporaneously with the court hearing in December, but if it is mutually convenient to do so earlier than that, we are open to that as well.

Thanks,

Mike

Michael J. Blinn

HOOVER HULL TURNER LLP

Phone: 317.822.4400 x115 | Fax: 317.822.0234

Email: mblinn@hooverhullturner.com

**From:** Aaron Coates [mailto:aska.coates@gmail.com]
**Sent:** Tuesday, November 01, 2016 5:29 PM
**To:** Michael J. Blinn <MBlinn@hooverhullturner.com>
**Cc:** Fortuna Gipson <fgipson@hooverhullturner.com>; Andrew W. Hull <awhull@hooverhullturner.com>
**Subject:** Re: Inspect original

[Quoted text hidden]

Andrew W. Hull <awhull@hooverhullturner.com>                Wed, Nov 2, 2016 at 10:46 AM
To: "Michael J. Blinn" <MBlinn@hooverhullturner.com>, Aaron Coates <aska.coates@gmail.com>
Cc: "Andrew W. Hull" <awhull@hooverhullturner.com>

Aaron:

In light of your repeated requests and the disagreements resulting from your call with my colleague, Mike Blinn, please direct all future communications to me.

Regards,

Andy

**From:** Michael J. Blinn
**Sent:** Tuesday, November 01, 2016 5:36 PM
**To:** Aaron Coates <aska.coates@gmail.com>
**Cc:** Fortuna Gipson <fgipson@hooverhullturner.com>; Andrew W. Hull <awhull@hooverhullturner.com>
**Subject:** RE: Inspect original

[Quoted text hidden]

**Aaron Coates** <aska.coates@gmail.com>                                   Wed, Nov 2, 2016 at 4:20 PM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>, Fortuna Gipson <fgipson@hooverhullturner.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>

Andy:

Wow. Ok.

Andy, do you intend to comply my attached request under Rule 9.2(E)?

If so, by close of business Friday, November 4, 2016, please let me know the date and time (during any business hours) between Wednesday, November 9, 2016 and Wednesday, November 16, 2016 that the document will be available in your office for inspection by me or my representative. If you do not respond, I will begin contact you at 8:00 a.m. Monday morning November 7, 2016 for a scheduled time.

If you intend to further evade production, but you intend to make it available at the next hearing, there is no excuse for any further delay in complying with Paragraph 20 of my request. In the next week, I will expect to receive a copy of the "entire agreement" that you will produce at that hearing along with a signed Affidavit attesting to the validity and completeness of the document.

Any other attempt to avoid compliance will be taken as clear violation of Indiana Trial Rule 9.2(E), and Rule of Professional Conduct 3.4.

I am dumbfounded regarding your willful violations and unreasonable delays. How does it take an entire month to obtain a document from an office that some of your staff drive by every day? I certainly hope that you have not had face to face meetings with anyone at Valeo during that time. Even so, I can't imagine how you can view this burden as greater than what you so willingly demand of me, to drive to Indy while still recovering from a serious illness, and now a serious driving accident. All for a few pieces of paper that you unfairly choose to continue to withhold. These are the types of actions that the general public reserves only for the least becoming of your profession. Imagine now if something were to happen to me while driving to Indy. Before I didn't really think it was likely, just a small risk. After the accident, it clearly seems more possible.

Lately, I am asking myself how I supposed to continue to exercise restraint, when it appears that I am getting backed into a corner where it is my only alternative? I guess if / when the only option is to release my sling, I will take comfort in knowing that even as we approach two years, after the previous injustices, it was not my preference.

Aaron
[Quoted text hidden]

 **16-09-21 Inspect Original Inst Request.pdf**
2404K

---

**Andrew W. Hull** <awhull@hooverhullturner.com>                         Wed, Nov 2, 2016 at 4:27 PM
To: Aaron Coates <aska.coates@gmail.com>, Fortuna Gipson <fgipson@hooverhullturner.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>

Aaron, your aggressive email is inaccurate in several respects. I will not debate these inaccuracies with you here, as my prior attempts to persuade you to reasonably cure your knowing default of your discovery obligations was met with your outright refusal. When would you propose to review records available at our firm for inspection?

Regards, Andy

Andrew W. Hull

HOOVER HULL TURNER LLP

111 Monument Circle, Suite 4400 | P.O. Box 44989

Indianapolis, Indiana 46244-0989

Direct Dial: 317.381.5602 | Cell: 317.694.3513

Email:   awhull@hooverhullturner.com

Web:   www.hooverhullturner.com

HOOVER ■ HULL ■ TURNER

Confidentiality Notice: This message and any attachments are confidential, are intended only for the named recipient(s) and may contain information that is privileged or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are not authorized to and may not read, copy, distribute, or disseminate this message or attachments. If you receive this message or attachments in error, or are not the named recipient(s), please notify the sender at the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege.

**From:** Aaron Coates [mailto:aska.coates@gmail.com]
**Sent:** Wednesday, November 02, 2016 4:21 PM
**To:** Andrew W. Hull <awhull@hooverhullturner.com>; Fortuna Gipson <fgipson@hooverhullturner.com>
**Cc:** Michael J. Blinn <MBlinn@hooverhullturner.com>
**Subject:** Re: Inspect original

[Quoted text hidden]

**Aaron Coates** <aska.coates@gmail.com>                                    Wed, Nov 2, 2016 at 5:15 PM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: Fortuna Gipson <fgipson@hooverhullturner.com>, "Michael J. Blinn" <MBlinn@hooverhullturner.com>

   Of course it is aggressive. But inaccurate in what respect?

   As to a time, READ THE PRIOR EMAIL.

   Hard to have a default of discovery, when I don't even know what I am being sued for. After 18 months, and multiple
   objections, you still haven't provided the base documents. I am not stating anything you don't already know. I know you
   understand how insane this all is, and yet instead of using your intellect, experience, and professional responsibility to
   find some resolution, you devolve to bureaucratic, almost childish tactics of he said / she said? You were copied on all
   the emails and could have responded. I even emailed that I had left a voice mail for Mike. Granted, I know that Mike's
   email intimated that a Compensation Agreement exists, so you had to pull the plug on that quickly. But still.

   Like I said, I am getting pushed a direction I would rather not have gone. But maybe that's what's supposed to happen.
   [Quoted text hidden]

**Andrew W. Hull** <awhull@hooverhullturner.com>                           Thu, Nov 3, 2016 at 9:16 AM
To: Aaron Coates <aska.coates@gmail.com>
Cc: Fortuna Gipson <fgipson@hooverhullturner.com>, "Michael J. Blinn" <MBlinn@hooverhullturner.com>

   Aaron, I read your email below. I am again extending you a courtesy—when do you wish to come to our offices?


   Andrew W. Hull

   HOOVER HULL TURNER LLP

   111 Monument Circle, Suite 4400 | P.O. Box 44989

   Indianapolis, Indiana 46244-0989

   Direct Dial: 317.381.5602 | Cell: 317.694.3513

Email:   awhull@hooverhullturner.com

Web:   www.hooverhullturner.com

HOOVER ■ HULL ■ TURNER

Confidentiality Notice: This message and any attachments are confidential, are intended only for the named recipient(s) and may contain information that is privileged or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are not authorized to and may not read, copy, distribute, or disseminate this message or attachments. If you receive this message or attachments in error, or are not the named recipient(s), please notify the sender at the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege.

**From:** Aaron Coates [mailto:aska.coates@gmail.com]
**Sent:** Wednesday, November 02, 2016 5:16 PM
**To:** Andrew W. Hull <awhull@hooverhullturner.com>
**Cc:** Fortuna Gipson <fgipson@hooverhullturner.com>; Michael J. Blinn <MBlinn@hooverhullturner.com>
**Subject:** Re: Inspect original

[Quoted text hidden]

---

**Aaron Coates** <aska.coates@gmail.com>                              Thu, Nov 3, 2016 at 10:12 AM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: Fortuna Gipson <fgipson@hooverhullturner.com>, "Michael J. Blinn" <MBlinn@hooverhullturner.com>

Andy:

1. Does the document available for inspection include the "Entire Agreement" as defined by Paragraph 16(f) of Exhibit 1 of Valeo's Complaint, which would include the Compensation Agreement and all exhibits?
2. If so, tell me what time that I, or my representative, should be at your office any business day from Wednesday, November 9th through Tuesday, November 15th.

Aaron

[Quoted text hidden]

---

**Andrew W. Hull** <awhull@hooverhullturner.com>                        Fri, Nov 4, 2016 at 11:47 AM
To: Aaron Coates <aska.coates@gmail.com>, "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>

The documents are available for inspection during normal business hours from Monday through Friday.

**From:** Aaron Coates [mailto:aska.coates@gmail.com]
**Sent:** Thursday, November 03, 2016 10:12 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Aaron Coates** <aska.coates@gmail.com>                              Fri, Nov 4, 2016 at 12:11 PM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>

Does the document available for inspection include the "Entire Agreement" as defined by Paragraph 16(f) of Exhibit 1 of Valeo's Complaint, which would include the Compensation Agreement and all exhibits?

8

Aaron

[Quoted text hidden]

---

**Aaron Coates** <aska.coates@gmail.com>                                          Mon, Nov 7, 2016 at 11:00 AM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>, Fortuna Gipson <fgipson@hooverhullturner.com>

Andy:

Does the document available for inspection include the "Entire Agreement" as defined by Paragraph 16(f) of Exhibit 1 of Valeo's Complaint, which would include the Compensation Agreement and all exhibits?

Thanks,
Aaron

[Quoted text hidden]

---

**Andrew W. Hull** <awhull@hooverhullturner.com>                                  Mon, Nov 7, 2016 at 11:23 AM
To: Aaron Coates <aska.coates@gmail.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>, Fortuna Gipson <fgipson@hooverhullturner.com>

Aaron, are you offering to describe with particularity the documents you destroyed? Are you willing to describe with particularity and produce the documents you currently withhold from production? I am pleased to attempt to resolve these issues and others with you before our hearing on December 14. Please let me know whether you are prepared to address our outstanding requests of you which have remained unresolved for far too long. Our original documents remain available for inspection.

Best regards, Andy

Andrew W. Hull

HOOVER HULL TURNER LLP

111 Monument Circle, Suite 4400 | P.O. Box 44989

Indianapolis, Indiana 46244-0989

Direct Dial: 317.381.5602 | Cell: 317.694.3513

Email:   awhull@hooverhullturner.com

Web:   www.hooverhullturner.com

HOOVER ■ HULL ■ TURNER

Confidentiality Notice: This message and any attachments are confidential, are intended only for the named recipient(s) and may contain information that is privileged or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are not authorized to and may not read, copy, distribute, or disseminate this message or attachments. If you receive this message or attachments in error, or are not the named recipient(s), please notify the sender at the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege.

**From:** Aaron Coates [mailto:aska.coates@gmail.com]
**Sent:** Monday, November 07, 2016 11:00 AM

9

**To:** Andrew W. Hull <awhull@hooverhullturner.com>

[Quoted text hidden]

[Quoted text hidden]

---

Aaron Coates <aska.coates@gmail.com>                                          Thu, Nov 10, 2016 at 2:57 PM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>, Fortuna Gipson <fgipson@hooverhullturner.com>

Andy,

You did not answer my question. Does the document you have available for inspection in your office include the
Compensation Agreement as required by your Exhibit 1, Paragraph 16(f) to constitute the entire agreement?

Thanks,
Aaron

**Indiana Trial Rule 9.2(E)**
   **Inspection of the original instrument.** When a copy of a written instrument is filed with or copied in the
   pleadings under the provisions of this rule, the pleader shall permit inspection of the original unless it is alleged
   that the original is lost, whether by destruction, theft or otherwise, or unless it is alleged or established that the
   instrument is in the possession of another person and out of the control of the pleader or that the duty to allow
   inspection is otherwise excused. The pleader shall allow inspection promptly upon request of a party, and
   inspection may be ordered by the court upon motion without a hearing at any time. A party failing to comply with
   such request or such order shall be subject to the provisions of Rule 37(B). This provision shall not diminish a
   party's rights under Rules 26 through 38.

**Rule 3.4. Fairness to Opposing Party and Counsel**

A lawyer shall not:

   (a)   unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a
   document or other material having potential evidentiary value. A lawyer shall not counsel or assist another
   person to do any such act;

   (b)   falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is
   prohibited by law;

   (c)   knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an
   assertion that no valid obligation exists;

   (d)   in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to
   comply with a legally proper discovery request by an opposing party;

   (e)   in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be
   supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a
   witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability
   of a civil litigant or the guilt or innocence of an accused; or

   (f)   request a person other than a client to refrain from voluntarily giving relevant information to another
   party unless:

      (1)   the person is a relative or an employee or other agent of a client; and

      (2)   the lawyer reasonably believes that the person's interests will not be adversely affected by
      refraining from giving such information.

## Comment

   [1]   The procedure of the adversary system contemplates that the evidence in a case is to be marshaled
competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against
destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure,
and the like.

   [2]   Documents and other items of evidence are often essential to establish a claim or defense. Subject to
evidentiary privileges, the right of an opposing party, including the government, to obtain evidence through discovery

or subpoena is an important procedural right. The exercise of that right can be frustrated if relevant material is altered, concealed or destroyed. Applicable law in many jurisdictions makes it an offense to destroy material for purpose of impairing its availability in a pending proceeding or one whose commencement can be foreseen. Falsifying evidence is also generally a criminal offense. Paragraph (a) applies to evidentiary material generally, including computerized information. Applicable law may permit a lawyer to take temporary possession of physical evidence of client crimes for the purpose of conducting a limited examination that will not alter its potential evidentiary value. In such a case, applicable law may require the lawyer to turn the evidence over to the police or prosecuting authority, depending on the circumstances.

[3]   With regard to paragraph (b), it is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.

[4]   Paragraph (f) permits a lawyer to advise employees of a client to refrain from giving information to another party, for the employees may identify their interests with those of the client. See also Rule 4.2.

[Quoted text hidden]

---

**Aaron Coates** <aska.coates@gmail.com>                                       Mon, Nov 14, 2016 at 12:39 PM
To: "Andrew W. Hull" <awhull@hooverhullturner.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>, Fortuna Gipson <fgipson@hooverhullturner.com>

Andy,

Wondering when I can expect an answer to my question?

Aaron
[Quoted text hidden]

---

**Andrew W. Hull** <awhull@hooverhullturner.com>                               Mon, Nov 14, 2016 at 12:45 PM
To: Aaron Coates <aska.coates@gmail.com>
Cc: "Michael J. Blinn" <MBlinn@hooverhullturner.com>, Fortuna Gipson <fgipson@hooverhullturner.com>

Aaron, you can stop with your email on this point. You refuse to address my inquiries and your discovery obligations, so we will take the issue up in December with the Court. The documents you request remain available for your inspection Monday through Friday from 8:00 am-5:00 pm except holidays.


Best regards, Andy


Andrew W. Hull

HOOVER HULL TURNER LLP

111 Monument Circle, Suite 4400 | P.O. Box 44989

Indianapolis, Indiana 46244-0989

Direct Dial: 317.381.5602 | Cell: 317.694.3513

Email:   awhull@hooverhullturner.com

Web:   www.hooverhullturner.com

HOOVER ■ HULL ■ TURNER

Confidentiality Notice: This message and any attachments are confidential, are intended only for the named recipient(s) and may contain information that is privileged or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are not authorized to and may not read, copy, distribute, or disseminate this message or attachments. If you receive this message or attachments in error, or are not the named recipient(s),

Document Properties                                              ✕

Exhibit 3

Summary | Security | Fonts | Initial View

Details

Title:       Valeo Financial Advisors, LLC v. Aaron Coates

Author:      Indiana Supreme Court

Subject:

Keywords:    Notice denying withdrawal of submission pursuant to Trial Rule 53.1/53.2

Custom:      paidask: Sep 07 2017, 4:30 pm                    Edit...

Base URL:

General

File:        Notice of Chief Administrative O.pdf

Creator:     Acrobat PDFMaker 11 for Word

Producer:    PDFKit.NET 4.0.88.0

Created:     Tuesday, September 19, 2017 10:58:08 AM

Modified:    Wednesday, September 20, 2017 11:59:42 AM

Location:

PDF version: 1.6 (Acrobat 7.x)              Number of pages:    2

Size:        68.07 KB (69,700 Bytes)        Tagged PDF:         N/A

Page Size:   8.50 x 11.00 in                Fast Web View:      N/A

                                   OK            Cancel

ORIGINAL

IN THE
INDIANA COURT OF APPEALS

Cause No. 49A04-1710-PL-02464



FILED
JUN – 5 2018
GREGORY R. PACHMAYR
CLERK OF COURTS
STATE OF INDIANA

AARON COATES,

      Appellant,
      (Defendant below)

      v.

VALEO FINANCIAL ADVISORS, LLC,

      Appellee,
      (Plaintiff below).

Appeal from the
Marion County Superior Court

Trial Court
Cause No. 49D01-1505-PL-015418
Heather Welch, Judge

## APPELLANT'S OBJECTION TO TAX
## AND ASSESS COSTS TO APPELLANT

      Appellant, Aaron Coates ("Coates"), pro se, respectfully objects to Appellee, Valeo

Financial Advisors, LLC ("Valeo") Motion to Tax and Assess Costs to Appellant.

      Valeo's Motion is problematic for numerous reasons. While not privy to Hull's apparent

continued use of back room conversations and dealings,[1] the most glaring failure of Hull's

Motion is the absence of fees requested.[2] Does Mr. Hull really expect the Court to award carte

blanch fees even if millions of dollars?[3] However, this objection will not address specific failings

---

[1] Material evidence exists that Hull (or his proxy) actively communicated ex parte with Welch, and assisted in drafting Welch's rulings including the final judgment that was late.
[2] Hull's last filing prior to this Motion was on 3/16/18. Has he not yet invoiced his client? Can he produce evidence that is standard practice for his firm to not even calculate billing from 3 months earlier?
[3] Welch awarded costs on motions Hull knew to be frivolous at the time of filing, including numerous continuances for his 'personal reasons' that were nothing more than intentional delay and research on Valeo's crimes against me.

of the Motion as drafted, the curious procedural request to remand to the trial court,[4,5] or case precedent. I am instead compelled to only issue a warning. By ignoring convention, I willingly accept the further compounding personal liability that may result from a grant of Valeo's Motion knowing future Hoosiers will benefit in the end.

From my observations over the prior three years of Hull's representation of Valeo in this matter, when Hull pursues actions with unclear motive, parties that initially agree to support his action, are most often left with the stain of material personal and professional jeopardy.

1.  While many actions surrounding Judge Welch are jeopardizing, none is more clearly damning than her twice ruling on and denying a TR 53.1 request. The second motion to correct referenced and contained the Supreme Court directive stating that ruling on a TR 53.1 is a breach of judicial conduct.

2.  CAO Mary Willis seems to have found herself in an overly compromising position. She officially denied the TR 53.1 request. In reviewing it, she cannot deny having learned about some of Hull's conduct failures contained in the petition. She may have additionally been the party responsible for the "random" assignment of my appeal and Indiana v. IBM to the same appellate court. Both appeals of a civil matter were filed around the same time, both with Welch and Hull involved. While her leave may serve as a credible scapegoat to other at-risk parties, the silence regarding her leaving suggests concealment.

3.  In his early 30's, with no legal education, Indiana Representative David Ober authored HB 1469 on January 14, 2015 (a few weeks after Valeo says I left). It

---

[4] As if a trial court should have jurisdiction over the Appellate Court
[5] The request itself seems to give away intentional deceit by seeking return to the trial court with the expectation of Coates having representation. If Hull, Welch, and others have materially violated professional and judicial conduct, this would serve to keep those actions within the privacy of disciplinary bodies.

was signed into law on May 5, 2015. Valeo filed suit against me three days later on May 8, 2015. The bill specifically addressed withholding of compensation by an employer (which Valeo did against me and has yet to reimburse). Mr. Ober announced he was resigning his elected office to pursue nomination to the IURC. In his early 30's, a graphics design major, he was selected out of 7 candidates some with far more experience and relevant education. Mr. Hull's wife was a well-regarded IURC Commissioner. Watchdogs believe that Ober was hand-picked prior to the interview process.

4. Michael Blinn, an associate at Hull's office, and original co-counsel for Valeo, who first researched the specifics of Valeo's claim and may have discovered Valeo's crimes and noted in a memo, left the firm as soon as summary judgment was awarded. Another party of plausible deniability.

5. Judge Barnes announced his retirement on the same day (January 11, 2018) that my appeal was dated in the online CCS, but for a date that allowed for my ruling to be issued, but almost certainly would allow for a different judge on the IBM ruling.

6. The Marion County Prosecutor's Office received a Claim of Crime against Hull in March, but apparently chose not to investigate further. Hull soon after filed his Motion to Strike with this Court seeming to lay the groundwork for his later

3

defense, or to misleadingly justify some rationale for the case having merit over the past three years.[6,7]

The dishonorable actions of many will, in due time, be publicly exposed. I hope this will motivate reforms toward a fairer judicial system for Hoosiers. Sadly, some, like Sharon Land, may never receive rightful due process. For this Court, and this Motion, consider the possibility that a party may be deceitful in their motives and have no regard for compromising others. If so, this ruling might start (or continue)[8] a slippery slope of compromise where reverting to justice might require self-incrimination.

I did not seek out this situation. But from the beginning I have known that God has placed me in this position for a specific purpose and I will not run from it or compromise. After years of bullying, our family back home from a wealthy Philly suburb. I hold the morals of this great State dearly enough to fight and suffer for them, and I know how to fight and win against bullies with far more resources and power. Many have sacrificed far more than I, even paying the ultimate price, for our freedom. This is the least I can do.

Consider your role in history, the professional risk you may already be taking on, and the risk to the public trust in Indiana's higher courts and the rule of law. At the proper time much of this will be revealed, even with the efforts by many to hide much of it, which will only make the final result more dramatic. Consider how your actions might be viewed publicly given Hull's

---

[6] He failed to note that "incentive compensation" is not a wage, that was the only income I was ever paid by Valeo meaning Hull proves he pursued a frivolous case for 3 years even subjecting me to physical risk. I have no need to address other failures here. If you prefer to I will simply offer the warning of what allowing Hull's game to continue may have greater cost to members of the Court and the overall reputation than you yet realize.

[7] The unusual nature of Hull's Motion to Strike suggests that Hull believed or was requested to provide some reasoning to the Court for ruling in Valeo's favor.

[8] I have strong reason to believe none of these statements are surprising to those reviewing it, which will be determined in discovery.

4

well-refined skill at using selective information[9] to convince people to enter compromising positions. Should you choose to align yourself with failures of justice, you should not be surprised if a higher authority holds you accountable at the proper time.

I do apologize for responding in like manner to Valeo's (non) Motion. Again, I feel compelled to properly warn those reviewing this Motion instead of once more objecting with well-researched legal grounds and still have an award against me. Feel free to award it at your own peril.

Coates hereby requests the Court deny Valeo's Motion to Tax and Assess Costs to Appellant.


WHEREFORE, Appellant, Aaron Coates, respectfully requests the Court deny Valeo Financial Advisors, LLC tax and assess its costs to against Appellant, Aaron Coates, and absolutely not remand this matter to trial court.



Respectfully submitted,

Aaron S. Coates
Appellant

18709 Taft Ct.
Goshen, IN 46528

---

[9] IBM v. Indiana by Hull before this Court. "selectively quoted snippets", "strained reading", "mischaracterizes", "embellishment", "awkward locution", "Johnny-One-Note refrain", all from teams of attorneys over a 12-year case heard by all courts regarding description of Hull's facts of the case on appeal. Caveat emptor to anyone that aligns themselves with this disrespect for the law and game playing.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served up the following, via First Class U.S. Mail, postage prepaid, on June 5, 2018 to the following parties:

Andrew W. Hull
*Counsel for Plaintiff*
Hoover Hull Turner LLP
111 Monument Circle, Suite 4400
PO Box 44989
Indianapolis, IN 46244-0989

Aaron S. Coates
Defendant