UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

FILED
AUG 28 2018
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Aaron Coates** </br> *Plaintiff* </br> v. </br> **Valeo Financial Advisors, LLC, et. al.,** </br> *Defendants* | NO.: 3:18-cv-000574-JD-MGG </br></br> JUDGE JON E. DEGUILIO </br></br> MAGISTRATE JUDGE MICHAEL G. GOTSCH, SR. |

## OBJECTION TO DEFENDANTS' COLLECTIVE MOTION FOR EXTENSION OF TIME

Plaintiff, Aaron Coates, hereby objects to Defendants Andrew W. Hull, Kenneth J. Munson, Wayne Turner, Evan D. Carr, Susanne (Heckler) Johnson, Fortuna Gipson, Melodie M. Alexander, Michael J. Blinn, Camie J. Swanson Hull, Valeo Financial Advisors, LLC, John T. Wortman, John C. Trott, and Gregory A. Fulk, by counsel, request for extension of time based a failure of process and a misleading statement in Motion and a failure of proper service. In objection, Plaintiff states:

1. Plaintiff agrees with paragraphs one (1) through four (4) of Motion.
2. Paragraph five (5) of Motion states "This morning, on August 22, 2018, the undersigned counsel sent an email to Plaintiff in an effort to obtain his agreement to the extension of time requested therein." Counsel, with minimal effort and "due diligence" had means (by named Defendant Carr) to know the email address used

(aska.coates@gmail.com) is not regularly checked by Plaintiff. Further that is not the address provided by Plaintiff in Complaint.

3. Paragraph five (5) of Motion states, "Despite **due diligence**, as of the time of this filing, the undersigned has been unable to reach Plaintiff." To Plaintiff's knowledge, counsel never attempted to phone the Plaintiff, did not confirm the proper email address, and waited less than 24 hours for response before filing Motion. All other parties with counsel appearing have successfully contacted Plaintiff requesting an extension. The lack of effort here shows an undeniable lack of due diligence, especially compared to other parties. Suggesting otherwise is clearly misleading to the Court.

4. The Certificate of Service states "this document filed through the ECF system will be sent electronically to the Plaintiff..." Plaintiff, as pro se, is not welcome to subscribe to the court's electronic filing system. Already less convenient and thereby prejudicial to Plaintiff, N.D. Ind. L.R. 5-2 makes clear that proper service to a person who has not registered, "but who is entitled to service of a paper must be served according to these rules...". This Motion was never properly served to Plaintiff as well as other parties who are yet unrepresented. Plaintiff only learned of the Motion because of paying to continually monitor filings available through pacer.gov. This is a failure of process and proper service, which is by default prejudicial to Plaintiff.

5. Plaintiff does note that all parties were served Complaint by mail. If Plaintiff understands the rules correctly, three (3) additional days are allowed for response

making the earliest response for only three (3) named parties due August 31, 2018 two days later than suggested. Others are the following week, with some not due until at least Further, some Movants, who were not served until August 17, 2018, and are not due to respond until September 12, 2018.

Considering the claims in Complaint of clear and continual denials of due process, at least partially instigated by certain Movants here, in furtherance of their client's crimes, counsel's failure of process and misleading statement should be denied. Experience suggests that awarding the Motion without any caution, will lead to attempts at even more egregious procedural actions. Again by history, that may place this Court in a jeopardizing position—a point most other parties, including the Court, may be more informed of than the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order denying Defendants' Motion, or alternatively sanctioning or cautioning Defendants' counsel, and such other and further relief as the Court deems just, necessary, and appropriate under the circumstances.

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ August 28, 2018

3

## CERTIFICATE OF SERVICE

    A true and correct copy of Plaintiff's Complaint is being hand delivered to the Court for filing and thereafter will be served upon all Defendants in accordance with the Federal Rules of Civil Procedure.

Valeo Financial Advisors, LLC
Hoover, Hull, Turner, LLP
John T. Wortman
John C. Trott
Gregory A. Fulk
Andrew W. Hull
Kenneth J. Munson
Wayne Turner
Michael J. Blinn
Evan D. Carr
Susanne (Heckler) Johnson
Fortuna Gipson
Melodie M. Alexander
Camie Swanson-Hull
c/o Michael A. Dorelli
**Hoover, Hull, Turner, LLP**
111 Monument Circle #4400
Indianapolis, IN 46204

**Gibson Insurance**
c/o Timothy Leman, CEO
130 S. Main St., Suite 400
South Bend, IN 46634

Fidelity Institutional
c/o Michael L. Meyer, Esq.
**Taft Stettinius & Hollister LLP**
425 Walnut St., Suite 1800
Cincinnati, OH 45202

Valparaiso University
Mark Heckler
c/o Aleksandra Rushing
**Husch Blackwell LLP**
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3433

4

Clerk of the Indiana Appellate and Supreme Court
Court of Appeals of Indiana
Judge Michael P. Barnes
Sara C. Blainbridge
Judge Elaine B. Brown
Michelle Chuta
Larron Golden
Marion County Prosecutor
Marion County Superior Court
Judge Paul D. Mathias
Judge Edward W. Najam, Jr.
Commissioner David L. Ober
Greg Pachmayr
Judge Heather A. Welch
Judge Mary G. Willis
Judge Nancy H. Vaidik
c/o Kelly Cochran and Joshua Lowry
**Office of Attorney General Curtis Hill**
302 W. Washington St., IGCS-5th Floor
Indianapolis, IN 46204

Pamela K. Koehler
c/o Louis J. Britton
**Kightlinger & Gray, LLP**
One Indiana Square, Suite 300
211 North Pennsylvania St.
Indianapolis, IN 46204

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ July 27, 2018

5