UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AARON COATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 3:18-cv-00574-JD-MGG |
| v. | ) |
| | ) |
| VALEO FINANCIAL ADVISORS, LLC, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant Marion County Clerk of Court ("Defendants"), by counsel, moves to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff has alleged no set of facts that would raise a claim against the Defendant or in any way involve the Marion County Clerk of Court.

### STATEMENT OF FACTS

Although Plaintiff Aaron Coates's Complaint is lengthy, it is short on factual allegations and clear, direct claims against all the named Defendants. This is especially so for the named Defendant Marion County Clerk of Court (Compl. at 1.)

As far as the Defendant can ascertain, the Plaintiff's allegations stem from his former employment as an investment advisor and subsequent business dealings with some of the named Defendants. He alleges that some of the Defendants conspired together to defraud employees at Valeo Financial Advisors, LLC (Compl. at 3), and that some Defendants generally committed fraud, obstruction of justice, and due process violations (Compl. at 4).

The Plaintiff mentions the Marion County Clerk of Court approximately four times. (Compl. at page 10, ¶¶ 41-43, and pages 15, 28, 37-38.)  These are essentially passing references to the clerk involving clerical tasks.

## STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007).  "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the court must accept the factual allegations "as true at the pleadings stage, [those] allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion."  *Id*. (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir.2012)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

## ARGUMENT

### I.     The Plaintiff's Complaint contains no set of facts that properly state a claim against the Marion County Clerk of Court.

As mentioned above, the Plaintiff's Complaint makes reference to the Marion County Clerk approximately four times.  (Compl. at page 10, ¶¶ 41-43, and pages 15, 28, 37-38.)  The most the Complaint states related to the Clerk is that the office handled papers or other filings in other litigation.  The Clerk "handles filings and records for Marion County" (Compl. at 10), "told [the Plaintiff] that a request would need to be filed" in relation to another lawsuit, and conducted other ministerial, clerical duties (*e.g.,* Compl. at 15, 28, 37).

There are no factual allegations contained in the Plaintiff's Complaint that could properly state a claim.  Under the familiar *Twombly* pleading standard, and taking all of the facts and references to the Marion County Clerk as true, there is no basis for liability or even a plausible claim against the office.  The Plaintiff has simply failed to plead any set of facts that would support any kind of claim against the Clerk.  The Clerk has no indication or notice of any actions, inactions, or other involvement in activity that could plausibly result in liability.  Under this minimum pleading standard, the Plaintiff's Complaint must be dismissed against the Clerk.

**II.     The Plaintiff has not alleged personal involvement on the part of the Clerk for any alleged constitutional violations.**

Even if the scant mentions of the Clerk throughout the Complaint were taken as plausible or true, the Plaintiff has failed to allege any personal involvement in conduct that would give rise to a constitutional violation.  It is unclear under what theory of liability the Plaintiff has brought his claims against the Clerk, but if it is intended as a civil rights violation or some constitutional claim, then direct, personal involvement in conduct is required, or no claim may be brought.  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).  Without a showing of direct responsibility for an improper action, a plaintiff cannot establish liability.  *Id.*  Although the Plaintiff mentions the name of the current Marion County Clerk, Myla Eldridge (Compl. at 10), she is not sued in either her official or individual capacity.  For these reasons, no constitutional claims may be brought against her or the office of the Marion County Clerk.

## CONCLUSION

For the foregoing reasons, the Defendant, by counsel, pursuant to FED. R. CIV. PRO. 12(b)(6), respectfully moves to dismiss all claims in the Complaint against the Marion County

3

Clerk for a failure to state a claim upon which relief can be granted, and for all other relief just and proper in the premises.

                                              Respectfully Submitted,

                                              */s/ Grant E. Helms*
                                              Grant E. Helms (29953-49)
                                              Assistant Corporation Counsel
                                              OFFICE OF CORPORATION COUNSEL
                                              200 East Washington Street, Suite 1601
                                              Indianapolis, Indiana 46204
                                              Telephone: (317) 327-4055
                                              Email: grant.helms@indy.gov

## **CERTIFICATE OF SERVICE**

I certify that this document was electronically filed on August 29, 2018. The same day, the following e-filing users were served electronically:

All CM-ECF Registered Counsel of Record.

I further certify that this document was served on the following parties via USPS mail:

Aaron Coates
18709 Taft Ct
Goshen, IN 46528

Respectfully Submitted,

*/s/ Grant E. Helms*
Grant E. Helms (29953-49)
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Suite 1601
Indianapolis, Indiana 46204