UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:18-cv-574-JD-MGG |
| VALEO FINANCIAL ADVISORS, LLC, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS**

Plaintiff Aaron Coates' ("Plaintiff") complaint does not plead any allegations on how a university or its president may be legally responsible for alleged misconduct by former students when the underlying misconduct involves unrelated alleged actions that the university and its president had no involvement in whatsoever. Plaintiff's complaint against Defendants, the Lutheran University Association d/b/a Valparaiso University ("Valparaiso" or the "University") and University President Mark A. Heckler ("President Heckler"), fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Plaintiff's complaint fails to state a claim against Valparaiso and President Heckler. Plaintiff alleges seven separate causes of action in RICO, Unfair Competition, Unfair Competition-Civil Rights, Due Process, Civil Rights, Fraud, Forgery, and Obstruction of Justice. These various claims all are based on Defendant Valeo Financial Advisors, LLC's compensation of financial advisors and the legality of these practices, which previously have been litigated in

the Indiana state court system for a number of years. *See* Compl., Doc. 1. Valparaiso University and President Heckler have no connection whatsoever to the practice of payment to financial advisors used by an unaffiliated for-profit business, Defendant Valeo Financial Advisors, LLC. Furthermore, Valparaiso University and President Heckler were also not involved as parties, witnesses, or in any other capacity in the underlying litigation in the Indiana state court system.

Valparaiso University is a four-year, private institution that enrolls approximately 4,500 students from over 50 countries on a campus located in Valparaiso, Indiana. The University consists of five undergraduate colleges, a graduate school, and a law school. It is the largest independent Lutheran university in the United States. Valparaiso's law school was founded in 1879 and has been accredited by the American Bar Association since 1929.

The only alleged connection between Valparaiso and this lawsuit is that some of its graduates are attorneys and judges who allegedly were involved in the underlying litigation in Indiana state court. President Heckler's alleged involvement is through his role as President of the University and also that his daughter is an attorney at a firm that was involved in the underlying litigation in Indiana state court, Defendant Hoover, Hull, Turner LLP.

Under Plaintiff's theory, any university or university president could be held responsible for the conduct of its former students, even if the alleged conduct is wholly unrelated to the university or the president themselves. Not surprisingly, there is no legal support for this theory. Plaintiff cannot and has not pleaded sufficient facts to support essential elements of his claims against Valparaiso and President Heckler; therefore, these claims fail as a matter of law. Accordingly, for the reasons more fully set forth below, the Court should dismiss Plaintiff Aaron Coates' Complaint against Valparaiso and President Heckler.

**STANDARD OF REVIEW**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "is a method of disposing cases that, on their face, fail to state a claim." *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 509 (7th Cir. 1999) (affirming District Court granting Defendant's motion to dismiss for failing to state a claim for discrimination and retaliation). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations omitted). In other words, if a claim is merely conceivable or possible, but not plausible, the complaint must be dismissed. *See id.*; *see also Atkins v. City of Chicago*, 631 F.3d 823, 831 (7th Cir. 2011) ("the fact that the allegations undergirding a plaintiff's claim could be true is no longer enough to save it"). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s] . . . devoid of further factual enhancement" are not sufficient. *Iqbal*, 556 U.S. at 678.

**ARGUMENT**

I.  **Plaintiff's RICO Claims Against Valparaiso and President Heckler Should be Dismissed Because Plaintiff Fails to Plead Sufficient Facts to State a Claim.**

Plaintiff's RICO claims (Counts 1 and 6) should be dismissed because Plaintiff has failed to plead sufficient facts to establish the essential elements of a *prima facie* claim for a RICO violation by either Valparaiso or President Heckler.

In order to succeed on a RICO claim, a plaintiff must show the following four elements "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Jennings v.*

3

*Auto Meter Prod., Inc.*, 495 F.3d 466, 472–73 (7th Cir. 2007) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The Seventh Circuit in *Jennings* noted that "Congress passed RICO in an effort to combat organized, long-term criminal activity." *Id*. (internal citations omitted). However, the Court went on to explain that although "§ 1964(c) provides a private civil action to recover treble damages for violations of RICO's substantive provisions . . . the statute was never intended to allow plaintiffs to turn garden-variety state law fraud claims into federal RICO actions." *Id*. (internal citations omitted).  The Seventh Circuit cautioned that courts should "carefully scrutinize the pattern requirement to 'forestall RICO's use against isolated or sporadic criminal activity.'" *Id*. (internal citations omitted).

Here, Plaintiff does not plead any facts that would permit this Court to infer that Valparaiso or President Heckler engaged in any conduct of an enterprise through a pattern of racketeering activity.  Plaintiff has pled that Valparaiso is a non-profit institution located in Valparaiso, Indiana and censured by the American Bar Association in 2016 for its admissions practices. Doc. 1, ¶¶ 31-32, 35. Plaintiff also pleads that several co-defendants involved in the Indiana state court litigation are graduates of Valparaiso Law School. Doc. 1, ¶ 34. Plaintiff's allegation related to President Heckler is that he has been President of Valparaiso since 2008, which is during the time period when the American Bar Association censure was administered to Valparaiso. Doc. 1, ¶ 33. Plaintiff also alleges that President Heckler's daughter is a Valparaiso Law School graduate and an attorney at co-defendant, Hoover, Hull, Turner LLP, which was one of the firms involved in the Indiana state court litigation. *Id*.

Even in the light most favorable to the Plaintiff, none of these allegations come even close to sufficiently pleading a RICO claim against Valparaiso University or President Heckler. None of the allegations in Plaintiff's RICO claims (Count 1 and 6) even mention allegations

related to Valparaiso University or President Heckler. Instead, Plaintiff apparently is trying to cast a wide net and include as many defendants in this suit as possible, even if they only relate to the underlying litigant's educational backgrounds. Valparaiso had no involvement in the underlying conduct that was the subject of the Indiana state court litigation nor does Plaintiff allege information to the contrary. Therefore, this Court should dismiss Plaintiff's RICO claims against Valparaiso University and President Heckler.

### II. Plaintiff's Unfair Competition Claims Against Valparaiso and President Heckler Should be Dismissed Because Plaintiff Fails to Plead Sufficient Facts to State a Claim.

Plaintiff's unfair competition claims (Counts 2, 3, 4, 5) should be dismissed because Plaintiff has failed to plead sufficient facts to establish the essential elements of a *prima facie* claim for unfair competition under the Lanham Act. The elements of an unfair competition claim under the Lanham Act are as follows: (1) a false or misleading statement of fact; (2) the statement actually deceived or is likely to deceive a substantial segment of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the defendant caused the statement to enter into interstate commerce; and (5) the statement resulted in actual or probable injury to plaintiff. *See* 15 U.S.C. § 1125(a).

Plaintiff's allegations against Valparaiso and President Heckler, discussed in detail in Section I above, in no way rise to sufficiently pleading facts to allege unfair competition under the Lanham Act. Plaintiff does not allege any false or misleading statement(s) of fact by Valparaiso or President Heckler that entered interstate commerce. Nor does the Complaint allege that any such statement was material and deceived its intended audience. Moreover, Plaintiff offers no allegations regarding the manner in which such a statement resulted in injury to Plaintiff.

5

Even assuming, *arguendo*, that Valparaiso made some misstatement, Plaintiff has not and cannot allege that any of those statements resulted in injury to Plaintiff. Plaintiff's only attempt at bringing an unfair competition claim is to connect Valparaiso Law School graduates involved in alleged misconduct with Plaintiff – not even graduates from the time period during which the censure was administered – to their law school education. Furthermore, none of the allegations in Plaintiff's unfair competition claims (Counts 2, 3, 4, 5) even mention Valparaiso University or President Heckler. Therefore, this Court should dismiss Plaintiff's unfair competition claims against Valparaiso University and President Heckler.

### III. Plaintiff's Civil Rights Claims Against Valparaiso and President Heckler Should be Dismissed Because Plaintiff Fails to Plead Sufficient Facts to State a Claim.

Plaintiff's civil rights claims (Counts 4 and 6) should be dismissed. Plaintiff has not even alleged which civil rights law or laws he believes any of the Defendants, including Valparaiso and President Heckler, violated. There are dozens of different federal civil rights laws to which a federally-funded institution of higher learning like Valparaiso is subject. However, Plaintiff has not alleged which federal civil rights law is ostensibly at issue or how Valparaiso or President Heckler allegedly violated it. As a result, neither Valparaiso nor President Heckler has even minimal notice of how to respond to the allegations. *See Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (granting defendant university's motion to dismiss for failure to supply fair notice of the claims against it).

Moreover, the allegations in Counts 4 and 6 all discuss conduct from the underlying Indiana state court litigation related to Plaintiff and his former employer. Again, Valparaiso and President Heckler were not parties to that litigation nor involved in it in any way. Therefore, this Court should dismiss Plaintiff's civil rights claims against Valparaiso University and President Heckler.

### IV. Plaintiff's Fraud Claim Against Valparaiso and President Heckler Should be Dismissed Because Plaintiff Fails to Plead Sufficient Facts to State a Claim.

Plaintiff's fraud claim (Count 6) should be dismissed because Plaintiff has failed to plead sufficient facts to establish the essential elements of a *prima facie* claim for fraud against Defendants Valparaiso and Heckler. In order to succeed on a fraud claim,

> [A] plaintiff must demonstrate: (1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of.

*Doe v. Howe Military Sch.*, 227 F.3d 981, 990 (7th Cir. 2000) (internal quotations and citations omitted).

As discussed in Section II above, Plaintiff alleges neither any misstatements by Valparaiso or President Heckler nor how Plaintiff relied on those statements to his detriment. The allegations in Count 6 relate to alleged misconduct of graduates of Valparaiso serving as attorneys and/or judges in the underlying Indiana state court litigation related to Plaintiff and his former employer. Valparaiso and President Heckler were not parties nor involved in any way in that previous litigation. Therefore, Plaintiff cannot tie the alleged misconduct in that litigation to Valparaiso or President Heckler. Plaintiff does not and cannot sufficiently plead any allegations that Valparaiso or President Heckler engaged in fraud to survive a motion to dismiss. As a result, this Court should dismiss Plaintiff's fraud claim against Valparaiso University and President Heckler.

### V. Plaintiff's Forgery Claim Against Valparaiso and President Heckler Should be Dismissed Because Plaintiff Fails to Plead Sufficient Facts to State a Claim.

Plaintiff's forgery claim against Valparaiso and President Heckler (Count 6) should be dismissed because Plaintiff has failed to plead sufficient facts to establish the essential elements of a *prima facie* claim for forgery. The Indiana criminal code provides that "[a] person who,

with intent to defraud, makes, utters, or possesses a written instrument in such a manner that it purports to have been made . . . by another person . . . commits forgery, a Class C felony." Ind. Code § 35–43–5–2(b).  "The Indiana Crime Victims Act allows victims of certain crimes, such as forgery, to recover in a civil action the pecuniary loss suffered as a result of the crime." *Rehman v. Anjum*, No. 3:10 CV 220, 2013 WL 3322013, at *3 (N.D. Ind. July 1, 2013) (*citing* Ind. Code § 34–24–3–1).

In this case, Plaintiff has not alleged any act of forgery by Valparaiso or President Heckler, let alone that Plaintiff suffered damages that were proximately caused by such a forgery by Valparaiso or President Heckler.  Count 6, which lists forgery in part, does not have a single allegation even tangentially related to Valparaiso or President Heckler. Therefore, this Court should dismiss Plaintiff's forgery claim against Valparaiso University and President Heckler.

## VI. Plaintiff's Obstruction of Justice Claims Against Valparaiso and President Heckler Should be Dismissed Because Plaintiff Fails to Plead Sufficient Facts to State a Claim.

Plaintiff's obstruction of justice claims (Counts 6 and 7) should be dismissed because Plaintiff has failed to plead sufficient facts to establish the essential elements of a *prima facie* claim for obstruction of justice against Valparaiso of President Heckler.  Obstruction of justice "must be undertaken with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." *Williams v. St. Joseph Hosp.*, 629 F.2d 448, 451 (7th Cir. 1980) (granting defendants motion to dismiss for failure to state a claim for obstruction of justice).

Plaintiff has not alleged any facts that suggest that Valparaiso or President Heckler's intent was to deny Plaintiff's ability to enforce any of his rights to equal protection of the laws.

Counts 6 and 7 do not have a single allegation related to Valparaiso or President Heckler and again only discuss underlying misconduct by other defendants who were involved in a completely unrelated piece of state court litigation in which Valparaiso and President Heckler had no involvement.  As a result, this Court should dismiss Plaintiff's obstruction of justice claims against Valparaiso University and President Heckler.

### VII.   Plaintiff's Due Process Claims Against Valparaiso and President Heckler Should be Dismissed Because Plaintiff Failed to Plead Sufficient Facts to State a Claim.

Plaintiff's due process claims (Counts 6 and 7) should be dismissed because Plaintiff has failed to plead sufficient facts to establish the essential elements of a *prima facie* claim for a due process violation by either Valparaiso or President Heckler.  The Fifth and Fourteenth Amendments of the U.S. Constitution provide for due process in civil and criminal proceedings.  *See* U.S. Const. amends. V and XIV.  Due process encompasses very broad protections involving procedural and substantive protections that must be afforded by governmental entities interacting with citizens.

As a private school that has no relationship to Plaintiff and a private school president who has no relationship to Plaintiff, neither Valparaiso nor President Heckler is required to provide due process to Plaintiff.  By definition, these limitations on government entities that apply to the general public do not apply to private entities with private citizens, who have no relationship with one another.  *See The Civil Rights Cases*, 109 U.S. 3 (1883).  The allegations in Counts 6 and 7 all discuss conduct from the underlying Indiana state court litigation related to Plaintiff and his former employer.  Again, the same litigation that Valparaiso and President Heckler were not parties of nor involved with in any way.  Therefore, this Court should dismiss Plaintiff's due process claims against Valparaiso University and President Heckler.

## **CONCLUSION**

For the reasons set forth herein, Defendants Valparaiso University and President Heckler are entitled to an order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/ John W. Borkowski*
John W. Borkowski
HUSCH BLACKWELL LLP
1251 North Eddy Street Suite 200
South Bend, Indiana 46617
P: 574-239-7010
F: 574-287-3116
john.borkowski@huschblackwell.com

Aleksandra Ostojic Rushing
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
P: 314.480.1500
F: 314.480.1505
aleks.rushing@huschblackwell.com

*Attorneys for Defendant Lutheran University Association d/b/a Valparaiso University and Defendant Mark A. Heckler*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 20th, 2018, the preceding document was filed electronically through the Court's CM/ECF system and served on Plaintiff via U.S. mail and electronic mail as follows:

Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com

                                      *s/ John W. Borkowski*