USDC IN/ND case 3:18-cv-00574-JD-APR   document 60   filed 09/24/18   page 1 of 13

*FILED*
SEP 24 2018
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Aaron Coates** <br> *Plaintiff* <br><br> v. <br><br> **Valeo Financial Advisors, LLC, et. al.,** <br> *Defendants* | No.: 3:18-cv-000574-JD-APR <br><br> JUDGE JON E. DEGUILIO <br><br> MAGISTRATE JUDGE ANDREW P. RODOVICH |

## PLAINTIFF'S BRIEF IN SUPPORT OF SUBPOENA OF EVIDENCE AND EVIDENTIARY HEARING

Plaintiff, Aaron Coates, in support of his Motion for Subpoena of Evidence to Mr. Dorelli, and Motion for Evidentiary hearing regarding the facts of Mr. Dorelli's claim of "inadvertent clerical error" asserting excusable neglect requesting the Court deny Plaintiff's Application for Default Judgment and award Dorelli's client, Hoover, Hull, Turner, LLP ("HHT") an extension of time to respond, Plaintiff states as follows:

### STATEMENT OF FACTS

1. *HHT is a law firm, and is a named Defendant in this lawsuit by Coates.* HHT has appeared numerous times before this Court, as well as the *Seventh Circuit* primarily representing large organizations in civil matters with millions of dollars at stake. Upon information and belief, no HHT attorney has ever been sanctioned by any Indiana Federal Court, or the *Seventh Circuit.* Experienced partners of HHT

are believed to be well acquainted with the rules of this Court, including time to respond. HHT was properly served Complaint and Summons on August 8, 2018.

2. Proof of service by signed return receipt was filed with the Clerk on August 20, 2018, where Clerk entered in the docket "Hoover, Hull, Turner LLP served on 8/8/2018, answer due 8/29/2018."

3. On August 22, 2018, Michael A. Dorelli, a partner of HHT, filed appearance on behalf of **fourteen (14)** Defendants including HHT, with "Hoover Hull Turner LLP" listed first [Dkt. 17]. File metadata shows that HHT user "rmiller" created the PDF document on "Wednesday, August 22, 2018 4:08:42". This file listed all parties, including HHT. The PDF file was generated from a document "Microsoft Word - 970401_1", the number likely an internal HHT index number. "970401" is stamped on page two (2) following Certificate of Service.

4. On August 22, 2018, David J. Hensel, a partner of HHT, filed appearance on behalf of the same **fourteen (14)** Defendants with "Hoover Hull Turner LLP" listed first [Dkt. 19]. File metadata shows that HHT user "rmiller" created the PDF document on "Wednesday, August 22, 2018 4:09:18", less than a minute after this user created Dorelli's appearance noted in ¶4 above. This file listed all parties, including HHT. The PDF file was generated from a document "Microsoft Word - 970403_1", the number likely an internal HHT index number. "970403" is stamped on page two (2) following Certificate of Service.

5. Commensurate with filing its appearance, Dorelli filed a motion for extension [Dkt. 18] titled as "Defendants' Motion for Initial Extension of Time for Hoover Hull

Turner Defendants to Respond to Complaint" and listing then defining the movants as:

> Defendants, Andrew W. Hull, Kenneth J. Munson, Wayne Turner, Evan D. Carr, Susanne (Heckler) Johnson, Fortuna Gipson, Melodie M. Alexander, Michael J. Blinn, Camie J. Swanson Hull, Valeo Financial Advisors, LLC, John T. Wortman, John C. Trott, and Gregory A. Fulk (collectively, the "HHT and Valeo Defendants")

6. HHT was not named as a movant. The Motion states (¶4), "The undersigned counsel represents **thirteen (13)** separate parties in this case...", when Dorelli and Hensel had both filed appearance for fourteen (14) parties. The format of the named parties exactly matches both appearance filings, use or exclusion of middle initial, use of parentheses for maiden name, and exclusion of customary hyphen in joined last name, and are listed in the same order. The only difference is that "Hoover, Hull, Turner, LLP" is listed first in both appearances but is **excluded** from the Motion for Extension. File metadata shows that HHT user "rmiller" also created this PDF document on "Wednesday, August 22, 2018 4:10:45". The PDF file was generated from a document "Microsoft Word - 970603_1", the number likely an internal HHT index number. "970603" is stamped on page three (3) following Certificate of Service.

7. On August 28, 2018, Coates filed his Objection to Defendants' Collective Motion for Extension of Time [Dkt. 31]. Plaintiff did not list Defendant Hoover, Hull, Turner, LLP as HHT was not named as a movant in Dorelli's Motion. In Coates' Objection, he refuted Dorelli's claim of acting to the level of due diligence in requesting agreement by Coates for an extension. Coates supported claim with specific facts that 1) Dorelli did not attempt to call, 2) he used an email address that

other HHT attorneys knew was not active, and 3) he waited less than 8 hours for a reply email before filing the request for extension. Coates then argued that Dorelli's claim of due diligence "is clearly misleading to the Court." (¶3)

8. Coates concluded his Objection to Defendants' Motion for Extension [Dkt. 31]:

> Considering the claims in Complaint of clear and continual denials of due process, at least partially instigated by certain Movants here, in furtherance of their client's crimes, counsel's failure of process and misleading statement should be denied. Experience suggests that awarding the Motion without any caution, will lead to attempts at even more egregious procedural actions. Again by history, that may place this Court in a jeopardizing position—a point most other parties, including the Court, may be more informed of that the Plaintiff.

9. On August 30, 2018, Dorelli after reviewing Coates' objecting, contacted Plaintiff by phone. Following that conversation, Dorelli filed a Supplement to the Motion for Extension [Dkt. 38]. This supplemental filing again **did not include** Hoover, Hull, Turner, LLP as a named movant. Dorelli also did not respond to Coates' facts supporting his argument that Dorelli misled the Court.

10. On September 5, 2018, Plaintiff filed Application for Entry of Default Judgment [Dkt. 41] against Defendant pursuant to Rule 55(b)(2).

11. On September 5, 2018, HHT filed its Response [Dkt. 47] stating:

> "Through inadvertent clerical error, the actual law firm, HHT, was not identified in the opening paragraph or the prayer for relief in the Motion for Initial Extension. Of course, the 'HHT Defendants' was intended to include HHT." (¶2)

12. Later in response, Dorelli's statements appear as an attempt to lead the Court to believe that Plaintiff agreed during a phone conversation, to extension for all Defendants represented by HHT, including HHT, during a phone conversation (¶¶3-5). By a clear reading Dorelli does not specifically state that Plaintiff agreed to extension for HHT along with parties listed in Dorelli's original request for

4

extension. And in fact, no agreement by Plaintiff was given to add HHT to the extension motion, nor was an extension for HHT ever discussed during the phone call or at any other time.

13. Dorelli's response on behalf of HHT provides absolutely no support for its claim of "inadvertent clerical error." No sworn affidavit is provided by the person or persons involved in the error. Facing the significance of a default motion, Dorelli, in a short two-page response, does not even provide to the Court any evidence, or even the most general circumstances around the error. No parties involved are identified, no facts as to how the errors happened, not even an apology for the difficult position this has put the Court in or the added burden to Coates now making his third response in as many wanting filings from Dorelli. Dorelli's response closes with a clear presumption that the Court will rule for HHT—almost as if Dorelli has reason to expect a favorable ruling without any need to provide facts to support his claim—true or not, this amount of cavalier presumption to the authority of the Court is shameful.

14. Mr. Dorelli and Mr. Hensel as co-counsel, are both partners of Hoover, Hull, Turner, LLP, one of the Defendants they filed an appearance on behalf of, and therefore have a direct personal financial interest in HHT's outcome in this lawsuit. As of the last regulatory filing by Valeo Financial Advisors, LLC, the only other entity they represent, neither has a financial interest. Upon information and belief neither has a financial interest, or close personal relationship to any other party Dorelli and Hensel represent.

15. Plaintiff has no knowledge of agreements and / or disclosures between Dorelli and Hensel and Defendants they represent in this matter.

## STANDARD

16. N.D. Ind. L.R. 83-5(e) states:

> "**Standards.** Indiana's Rules of Professional Conduct and the *Seventh Circuit Standards of Professional Conduct* (an appendix to these rules) govern the conduct of those practicing in the court."

17. Ind. Pr. Conduct Rule 1.7(a) prohibits representation of a client if it involves a concurrent conflict of interest, unless the lawyer complies with ¶(b) which mandates:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

18. Plaintiff agrees with Defendant's argument that "excusable neglect" is the applicable standard for the Court to deny Plaintiff's Application for Default Judgment following Defendant, HHT's failure to responsively plead. Specifically, Dorelli argues the "excusable neglect" standard resulted from "inadvertent clerical error." HHT's Response [Dkt. 47] states, "The above-described clerical error constitutes **excusable neglect**..." ¶6.

19. The question before this Court then in ruling on Plaintiff's Application for Default Judgment, is whether actions by partners of Hoover, Hull, Turner, LLP,

while representing HHT and other clients with no self-interest, having failed to include HHT in two separate filings for extension were 1) inadvertent and 2) in error. If they were not, then Default Judgement must be awarded to Plaintiff.

20. In facing this claim, counsel for HHT may prefer to broaden its options away from being error, but still excusable even if intentional. This would reduce the risk of professional sanctions if intent is later proven, while allowing HHT's claim to move forward. Moreover, it allows for more confusion of facts and arguments and more burdensome hearings. If proven to be intentional, Dorelli would simply need to argue that the neglect was a result of issues under the purview of JLAP, maybe the erring party has emotional issues, or a chemical addiction. We all know that JLAP claims are one option attorney Defendants are reserving to avoid more serious professional discipline. Maybe Dorelli and HHT aligned parties were hoping to wait longer before moving this direction to avoid risk of professional sanction and excuse otherwise criminal activity. Even so, it is a big assumption with a pro se party not beholden to a disciplinary commission, but only libel or slander laws.

## ARGUMENT

21. As noted above (¶12) Dorelli has a material personal interest in one specific client that he represents here, Hoover, Hull, Turner, LLP where he is a partner and attorney. The same is true for his co-counsel, Mr. Hensel.

22. Believing Dorelli's unsupported claim that "inadvertent clerical error" was responsible for omitting the one defendant where Dorelli has a material personal interest is a stretch. Then to consider the weight of Plaintiff's claim in this matter

asserting numerous parties within HHT knowingly colluded, and used their work product in furtherance of a client's crime. But making sure HHT's right to defend itself was akin to forgetting to add postage to an envelope, two times. This takes imagination, and is what Dorelli is so glibly asking this Court to accept without any evidence—truly extraordinary. This would be the most inexcusable case of excusable neglect of all time. HHT, a firm that claims unmatched litigation expertise in its area, failing to include itself on a filing and risking default judgment? I am sure failure to properly defend itself inducing its own jeopardy by such clear neglect opening itself to this material risk by such a failure must have considered serious consequences for the offending parties. If such an error happened to another client, where missing a deadline led to a default judgment, the potential damages could be enormous, especially given the substantial matters HHT is most often involved in. Certainly HHT has within the evidence of this material failure that should never be repeated, an employee review, or even cause for termination that can be provided.

23. A second possible explanation, that would be less of a stretch is to believe that HHT has just one subpar professional—that Dorelli is materially incompetent. He missed the omission of the one client he has a personal financial interest in, over two filings, as well as in a responsive filing by Plaintiff excluding HHT. At this most elementary stage of procedural filings with filings of not more than a few pages, he was more than once incapable of performing to a reasonable standard on behalf of his client. Because Mr. Dorelli signed the filings, he had a responsibility to check for

errors by professional conduct rules on diligence. The repeated error calls into question Dorelli's ability to represent clients which he has even less personal motivation to properly defend without future material failures, especially once his clients begin to differentiate as amounts of responsibility, involvement or knowledge of various events divide in places and join in others. But certainly other HHT partners would be aware of Dorelli's incompetence. If so, why would they choose him to defend them when their careers or even worse may be at risk?

24. The only logical remaining explanation for this failure given the absence of evidence is that it was not a failure at all. It was fully intentional. Dorelli then specifically acted with full self-interest, to the hoped benefit of HHT, and in direct conflict to the interest of all other clients. If Coates, a feeble little pro se, fails to realize for six (6) months that he has not moved forward with litigation against HHT, Dorelli could request dismissal for failure to prosecute, and it seems to expect friendly consideration from this Court. Certainly a long shot, and suggests a failure to grasp the energy and attention Coates commits to this on a daily basis.

25. The odd heading of both motions to include Hoover Hull, but not Valeo, and not naming HHT as a movant, but defining movants and "HHT and Valeo Defendants" almost hints that Dorelli is attempting to leave both doors open.

26. If the third reason (¶23) is the real explanation, by employing a different and potentially more beneficial strategy for HHT, while using the other thirteen (13) clients to provide cover, Dorelli has 1) egregiously violated numerous professional conduct rules, 2) opened himself up to liability from all clients besides HHT, and 3)

put himself in a position where Coates is compelled to attach Dorelli as a Defendant to the lawsuit for the very same reason other HHT lawyers are named. Dorelli's actions which may be partially illegal (perjury by false statements to the Court) to further his client (HHT's) crimes, that were committed in furtherance of Valeo's crimes... and the majority of Americans trust Courts. I will be surprised if that lasts.

27. Let's be honest, you are all well acquainted with HHT's games. If they are being allowed, then this is not a litigation of the truth of this matter, but whether Coates can shut down every possible procedural avenue of escape that will be thrown at him so long as there is even a small justification for the Court to rule in favor of Defendants. If that's the plan, it would be worthwhile to consider Coates' options after that. Coates is not bound by professional conduct, nor is there any fear of losing his legal license. Appeals just provide more attention, including the ability to appeal directly to the court of public opinion.

## Conclusion

For all the stated and only plausible explanations that consider facts offered above, the Court must, to fulfill its duty to ensuring justice, 1) subpoena evidence and facts from Hoover, Hull, Turner, LLP and Dorelli, then 2) hold a hearing to determine the truth of why Hoover, Hull, Turner, LLP was omitted from Dorelli's Motion for Extension of Time. Further, given the clear and most likely explanation that results in the most serious of prejudice against Dorelli's other clients, all proceedings in the matter must be stayed until a full determination is made and if

appropriate, those parties must be allowed the opportunity to seek new representation before filing a responsive pleading.

WHEREFORE, Plaintiff respectfully requests that this Court subpoena all evidence pertaining to Michael Dorelli's claim of "inadvertent clerical error" in omitting Hoover, Hull, Turner, LLP from his Motion to Extend Time, and following supplement, and then to hold an evidentiary hearing for the Court to rule on the truth of Mr. Dorelli's claim and for all other relief that is just and proper.

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ September 24, 2018

## CERTIFICATE OF SERVICE

A true and correct copy of Plaintiff's Motions, Proposed Orders, and this Brief in support is being hand delivered to the Court for filing and thereafter will be served upon all Defendants in accordance with the Federal Rules of Civil Procedure.

Valeo Financial Advisors, LLC
Hoover, Hull, Turner, LLP
John T. Wortman, John C. Trott
Gregory A. Fulk, Andrew W. Hull
Kenneth J. Munson, Wayne Turner
Michael J. Blinn, Evan D. Carr
Susanne (Heckler) Johnson, Fortuna Gipson
Melodie M. Alexander, Camie Swanson-Hull
**Hoover, Hull, Turner, LLP**
Michael A. Dorelli
111 Monument Circle #4400
Indianapolis, IN 46204

Gibson Insurance
**Barrett McNagny, LLP**
Kevin K. Fitzharris
215 East Berry St.
Fort Wayne, IN 46802

Fidelity Institutional
**Taft Stettinius & Hollister LLP**
Michael L. Meyer, Esq.
425 Walnut St., Suite 1800
Cincinnati, OH 45202

Valparaiso University
Mark Heckler
**Husch Blackwell LLP**
Aleksandra Rushing
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3433

Clerk of the Indiana Appellate and Supreme Court
Court of Appeals of Indiana, Judge Michael P. Barnes
Sara C. Blainbridge, Judge Elaine B. Brown
Michelle Chuta, Larron Golden
Marion County Prosecutor, Marion County Superior Court
Judge Paul D. Mathias, Judge Edward W. Najam, Jr.
Commissioner David L. Ober, Greg Pachmayr
Judge Heather A. Welch, Judge Mary G. Willis
Judge Nancy H. Vaidik
**Office of Attorney General Curtis Hill**
c/o Kelly Cochran and Joshua Lowry
302 W. Washington St., IGCS-5th Floor
Indianapolis, IN 46204

Marion County Clerk of Court
**Office of Corporation Counsel**
Grant E. Helms
200 E. Washington St., Suite 1601
Indianapolis, IN 46204

Pamela K. Koehler
**Kightlinger & Gray, LLP**
Louis J. Britton
One Indiana Square, Suite 300
211 North Pennsylvania St.
Indianapolis, IN 46204

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ September 24, 2018

13