IN THE
INDIANA COURT OF APPEALS

Cause No. 49A04-1710-PL-02464

| | |
|---|---|
| AARON COATES, | |
| Appellant, (Defendant below) | Appeal from the Marion County Superior Court |
| v. | Trial Court Cause No. 49D01-1505-PL-015418 Hon. Heather Welch, Judge |
| VALEO FINANCIAL ADVISORS, LLC, | |
| Appellee, (Plaintiff below). | |

### APPELLEE'S MOTION TO TAX AND ASSESS COSTS TO APPELLANT

Appellee, Valeo Financial Advisors, LLC ("Valeo"), by counsel, pursuant to Appellate Rule 67, respectfully moves this court to tax and assess the costs of this appeal—specifically Valeo's appellate attorney fees—to Appellant, Aaron Coates ("Coates"). In support of this Motion, Valeo states as follows:

1. On March 26, 2018, this Court issued its memorandum decision affirming in whole the trial court's entry of summary judgment in Valeo's favor.

2. Indiana Rule of Appellate Procedure 67(C) provides that "[w]hen a judgment or order is affirmed in whole, the appellee shall recover costs."

3. Valeo's attorneys' fees incurred during the appeal should be awarded as such "costs" pursuant to Coates's Employment Agreement. The Appellate Rules provide that the Court, in its discretion, may award additional costs, fees, and

**EXHIBIT 2**

expenses as permitted by law, including attorneys' fees. Ind. R. App. 67(B); *Commercial Coin Laundry Systems v. Enneking*, 766 N.E.2d 433, 442 (Ind. Ct. App. 2002) ("'Costs'" include the filing fee, the cost of preparing the Record on Appeal, postage, and 'additional items as permitted by law.' This includes attorney's fees.").

4. "When a contract provision provides that attorney fees are recoverable, appellate attorney fees may also be awarded." *Humphries v. Ables*, 789 N.E.2d 1025, 1036 (Ind. Ct. App. 2003). In *Humphries*, the trial court's judgment in favor of appellees on their breach of contract action was affirmed. *Id.* The attorney-fee provision in that contract stated that appellees were entitled to collect for "reasonable attorney fees incurred by [appellees] in enforcing any right" under the contract. *Id.* Based on that language, the court held that appellate attorney fees may be awarded, and remanded to the trial court for a determination of reasonable appellate attorney fees to be recovered by appellees. *Id.*

5. Here, Coates's Employment Agreement with Valeo similarly states that Valeo "shall be entitled to recover from [Coates] all litigation costs and attorneys' fees incurred by [Valeo] in any action or proceeding relating to this Agreement, including, but not limited to, any action or proceeding in which [Valeo] seeks enforcement of this Agreement or seeks relief from [Coates's] violation of this Agreement." *See* Appellant's App., Vol. 1, pp. 109, 141. Accordingly, this matter should be remanded with instruction to the trial court to determine the amount of appellate attorney fees to be awarded to Valeo.

2

6. This Motion has been filed within 60 days after the final decision of the Court of Appeals in this matter.

WHEREFORE, Appellee, Valeo Financial Advisors, LLC, by counsel, requests the Court tax and assess the costs of this appeal—namely, Valeo's appellate attorney fees—against Appellant, Aaron Coates, and remand this matter to the trial court for a determination of the amount of appellate attorney fees to be awarded to Valeo.

Respectfully submitted,

*/s/ Andrew W. Hull*
Andrew W. Hull (11218-49)
Evan D. Carr (33977-49)
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234
Email: awhull@hooverhullturner.com
ecarr@hooverhullturner.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document using the Indiana E-filing System (IEFS) and that the foregoing document was served upon the following persons via IEFS on May 24, 2018:

>Christopher J. Spataro
>Elizabeth A. Klesmith
>TUELSEY HALL KONOPA, LLP
>212 E. LaSalle Ave., Suite 100
>South Bend, IN 46617
>espataro@thklaw.com
>eklesmith@thklaw.com

>>/s/ Andrew W. Hull

943332v1

The Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court, does hereby certify that the foregoing is a full, true, complete and correct copy of the Appellee's Motion to Tax _____, from cause number 49A04-1710-PL-2464 as the same appears upon the official records of the Supreme Court, Court of Appeals, or Tax Court, and in my custody as Clerk. In testimony whereof I have subscribed my name and affixed the seal of the court this 26 day of Sept, 2018.
Clerk of the Courts by _____
Title: Records Department Assistant