Aaron Coates
18709 Taft Court
Goshen, IN 46528

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D10 15 05 PL 015418 |

| | |
|---|---|
| VALEO FINANCIAL ADVISORS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AARON COATES, ) | **ANSWER** |
| ) | |
| Defendant. ) | |

In response to Plaintiff's Complaint, Defendant responds as follows:

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted. Defendant Aaron Coates resides in Elkhart County, Indiana, at 18709 Taft Court, Goshen.

3. Paragraph 3 is admitted. Although Plaintiff fails to cite specific transactions (see response to Paragraph 7), Defendant admits that all transactions between Plaintiff and Defendant took place in the State of Indiana.

4. Defendant is without sufficient knowledge to admit or deny Paragraph 4, but does admit that Defendant is a resident of the State of Indiana, and that activities between Plaintiff and Defendant took place in the State of Indiana. Regarding the authority of the Employment Agreement, and any consent therein, see response to Paragraph 6.

5. Defendant is without sufficient knowledge to admit or deny Paragraph 5. Regarding the authority of the Employment Agreement, see response to Paragraph 6. If the Employment Agreement were found to be applicable, "filed exclusively in the courts of the State of Indiana…" does not

Answer - 1

**EXHIBIT 5**

specify the venue of Marion County. As a specific venue is noted for the United States District Court, that being Indianapolis, it is reasonable that Defendant would have agreed to waive objections to venue regarding this Court with the express understanding that the laws of the State of Indiana, specifically Indiana Trial Court Rule 75, would govern any proceeding.

6. Paragraph 6 is denied. Plaintiff has not demonstrated under IC 22-2-15-3 that work performed by the Defendant for the Plaintiff met the definition of "employee." If Defendant's work did meet the definition of "employee" of Plaintiff, then Plaintiff's compensation to Defendant for work performed would have violated IC 22-2-5 (paid monthly), IC 22-2-8 (fined for not achieving certain benchmarks), and possibly IC 22-2-2-4 (overtime). Consequently, the Employment Agreement would be void (IC 22-2-5-1(a)), Plaintiff would have committed a Class C infraction, and Defendant would be entitled to damages as well as the $3,849.21 of compensation that Plaintiff continues to withhold under the Agreement against Plaintiff's claim.

7. Defendant is without sufficient knowledge to admit or deny Paragraph 7. Plaintiff fails to cite which clients are the subject of this Complaint for Defendant to properly respond to claims for each. In deference to the Court's desire for a just, speedy, and inexpensive determination of this action, Defendant will attempt to respond regarding those clients Defendant reasonably believes to be the subject of Complaint. For those clients, Plaintiff did not provide Defendant with more than incidental or automated marketing or administrative support. Defendant knew each client personally prior to Defendant's relationship with Plaintiff. Defendant was almost exclusively responsible for collecting client information, preparing and processing applications and paperwork, proposing, implementing, and monitoring investments, correspondence, preparing for, scheduling, running, and follow up for meetings, preparing, presenting, implementing, and monitoring all financial planning related items, and creating and entering invoices. None of these clients have ever had meaningful conversations with or met any representative of Plaintiff, or sought or received advice regarding finances or investments from any current representative of Plaintiff. None of these clients lives near, or has ever visited an office of Plaintiff. All are residents of Elkhart County, Indiana, St. Joseph

County, Indiana, or Lagrange County, Indiana. "Proprietary financial products" of Plaintiff did not apply to these clients based on regulatory restrictions and / or investor suitability. Plaintiff did not provide more than incidental research from sources legally licensed for use by Defendant in serving these clients.

8. Paragraph 8 is denied. Paragraph 16(f) of the Employment Agreement states,

> This Agreement, **including its exhibits and the Compensation Agreement** referenced in Section 3 above, is a complete and total integration of the negotiations, commitments, agreements, writings and discussions with respect to the subject matter hereof, and all prior negotiations, commitments, agreements, writings and discussions will have no force or effect. This Agreement may not be modified, amended or waived in any manner except by an instrument in writing signed by both parties to this Agreement. [*emphasis mine*]

Defendant admits that Defendant reasonably believed an "Agreement" (as defined above) would govern an "employee" relationship as defined by IC 22-2-15-3. Plaintiff did not include with the Complaint a copy of the original signed Compensation Agreement, and consequently did not provide a complete executed Agreement (as noted above) that is the subject of this Complaint.

9. Defendant is without sufficient knowledge to admit or deny Paragraph 9.

10. Defendant is without sufficient knowledge to admit or deny Paragraph 10. The Employment Agreement states that clients engaged by Defendant prior to March 31, 2010 were exempted from the listed prohibitions. (see Paragraph 12 of the Employment Agreement).

11. Paragraph 11 is denied. The Employment Agreement states:

> In the event of Employee's **termination of employment** with the Company, Employee may remove certain Employee Lead Service Clients from the Restrictive Covenants. To remove an Employee Lead Service Client from the Restrictive Covenants, Employee must pay a "removal fee" to the Company calculated as of the effective date of Employee's termination in accordance with the following provisions:" [*emphasis mine*]

12. Defendant is without sufficient knowledge to admit or deny Paragraph 12.

13. Defendant is without sufficient knowledge to admit or deny Paragraph 13.

14. Defendant is without sufficient knowledge to admit or deny Paragraph 14.

Answer - 3

15. Paragraph 15 is denied. Defendant terminated relationship with Plaintiff on December 8, 2014. At request of Plaintiff, Defendant proposed his "ideal job" for Plaintiff to consider. Plaintiff and Defendant did not reach agreement.

16. Defendant is without sufficient knowledge to admit or deny Paragraph 16.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied. The "Quarterly Practice Review" (QPR) for the quarter ending September 30, 2014, was transmitted to Defendant on January 9, 2015 and Defendant sent an email response on January 10, 2015 that stated "Looks right to me."

20. Defendant reasserts and realleges responses to all preceding paragraphs as if fully set forth herein. No additional answer is required for Paragraph 20.

21. Paragraph 21 is denied.

22. Defendant reasserts and realleges responses to all preceding paragraphs as if fully set forth herein. No additional answer is required for Paragraph 22.

23. Defendant reasserts and realleges responses to all preceding paragraphs as if fully set forth herein. No additional answer is required for Paragraph 23.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Defendant reasserts and realleges responses to all preceding paragraphs as if fully set forth herein. No additional answer is required for Paragraph 29.

30. Paragraph 30 is denied.

31. Defendant is without sufficient knowledge to admit or deny Paragraph 31.

32. Defendant is without sufficient knowledge to admit or deny Paragraph 32.

33. Defendant is without sufficient knowledge to admit or deny Paragraph 33.

34. Defendant reasserts and realleges responses to all preceding paragraphs as if fully set forth herein. No additional answer is required for Paragraph 34.

35. Defendant reasserts and realleges responses to all preceding paragraphs as if fully set forth herein. No additional answer is required for Paragraph 35.

36. Paragraph 36 is denied.

37. Defendant is without sufficient knowledge to admit or deny Paragraph 37.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied. Defendant reasserts and realleges responses to all preceding paragraphs as if fully set forth herein. No additional answer is required for Paragraph 39.

40. Defendant reasserts and realleges responses to all preceding paragraphs as if fully set forth herein. No additional answer is required for Paragraph 40.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Defendant is without sufficient knowledge to admit or deny Paragraph 44 regarding employment (see response to Paragraph 6), but for the period Defendant had a relationship with Plaintiff, it is common knowledge that financial advisors are frequently required to make use of confidential account and contact information to serve clients.

45. Paragraph 45 is denied. Defendant reasserts and realleges responses to all preceding paragraphs as if fully set forth herein.

## AFFIRMATIVE DEFENSES

1. In violation of Indiana Trial Court Rule 9.2, Plaintiff failed to include a complete copy of the original signed Agreement (see response to Paragraph 8).

2. Plaintiff claims in Complaint and Defendant agrees in Answer that the laws of the State of Indiana have jurisdiction over the Plaintiff's Complaint, and the entire relationship between Plaintiff and Defendant.

3. The Agreement is predicated on the Defendant being an "employee" of Plaintiff. (See Paragraph 1 of the Employment Agreement).

4. Plaintiff has failed to demonstrate under the laws of the State of Indiana (specifically IC 22-2-15-3) that Defendant met the definition of "employee," and is therefore subject to the terms of the Agreement.

5. Plaintiff has, in 10 years of existence, grown to be the second largest advisory firm in Indiana. December 31, 2014 regulatory filings show that 24 investment advisor representatives, all located in Indianapolis, managed $1,721,945,148, an increase of over $250,000,000 for the year of 2014. Defendant was responsible for less than $35 million of assets, much of which Defendant believes is still managed by Plaintiff.

6. Plaintiff has failed in Complaint to substantiate, quantify, or demonstrate actual harm of either financial or a legitimate business interest caused by Defendant, or that Defendant intended to harm Plaintiff, or that Defendant unfairly or materially benefitted at Plaintiff's expense.

7. Plaintiff has failed to specify which clients are the subject of Complaint, or further demonstrate that those clients are or were legitimate clients of Plaintiff, or that Defendant did solicit those specific clients away from Plaintiff in violation of the Agreement, and how Plaintiff calculated the removal fee.

8. Complaint does not appear to even establish a reasonable construct on which to effectively pursue and substantiate claims.

**Wherefore,** Defendant Aaron Coates respectfully prays that the Court enter relief in the matter as follows:

1. Plaintiff's action be dismissed.

2. Plaintiff's claims be severed.

3. Plaintiff's request for payment of removal fee in the amount of $33,627.75 be denied.

4. Plaintiff's request for contractual pre-judgement interest on the above removal fee, from December 30, 2014 through the date of judgement be denied.

5. Plaintiff's request for reimbursement of attorney fees and other litigation expenses be denied.

6. Plaintiff's request for all other damages be denied.

7. Defendant be awarded such other and further relief as the Court may deem just and equitable on the premises.

Dated this __1st__ day of June, 2015.

I affirm, under the penalties for perjury, that the forgoing representation(s) is (are) true.

Respectfully submitted,

*[signature]*

Aaron S. Coates

Defendant