UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AARON COATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-574-JD-MGG |
| | ) | |
| VALEO FINANCIAL ADVISORS, LLC, | ) | |
| *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>NOTICE OF MOTION TO DISMISS</u>**

A motion to dismiss, served contemporaneously with this Notice, has been filed against your complaint. The motion asks the court to dismiss portions of your case without further proceedings. It says that the court should dismiss your case because there are legal deficiencies in your claims against Hoover Hull Turner LLP, Andrew Hull, Camie Swanson-Hull, Kenneth Munson, Wayne Turner, Michael Blinn, Evan Carr, Susanne Johnson, Fortuna Gipson, and Melodie Alexander (collectively, the "HHT Defendants"). Thus, the motion asks the court to dismiss all the allegations and counts against the HHT Defendants. The HHT Defendants will win if the law and alleged facts demonstrate these legal deficiencies. If you do not agree with the law in the motion, you must submit counter arguments disputing it.

Copies of Federal Rules of Civil Procedure 8, 9, and 12, and N.D. Ind. L.R. 5–4, and N.D. L.R. 7–1 are included below. You should carefully read—and follow—these rules. The outcome of this case may depend on it. But, following the rules does

1

not guarantee that the motion to dismiss will be denied. If you do not follow the rules, you may lose the case against the HHT Defendants.

Before the court rules on the motion to dismiss, you have a right to file a response. If you do not respond, you may lose this case. Per Judge DeGuilio's Order [DE 36], your response must be filed within 14 days after this notice is served. If you need more time to respond, you must file a motion for an extension of time before that deadline. The court may—but is not required to—give you more time.

**Rule 8. General Rules of Pleading**
    (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
        (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
        (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
        (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
    (b) DEFENSES; ADMISSIONS AND DENIALS.
        (1) *In General.* In responding to a pleading, a party must:
            (A) state in short and plain terms its defenses to each claim asserted against it; and
            (B) admit or deny the allegations asserted against it by an opposing party.
        (2) *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.
        (3) *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
        (4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the res.t
        (5) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
        (6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required

and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.
   (c) AFFIRMATIVE DEFENSES.
      (1) *In General*. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:
         - accord and satisfaction;
         - arbitration and award;
         - assumption of risk;
         - contributory negligence;
         - duress;
         - estoppel;
         - failure of consideration;
         - fraud;
         - illegality;
         - injury by fellow servant;
         - laches;
         - license;
         - payment;
         - release;
         - res judicata;
         - statute of frauds;
         - statute of limitations; and
         - waiver.
      (2) *Mistaken Designation*. If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.
   (d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.
      (1) *In General*. Each allegation must be simple, concise, and direct. No technical form is required.
      (2) *Alternative Statements of a Claim or Defense*. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
      (3) *Inconsistent Claims or Defenses*. A party may state as many separate claims or defenses as it has, regardless of consistency.
   (e) CONSTRUING PLEADINGS. Pleadings must be construed so as to do justice.

**Rule 9. Pleading Special Matters**
   (a) CAPACITY OR AUTHORITY TO SUE; LEGAL EXISTENCE.
      (1) *In General*. Except when required to show that the court has jurisdiction, a pleading need not allege:

(A) a party's capacity to sue or be sued;
(B) a party's authority to sue or be sued in a representative capacity; or
(C) the legal existence of an organized association of persons that is made a party.

(2) *Raising Those Issues.* To raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.

(b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

(c) CONDITIONS PRECEDENT. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

(d) OFFICIAL DOCUMENT OR ACT. In pleading an official document or official act, it suffices to allege that the document was legally issued or the act legally done.

(e) JUDGMENT. In pleading a judgment or decision or a domestic or foreign court, a judicial or quasi-judicial tribunal, or a board or officer, it suffices to plead the judgment or decision without showing jurisdiction to render it.

(f) TIME AND PLACE. An allegation of time or place is material when testing the sufficiency of a pleading.

(g) SPECIAL DAMAGES. If an item of special damage is claimed, it must be specifically stated.

(h) ADMIRALTY OR MARITIME CLAIM.

(1) *How Designated.* If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

(2) *Designation for Appeal.* A case that includes an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. §1292(a)(3).

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidated Motions; Waiving Defenses; Pretrial Hearing**

(a) TIME TO SERVE A RESPONSIVE PLEADING

(1) *In General.* Unless another time is specified by this rule of a federal statute, the time for serving a responsive pleading is as follows:
   (A) A defendant must serve an answer:
      (i) within 21 days after being served with the summons and complaint; or
      (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.
   (B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.
   (C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.
(2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.
(3) *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.
(4) *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
   (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or
   (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;

   (5) insufficient service of process;
   (6) failure to state a claim upon which relief can be granted; and
   (7) failure to join a party under RULE 19.
  A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.
(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.
(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.
(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.
(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
   (1) on its own; or
   (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.
(g) JOINING MOTIONS.
   (1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.
   (2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.
(h) WAIVING AND PRESERVING CERTAIN DEFENSES.
   (1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

    (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
    (B) failing to either:
      (i) make it by motion under this rule; or
      (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
  (2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
    (A) in any pleading allowed or ordered under Rule 7(a);
    (B) by a motion under Rule 12(c); or
    (C) at trial.
  (3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.
(i) HEARING BEFORE TRIAL. If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

**N.D. Ind. L.R. 5–4. Format of Papers.**

 **(a) Generally**. Any pleading, motion, brief, affidavit, notice, or proposed order, whether filed electronically or by delivering it to the clerk, must:
  **(1)** be plainly typewritten, printed, or prepared by a clearly legible copying process;
  **(2)** use 8.5" x 11" pages;
  **(3)** have at least 1-inch margins;
  **(4)** use at least 12-point type in the body and at least 10-point type in footnotes;
  **(5)** be double spaced (except for headings, footnotes, and quoted material);
  **(6)** have consecutively numbered pages;
  **(7)** include a title on the first page;
  **(8)** include a separate index identifying and briefly describing each exhibit if there are more than four exhibits; and
  **(9)** except in proposed orders and affidavits, include the filer's name, address, telephone number, fax number (where available), and e-mail address (where available).
 **(b) Manual Filings.**
  **(1)** *Form, Style, and Size of Papers.* Papers delivered to the clerk for filing must:
    **(A)** be flat, unfolded, and on good-quality, white paper;

      **(B)** not have a cover or a back; and
      **(C)** include the filer's original signature.
   **(2)** ***Rubber-Stamped and Faxed Signatures.*** An original paper with a rubber-stamped or faxed signature is unsigned for purposes of Fed. R. Civ. P. 11 and 26(g).
   **(3)** ***Affidavits.*** Only the affiant need sign an affidavit.
   **(4)** ***Filing with Clerk Required.*** Papers not filed electronically must be filed with the clerk, not a judge.
   **(5)** ***Where to File.*** Papers not filed electronically must be filed in the division where the case is pending, unless:
      **(A)** A person will be prejudiced if the paper is not filed the same day it is tendered; and
      **(B)** It includes an adequately sized envelope addressed to the clerk's office in the division where the case is pending and with adequate postage.
   **(6)** ***Return of File-Stamped Copies.*** A party who wants a file-stamped copy of a paper must include with the filing an additional copy of the paper and a self-addressed envelope with adequate postage.
   **(7)** ***Recycled Paper.*** The court encourages using recycled paper.
   **(8)** ***Form of Notices.*** Parties manually filing a paper that requires the clerk to give other notices, must give the clerk:
      **(A)** sufficient copies of the notice; and
      **(B)** the name and address of each person entitled to receive the notice.
**(c) Forms of Order.** Parties filing a paper that requires the judge or clerk to enter a routine or uncontested order must include a suitable form of order.
**(d) Notice by Publication.** When published notice is required:
   **(1)** the clerk must send the notice to the party originating the notice; and
   **(2)** the party must deliver the notice to the appropriate newspapers for publication.

## N.D. Ind. L.R. 7–1 Motion Practice

**(a) Motions Must Be Filed Separately.** Motions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption.

**(b) Brief Required for Certain Motions.** Parties must file a supporting brief with any motion under:
   **(1)** Fed. R. Civ. P. 12;
   **(2)** Fed. R. Civ. P. 37;
   **(3)** Fed. R. Civ. P. 56; or
   **(4)** Fed. R. Civ. P. 65(b).

**(c) Rule 12 Defenses.** The court will not rule on a defense under Fed. R. Civ. P. 12 until the party who raised it files a motion and brief.

**(d) Response- and Reply-Brief Deadlines.**
  **(1)** *Summary-Judgment Motions.* Summary-judgment motions are subject to the deadlines in N.D. Ind. L.R. 56–1(b) and (c).
  **(2)** *Other Motions.*
    **(A)** *Responses.* A party must file any response brief to a motion within 14 days after the motion is served.
    **(B)** *Replies.* The moving party must file any reply brief within seven days after the response brief is served.
  **(3)** *Extensions.* The court may extend response- and reply-brief deadlines, but only for good cause.
  **(4)** *Summary Rulings.* The court may rule on a motion summarily if an opposing party does not file a response before the deadline.

**(e) Page Limits.**
  **(1)** *Rule.* Supporting and response briefs (excluding tables of contents, tables of authorities, and appendices) ordinarily must not exceed 25 pages. Reply briefs must not exceed 15 pages.
  **(2)** *Exception.* The court may allow a party to file a brief exceeding these page limits for extraordinary and compelling reasons. But if the court permits a brief to exceed 25 pages, it must include:
    **(A)** a table of contents with page references;
    **(B)** an issue statement; and
    **(C)** a table of authorities including:
      **(i)** all cases (alphabetically arranged), statutes, and other authorities cited in the brief; and
      **(ii)** references to where the authorities appear in the brief.

**(f) Authority Not Available Electronically.** A copy of any decision, statute, or regulation cited in a motion or brief must be attached to the paper if—and only if—it is not available on Westlaw or Lexis. But if a copy of a decision, statute, or regulation is only available electronically, a party must provide it to the court or another party upon request.

Respectfully submitted,

*/s/ Michael A. Dorelli*

David J. Hensel (15455-49)
dhensel@hooverhullturner.com
Michael A. Dorelli (20862-49)
mdorelli@hooverhullturner.com

HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN, 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234

*Counsel for HHT Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the Plaintiff and all registered participants as identified on the Notice of Electronic Filing (NEF) on September 26, 2018.

                */s/ Michael A. Dorelli*