UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 3:18 CV 574 |
| v. ) | |
| ) | |
| VALEO FINANCIAL ADVISORS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GIBSON INSURANCE AGENCY, INC.'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Plaintiff Aaron Coates ("Coates" or "Plaintiff") filed a 51-page Complaint that alleges causes of action for RICO, Unfair Competition, Unfair Competition-Civil Rights, Due Process, Civil Rights, Fraud, Forgery, and Obstruction of Justice. The Complaint generally is based upon Plaintiff's former employment relationship with Defendant Valeo Financial Advisors, LLC ("Valeo"), Valeo's compensation of financial advisors, Plaintiff's resignation from Valeo, and subsequent litigation between Plaintiff and Valeo in the Marion Superior Court.

The Plaintiff has one count against Defendant Gibson Insurance Agency, Inc. ("Gibson") found on the bottom of page 32 and the top of page 33 of the Complaint. The Plaintiff alleges that Gibson received information from him, without disclosing Gibson's relationship with Valeo, and that the information was somehow passed along by Gibson to Valeo to the detriment of Plaintiff and constitutes unfair competition. For the reasons below, the Plaintiff's Complaint fails to state a claim upon which relief may be granted as to Gibson and the claims against Gibson must be dismissed.

1

2142893

## STATEMENT OF FACTS

The Plaintiff has made the following allegations against Gibson. Although Gibson vigorously disputes the veracity of these claims, they will be considered true solely for purposes of Gibson's Motion to Dismiss:

> 186. At various key times prior to and during Valeo's lawsuit, representatives of Gibson Insurance, Inc. reached out to Coates inviting him to have lunch or coffee. In each meeting the conversation was directed towards Coates' business and/or the lawsuit with Valeo with the intent to provide this information to Valeo, and without disclosing this fact.
>
> 187. Starting in 2014, Valeo began leveraging its broad geographic base of wealthy clients, and relationships with other professionals to refer growing numbers of potential customers to Gibson that resulted in new business and expanding geographic reach.
>
> 188. On information and belief, the partnership between Valeo and Gibson expanded in 2015, and several Valeo executives switched their personal insurance to Gibson.
>
> 189. On information and belief, and the timing of Gibson's attempts to arrange meetings with Coates in relation to other events, Valeo induced Gibson, leveraging its resources to further benefit Gibson in return for attempting to fraudulently acquire information from Coates that Valeo would then use for unfair competition and Hull would use to further deny Coates due process and violate his civil rights.
>
> 190. To the extent that Valeo referred clients to which Valeo owes a fiduciary duty as an understood or expressed quid pro quo for information from Coates that Valeo would use in furtherance of its crime, Valeo clearly breached that fiduciary duty.

(Complaint ¶¶ 186-90).

## ARGUMENT

### A. MOTION TO DISMISS STANDARDS

This Court is familiar with the standard of review governing a Motion to Dismiss pursuant to Rule 12(b)(6):

> A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded

2

allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).
>
> *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly* at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. Determining whether a complaint states a plausible claim for relief requires a reviewing court to "draw on its judicial experience and common sense." *Id.* at 679.
>
> Plaintiffs can also plead themselves out of court if the allegations clearly establish all the elements of an affirmative defense, including the defense that the action was filed after the statute of limitations period expired. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing exception to the rule that complaints do not have to anticipate affirmative defenses to survive a motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *Tregenza v. Great Am. Comm'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (noting that even though a plaintiff is not required to negate a statute of limitations

3

2142893

affirmative defense in his complaint, "if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

*Patterson v. Comm'r of Soc. Sec.*, No. 1:16-CV-270-TLS, 2017 WL 2461598, at *1–2 (N.D. Ind. June 7, 2017).

## B. THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND MUST BE DISMISSED PURUSANT TO RULE 12(b)(6).

The Plaintiff has one pled one cause of action against Gibson for unfair competition.[1] The Plaintiff claims that Gibson is liable for unfair competition because Gibson invited him to lunch or coffee, that the lawsuit with Valeo was discussed, and that Gibson passed this information along to Valeo. (Complaint ¶¶ 186-87). In exchange, according to Plaintiff, Valeo referred clients to Gibson and Valeo executives used Gibson for their personal insurance needs. (Complaint ¶ 188). Plaintiff further asserts the information that was "fraudulently" acquired would be used by Valeo for "unfair competition" and by attorney Hull to "further deny Coates due process and violate his civil rights." (Complaint ¶ 189). Finally, Plaintiff claims that Valeo had a fiduciary duty to its clients and to the extent that it referred clients as a reward to Gibson, it breached its fiduciary duty to those clients. (Complaint ¶ 190). For the

---

[1] In Paragraph 158 of the Complaint, the Plaintiff alleges that each Defendant was an agent or affiliate of every other Defendant and each Defendant was engaged in a conspiracy and acting with the consent, permission, and authorization of the other Defendants. That's not good enough to comply with Rule 8 or 12(b)(6). The Plaintiff cannot make a blanket and unsupported allegation, for example, that Gibson was an affiliate of the Clerk of the Indiana Supreme Court and acting with its permission, or vice versa. *See Smith v. Medical Benefit Administrators Group, Inc.*, 639 F.3d 277, 281 (7th Cir. 2011) ("[S]uppose some of the plaintiff's factual allegations are unrealistic or nonsensical and others not, some contradict others, and some are 'speculative' in the sense of implausible and ungrounded. The district court has to consider all these features . . . en route to deciding whether the complaint has enough substance . . . ."). Thus the Court need not accept those threadbare allegations as true.

4

2142893

reasons below, the Plaintiff has failed to allege any sort of legally cognizable action against Gibson, much less a claim of unfair competition.

Indiana law recognizes that "the goodwill of a business which includes confidential customer information is a protectable interest by contract or against a conspiracy to appropriate it by unlawful acts." *Woodward Ins., Inc. v. White*, 437 N.E.2d 59, 67 (Ind. 1982). The tort of unfair competition is a "subspecies of a class of torts known as tortious interference with business or contractual relations." *Meridian Financial Advisors, Ltd. v. Pence*, 763 F.Supp. 1046, 1064 (S.D. Ind. 2011). Indiana law recognizes two formulations for such a claim:

> There are two formulations for the unfair competition tort under Indiana law, the Woodward Insurance formulation, and the Felsher formulation, *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 598 (Ind. 2001). *Meridian Fin. Advisors, Ltd.*, 763 F. Supp. 2d at 1064.
>
> "Under Woodward Insurance, a claim for unfair competition may be brought when the employee uses 'trade secrets or other confidential information acquired in the course of [her] employment for [her] benefit or that of a competitor in a manner which is detrimental to [her] former employer.' " *Id.* (quoting *Woodward Ins.*, 437 N.E.2d at 67). Under *Felsher*, "a cause of action for unfair competition arises when there is 'any conduct, the natural and probable tendency and effect of which is to deceive the public so as to pass off goods or business of one person as and for that of another.' " *Id.* (quoting *Felsher*, 755 N.E.2d at 598). The Supreme Court of Indiana in *Felsher* also recognized that "[u]nfair competition does not describe a single course of conduct or a tort with a specific number of elements; it instead describes a general category … [which] is open-ended, and nameless forms of unfair competition may be recognized at any time for the protection of commercial values." 755 N.E.2d at 598.

*Biomet 3I, LLC v. Land*, Case No. 1:16-CV-00125, 2017 WL 1483461 at *11-12 (N.D. Ind. Jan. 10, 2017).[2]

---

[2] The January 10, 2017 Order in *Biomet 3I* was a Report and Recommendation by Magistrate Judge Collins. The Report and Recommendation was adopted in its entirety by the District Court on February 27, 2017.

5

2142893

It is apparent that under either the *Woodward* formulation or the *Felsher* formulation that the Plaintiff's claims for unfair competition fail.  The *Woodward* formula only applies if an employee uses trade secrets or other confidential information acquired in the course of employment to benefit a competitor at her employer's expense.  *Woodward Ins.*, 437 N.E.2d at 67.  There is no justification for finding that information that Plaintiff voluntarily gave to Gibson is analogous to trade secrets received by an employee in the course and scope of his employment.  The Plaintiff does not allege any sort of relationship between himself and Gibson.  Gibson owed no duty to keep Plaintiff's confidences, even assuming that the information supposedly given to Gibson by Plaintiff was imparted in confidence.  Moreover, by disclosing to Gibson the information that Plaintiff now claims is confidential or a trade secret, Plaintiff waived any right he had to insist upon its privacy.  *Paramanandam v. Herrmann*, 827 N.E.2d 1173 (Ind. Ct. App. 2005) (Business could not pursue a claim for misappropriation of trade secrets when it failed to make reasonable efforts to keep the trade secrets private).  The *Woodward* scenario gives rise to a claim for unfair competition because an employee owes his employer a fiduciary duty.  See *SJS Refractory Co., LLC v. Empire Refractory Sales, Inc.*, 952 N.E.2d 758, 768 (Ind. Ct. App. 2011).  Here, there is no such relationship alleged and the *Woodward* analysis is facially inapplicable.

The *Felsher* formula of unfair competition is similarly inapplicable.  The *Felsher* formula applies when there is an attempt to deceive the public by passing of the goods and services of one person as that of another.  *Felsher*, 755 N.E.2d at 598.  There is no allegation that anyone has attempted to deceive the public by misrepresenting the origin of goods or services.  And, even if there was such evidence, that claim would belong to the person deceived, not the Plaintiff.

6

2142893

The Plaintiff has simply failed to allege any cognizable claim against Gibson, much less a claim of unfair competition, even if his claims are factually accurate. Plaintiff alleges that he gave certain information to Gibson, that Gibson failed to disclose its relationship with Valeo, and that Gibson passed the information on to Valeo. Gibson has no generalized duty to keep Plaintiff's secrets. Nor did Gibson have a duty to disclose to Plaintiff any relationship to Valeo. Plaintiff then alleges that Valeo rewarded Gibson with referrals. Again, even if true, Valeo has the right to refer business to Gibson or anyone else for any reason. Finally, Plaintiff alleges that because Valeo referred clients to Gibson as quid pro quo for information that Gibson provided to Valeo from Plaintiff, Valeo breached its fiduciary duty to those customers. Again, even if that were a violation of a legal duty (a big "if"), that claim would belong to Valeo's clients – Plaintiff would have no standing to pursue that claim.

## CONCLUSION

It is apparent that the Plaintiff is unhappy with the result of his litigation with Valeo in state court. As a result, the Plaintiff filed this action, naming everybody from Valeo and its principals, to the Judges of the Indiana Court of Appeals, to Valeo's defense counsel and his wife, and others. Unfortunately, Gibson Insurance Agency, Inc. was also swept up in this litigation tsunami. The only specific allegation against Gibson is that Gibson disclosed to Valeo certain information received from Plaintiff, that Valeo used the information from Gibson to Plaintiff's detriment, and that Valeo referred business to Gibson as a reward.

Even if Plaintiff's allegations against Gibson are 100% accurate (which Gibson will deny), the allegations do not state a claim for relief against Gibson for unfair competition or any other claim. The allegations do not satisfy the *Woodward* or *Felsher*

7

2142893

formulas for unfair competition. Further, the allegations do not demonstrate any breach of any legal duty by Gibson. Therefore, Gibson's Motion to Dismiss should be granted with prejudice.

BARRETT McNAGNY, LLP

By: <u>/s/ Kevin K. Fitzharris</u>
Kevin K. Fitzharris, #15425-02
215 East Berry Street
Fort Wayne, IN  46802
Tel: (260) 423-9551
Fax: (260) 423 8920
E-mail: kkf@barrettlaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served on the following individuals through IEFS or by first class U.S. Mail on this 27th day of September, 2018:

Mr. Aaron S. Coates  
18709 Taft Ct.  
Goshen, IN 46528  

David J. Hensel, Esq.  
Michael A. Dorelli, Esq.  
HOOVER HULL TURNER LLP  
111 Monument Circle, Suite 4400  
P.O. Box 44989  
Indianapolis, IN 46244-0989  

Michael L. Meyer, Esq.  
TAFT STETTINIUS & HOLLISER, LLP  
425 Walnut Street, Suite 1800  
Cincinnati, OH 45202-3957  

John W. Borkowski, Esq.  
Aleksandra O. Rushing, Esq.  
HUSCH BLACKWELL LLP  
1251 North Eddy Street, Suite 200  
South Bend, IN 46617  

Joshua R. Lowry, Esq.  
Kelly D. Cochran, Esq.  
Indiana Attorney General's Office  
Indiana Government Center South  
302 W. Washington St., 5th Floor  
Indianapolis, IN 46204-2770  

Grant E. Helms, Esq.  
Office of Corporation Counsel  
200 East Washington St., Room 1601  
Indianapolis, IN 46204  

Louis J. Britton, Esq.  
KIGHTLINGER & GRAY LLP  
One Indiana Square, Suite 300  
211 North Pennsylvania Street  
Indianapolis, IN 46204  

      /s/ Kevin K. Fitzharris  
      Kevin K. Fitzharris

2142893