UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-574-JD-MGG |
| | ) |
| VALEO FINANCIAL ADVISORS, LLC, | ) |
| *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF VALEO DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Valeo Financial Advisors, LLC, John Wortman, John Trott, and Gregory Fulk (collectively, the "Valeo Defendants") seek dismissal of all Counts alleged against them with prejudice. The claims directed at the Valeo Defendants appear to be Counts 2, 3, 4, and 5; however, as set forth below, it is hard to home in on Coates's precise allegations.

**INTRODUCTION**

All of this started with Valeo enforcing the terms of an Employment Agreement to which Coates agreed—an agreement requiring Coates to pay Valeo a fee should he quit and take Valeo's clients with him. Coates left his employment and took clients, but refused to pay the fee. So, Valeo sued him in Indiana state court and obtained a judgment that the Indiana Court of Appeals unanimously affirmed.

The most forgiving view of this suit is that Coates is attempting to use this Court to collaterally attack the judgment against him. But Coates's complaint goes

1

further, positing outrageous theories involving Valeo, its attorneys, their family members, a substantial number of state-court judges and court personnel, the Marion County prosecutor, Valparaiso University, and others. In Coates's view, all have conspired to plot against him. As Coates pleads no plausible claims, the Valeo Defendants respectfully requests that this Court dismiss with prejudice his complaint against them.

## STANDARD OF REVIEW

A complaint should be dismissed when it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive, a plaintiff's factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. When reviewing a 12(b)(6) motion, the court accepts "as true all factual allegations in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017). But conclusory statements and naked assertions are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "[D]etermining whether a complaint states a plausible claim for relief requires a reviewing court to draw on its judicial experience and common sense." *Id.* (quotations omitted).

"A plaintiff can … plead himself out of court if he pleads facts that preclude relief." *Data Research & Handling, Inc. v. Vongphachanh*, 278 F. Supp. 3d 1066, 1070 (N.D. Ind. 2017). Although courts ordinarily do not consider affirmative defenses as a basis for dismissal at the pleading stage, dismissal is appropriate "when it is 'clear from the facts of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Parungao*, 858 F.3d at 457 (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2nd Cir. 2000). "Judicial notice of historical documents, documents in the public record, and reports of administrative bodies is proper," and will not convert a motion to dismiss into a motion for summary judgment. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Relevant here, "the decision of another court or agency … is a proper subject of judicial notice." *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996); *see also Watkins v. United States*, 854 F.3d 947, 949-51 (7th Cir. 2017) (noting the court could take judicial notice of an earlier state-court complaint and thereby dismiss based on the doctrine of res judicata). A court may also take judicial notice of "court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao*, 858 F.3d at 457.

Finally, although a *pro se* complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* litigants still must "make their pleadings straightforward so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). This requires that

the pleading "be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages ...." *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). "Dismissal of a complaint on the grounds that it is unintelligible is unexceptional." *Garst*, 328 F.3d at 378.

## FACTS OF WHICH THIS COURT SHOULD TAKE JUDICIAL NOTICE

Valeo is a financial advisory firm. *Coates v. Valeo Fin. Advisors, LLC*, No. 49A04-1710-PL-2464, 2018 WL 1462385, at *1 (Ind. Ct. App. Mar. 26, 2018).[1] Coates began employment with Valeo on September 15, 2009. *Id.* In connection with his job, Coates signed an Employment Agreement providing, in part, that he would not solicit Valeo's clients during his employment and for two years after the employment terminated. *Id.* However, under certain circumstances (including payment of a "removal fee"), Coates could exempt clients from his restrictive covenant. *Id.*

Near the end of December 2014, Coates terminated his job with Valeo. *Id.* Despite his Employment Agreement, Coates solicited six clients, all of whom were subject to a removal fee. *Id.* On January 15, 2015, Valeo sent Coates an account reconciliation setting out each client's removal fee and the aggregate amount Coates owed,

---

[1] As set forth above, this Court may take judicial notice of the decisions of other courts. Doing so is particularly appropriate in this case, which is simply an improper continuation of a dispute already adjudicated by Indiana state courts.

$36,476.96. *Id.* Coates never expressly objected to these fees, but he also never paid them. *Id.*

On May 8, 2015, Valeo filed a lawsuit against Coates, alleging breach of contract, breach of fiduciary duty, and account stated. *Id.* at *2. Two years later, on May 1, 2017, Valeo moved for summary judgment on all counts. *Id.* The trial court granted Valeo's motion. *Id.* On March 26, 2018, the Indiana Court of Appeals unanimously affirmed the trial court. *Id.* at *3. The court of appeals concluded that "because Coates' appeal rests on arguments he did not make to the trial court and because he did not direct the trial court to the designated evidence he now asserts establishes genuine issues of material fact, he has waived his arguments on appeal." *Id.* at *2.

## ARGUMENT

Coates alleges that Valeo obtained summary judgment against him using fraudulently acquired information, and that Valeo has otherwise "unfairly competed" against him in a variety of ways. Coates's allegations fall far below the plausibility standard required by the federal rules, even giving those allegations the benefit of a liberal *pro se* reading. Therefore, the Valeo Defendants respectfully request that this Court review Coates's complaint as best it can, and then dismiss the claims against them.

**1.     Count 2 (labeled "Unfair Competition") should be dismissed.**

Count 2 is styled as an unfair-competition claim against Valeo and Fidelity. There are two broad possibilities for an unfair-competition claim: either a state common-law claim, or a federal claim under the Lanham Act. As Coates does not address

any sort of alleged trademark infringement, he must be attempting to allege a common-law unfair-competition claim.

Boiled down, the allegations underlying Count 2 are that: (a) beginning January 19, 2015, Coates sought to house his new firm's assets at Fidelity, which "provides clearing, custody, and brokerage services to clients including those of registered investment advisors"; (b) Fidelity did not respond to his inquiries as fast, or in the way, Coates believed it should; (c) two weeks after applying to Fidelity, Coates decided to go with TD Ameritrade instead; and (d) TD Ameritrade approved Coates's application on February 2, 2015. Compl. ¶¶20, 180-182. "On information and belief," Coates alleges that Valeo representatives have served on Fidelity advisory committees, affording Valeo access and influence at Fidelity, and—again, "on information and belief," Valeo "appears to have induced Fidelity to unfairly compete against Coates by obstructing his determination of deciding on a custodian for his firm." *Id.* at ¶183. Coates's alleged harm is the "loss of advisory fees from clients of not quite two weeks." *Id.* at ¶184. With these allegations, Coates fails to state a plausible claim.

### 1.1 Count 2 is barred by the statute of limitations.

In Indiana, unfair competition is a tort. *Meridian Fin. Advisors, Ltd, v. Pence*, 763 F.Supp.2d 1046, 1064 (S.D. Ind. 2011). Therefore, the statute of limitations for the claim is two years. Ind. Code § 34-11-2-4(a). "'[A] cause of action accrues, and the statute of limitations begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury,' not of the mere possibility of an

injury in the future." *Bernstein v. Bankert*, 702 F.3d 964, 987 (7th Cir. 2012) (quoting *Pflanz v. Foster*, 888 N.E.2d 756, 759 (Ind. 2008)).

Coates's alleged loss arose when Fidelity denied Coates's application to host his clients' assets in January 2015. Even assuming Coates's averments had any basis, his complaint demonstrates that any unfair-competition claim based on these allegations is time-barred. All the events underpinning his claim occurred three-and-a-half years before Coates filed this current claim. That's well outside the two-year limitations period. So, this claim, and any based on these facts, is barred by the statute of limitations.

### 1.2   Count 2 is barred by the doctrine of res judicata.

Count 2 also is barred by the doctrine of res judicata. If Coates had a claim based on these allegations, he was obligated to assert it in the state-court case, either because it was a compulsory counterclaim or because it was a claim that he could have asserted and therefore is barred from doing so now under res judicata principles. *See* Ind. Trial R. 13(A) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim ...."); *Wabash Valley Power Ass'n v. Rural Elec. Admin.*, 903 F.2d 445, 455-56 (7th Cir. 1990) ("claim preclusion follows from a combination of (1) a judgment rendered by a court of competent jurisdiction, (2) on the merits, (3) in a suit between the same

parties, where (4) the matter now at issue was, or could have been, decided") (applying Indiana law). Coates never asserted this claim in state court; it is therefore barred.

### 1.3 Count 2 does not state a plausible unfair-competition claim under Indiana law.

Although Indiana courts have described "unfair competition as 'amorphous' in nature and 'much broader' than passing off or predatory pricing," *Hammons Mobile Homes, Inc. v. Laxer Mobile Home Transp., Inc.*, 501 N.E.2d 458, 462 (Ind. Ct. App. 986), courts have applied two basic formulations of the claim. *See Meridian Fin. Advisors*, 763 F. Supp. 2d at 1064.

The first is the *Woodward Insurance* variation, under which "a claim for unfair competition may be brought when [an] employee uses 'trade secrets or other confidential information acquired in the course of his employment for his benefit or that of a competitor in a manner which is detrimental to his former employer.'" *Id.* (quoting *Woodward Ins. Inc. v. White*, 437 N.E.2d 59, 67 (Ind. 1982)). The second is the *Felsher* formulation, where "a cause of action ... arises when there is 'any conduct, the natural and probable tendency of which is to deceive the public so as to pass off goods or business of one person as and for that of another.'" *Id.* (quoting *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 598 (Ind. 2001)). The general, amorphous nature of the tort can be described by noting that "[u]nfair competition does not describe a single course of conduct or a tort with a specific number of elements; it instead describes a general category ... [which] is open-ended, and nameless forms of unfair competition

may be recognized at any time for the protection of commercial values." *Felsher*, 755 N.E.2d at 598.

Here, Coates's factual, non-conclusory allegations amount to this: Fidelity did not approve his application to house assets fast enough for his liking. Even if that were actionable as "unfair competition," Coates's allegations say nothing of Valeo except that "on information and belief," Valeo has influence over Fidelity and "appears to have induced" Fidelity not to act on his application. Compl. ¶183; *see U.S. ex rel. Bogina v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016) (allegations made "on information and belief" can mean as little as "rumor has it"). Coates's threadbare allegations and conclusory statements do not add up to a plausible unfair-competition claim against Valeo. All they demonstrate is the lengths to which an imaginative reader must go to find some scenario where Coates might be entitled to relief. *Swanson*, 614 F.3d at 403. For all these reasons, Count 2 should be dismissed.

## 2. Count 3 (labeled "Unfair Competition") should be dismissed.

In Count 3, Coates alleges a scheme where Valeo purportedly induced representatives from Gibson Insurance, Inc. to invite Coates to lunch or coffee, engage him in discussions about his business and the Valeo/Coates lawsuit, and then share this information with Valeo. Compl. *Id.* at ¶¶186-189. Again, it is clear that Coates is not alleging a violation of the Lanham Act. And, again, his allegations fail to state a plausible claim for unfair competition under Indiana law.

According to his allegations, Coates disclosed information to Gibson voluntarily. ¶¶186, 189. Under any formulation, Coates has pleaded himself out of an unfair-

9

competition claim because such a claim cannot be premised on the plaintiff's voluntary disclosure of allegedly "confidential" information. *Cf. Licocci v. Cardinal Assoc., Inc.*, 445 N.E.2d 556, 561 (Ind. 1983) (noting no protectable interest in information that is not kept confidential). Moreover, Coates does not describe the information at issue, or explain how its alleged disclosure to Valeo caused him any harm. To the extent Coates's alleged harm is that this alleged disclosure somehow led to Valeo prevailing in its state-court case against him, such a claim would be barred by the *Rooker-Feldman* doctrine as an ill-founded attempt to challenge the judgment against him. *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). In any event, Coates presents only conclusory statements and threadbare allegations that are not sufficient under *Iqbal*. For these reasons, Count 3 should be dismissed.

**3.    Count 4 (labeled "Unfair Competition, Civil Rights") should be dismissed.**

Count 4 concerns Coates's Certified Financial Planner certification and the certification process. According to his complaint, Coates's certification was set for renewal on May 31, 2015. Compl. ¶192. One of the renewal questions related to whether Coates was facing any claims regarding breaches of fiduciary duty. *Id.* at ¶194. Coates alleges that Valeo Chief Operating Officer Greg Fulk knew that, if Valeo sued Coates for breach of fiduciary duty, then Coates would be forced to disclose the claim and put his certification in jeopardy. *Id.* at ¶¶194, 195.

**3.1   Count 4 is barred by the statute of limitations.**

Whether the claim in Count 4 is unfair competition or an alleged violation of civil rights under 42 U.S.C. § 1983,[2] it is subject to a two-year statute of limitations. *See* Ind. Code § 34-11-2-4(a); *Dobbie v. Bremen Police Dep't*, Case No. 3:17-cv-430-JD, 2018 WL 4561338, at *3 (N.D. Ind. Sept. 24, 2018) (Indiana's two-year statute of limitations for personal injury claims applies to § 1983 actions). Here, the statute began to run on May 8, 2015 (the day Valeo filed its lawsuit asserting a fiduciary duty claim), or at the latest May 31, 2015, when Coates's CFP certification was set to expire. *See* Compl. ¶¶165, 193. Because Coates was, or should have been, aware that his alleged "injury" arose on or before May 31, 2015, the statute of limitations for his claim would have expired, at the latest, on May 31, 2017. Coates did not file this suit until July 2018. Therefore, his claim is time-barred.

**3.2   Count 4 is barred by the doctrine of res judicata.**

Count 4 also is barred by the doctrine of res judicata. If Coates had a claim based on these allegations, he was obligated to assert it in the state court case. *See* Ind. Trial R. 13(A); *Wabash Valley Power Ass'n*, 903 F.2d at 455-56. Coates never asserted this claim in state court; it is therefore barred.

**3.3   Count 4 fails to plead a plausible claim.**

Coates has failed to plausibly plead he is entitled to relief under any formulation of unfair-competition law. The entire basis of his claim is that Valeo asserted a "spurious" claim against him. Compl. ¶196. The Indiana state courts have concluded

---

[2] Although Coates has not noted a specific civil-rights statute under which he is suing, his jurisdictional allegation—28 U.S.C. §1343—suggests a §1983 claim.

11

otherwise, and Coates cannot challenge that conclusion here. *Mains*, 852 F.3d at 675. Moreover, under the *Noerr-Pennington* doctrine, Valeo cannot be held liable for pursuing a meritorious claim in court. *See Domanus v. Locke Lord LLP*, 847 F.3d 469, 483 (7th Cir. 2017) (noting that the right to present one's viewpoint to the government—whether legislative, executive, or judicial—is protected by the First Amendment).

Count 4 similarly fails to the extent Coates intends to assert a "civil rights" claim against the Valeo Defendants. For §1983 liability, a person must have acted "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Coates cannot plausibly plead that the Valeo Defendants are state actors or that they engaged in conduct that "can be said to be acting under color of state law." *Holl v. Otis R. Bowen Ctr. for Human Servs., Inc.*, No. 3:18CV2-PPS/MGG, 2018 WL 3389903, at *3 (N.D. Ind. July 12, 2018). For all these reasons, Count 4 should be dismissed.

**4.    Count 5 (labeled "Unfair Competition") should be dismissed.**

In Count 5, Coates alleges that Valeo intentionally failed to file a U5 form noting Coates's departure for more than a year after he left. Compl. ¶198. Coates alleges he was aware of this in 2015, as "the entire year of 2015, Coates received requests from the Indiana Securities Division" about fixing the U5 issue. *Id.* at ¶201. Purportedly, "Coates continually suggested that [the Securities Division] directly contact Valeo" to remedy the issue. *Id.*

**4.1     Count 5 is barred by the statute of limitations.**

Count 5 is governed by the two-year statute of limitations for a claim of unfair competition. Coates explicitly alleges he was aware of his "injury" for the entirety of 2015. As such, the statute of limitations expired, at the latest, in 2017. Because Coates did not file his claim until July 2018, Count 5 is time-barred.

**4.2     Count 5 is barred by the doctrine of res judicata.**

Count 5 also is barred by the doctrine of res judicata. If Coates had a claim based on these allegations, he was obligated to assert it in the state-court case. *See* Ind. Trial R. 13(A); *Wabash Valley Power Ass'n*, 903 F.2d at 455-56. Coates never asserted this claim in state court; it is therefore barred.

For the above reasons, Count 5 should be dismissed.

## CONCLUSION

For the above reasons, this Court should dismiss all counts, including but not limited to, Counts 2, 3, 4, and 5 of Coates's Complaint against the Valeo Defendants with prejudice, and grant all further relief it deems just and proper.

However, if the Court opts not to dismiss with prejudice, the Valeo Defendants respectfully request that this Court issue the same warning to Coates that it did in *Straw v. Sconiers*, Case No. 3:14-cv-1772-JD, 2014 WL 7404065, at *5 (N.D. Ind. Dec. 30, 2014) ("[T]he Court notifies Straw that sanctions could be imposed should he attempt to pursue claims without sufficient factual and legal basis, as detailed by this Court herein.") (citing Fed. R. Civ. P. 11(b)-(c)).

Respectfully submitted,

*/s/ Michael A. Dorelli*
David J. Hensel (15455-49)
dhensel@hooverhullturner.com
Michael A. Dorelli (20862-49)
mdorelli@hooverhullturner.com
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN, 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234

*Counsel for Valeo Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system is being sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF) on September 27, 2018, as well as to the Plaintiff by email at aska.coates@gmail.com and acoates@relevantfinancial.com and by certified mail to:

Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528

*/s/ Michael A. Dorelli*