UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 3:18-cv-574-JD-MGG ) |
| VALEO FINANCIAL ADVISORS, LLC, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## VALPARAISO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR STAY ON ALL PROCEEDINGS

Plaintiff has not provided this Court or Defendants with any basis for a stay on *all* proceedings as it relates to *all* Defendants. In particular, there is no basis to stay the proceedings against Defendants the Lutheran University Association d/b/a Valparaiso University and Valparaiso President Mark A. Heckler (collectively "the Valparaiso Defendants"). Plaintiff provides no basis for including the Valparaiso Defendants to his motion for stay. Therefore, the Court should deny the motion for stay as it relates to the Valparaiso Defendants.

A district court has the inherent power to control its own docket, including the power to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The court has discretion to issue a stay of proceedings when the interests of justice require such action. *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert. denied*, 499 U.S. 993 (1980) (citing *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)).

To determine whether a stay should be ordered, a court should consider "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay

will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Four Mile Bay LLC v. Zimmer Biomet Holdings, Inc.*, No. 3:15-CV-63-PPS-CAN, 2016 WL 10732393, at *1 (N.D. Ind. June 6, 2016) (internal quotations and citations omitted).  None of these factors justify a stay in this case.

Courts deny requests for a stay for much more meritorious reasons than this one.[1]  Here, a stay on *all* proceedings would unduly prejudice Valparaiso Defendants, would not simplify the litigation, and would not reduce the burden of litigation on the parties and the Court. If such a comprehensive stay is granted, Valparaiso Defendants would experience unnecessary and unreasonable delays in a timely ruling on the Valparaiso Defendants Motion to Dismiss (Dkt. 53), which was filed on September 20, 2018.  Granting Plaintiff's motion for a stay on all proceedings would delay the Valparaiso Defendants dismissal from this action in which the only claims against them are frivolous.  As explained in the Motion to Dismiss, the Valparaiso Defendants have no connection either to the alleged conduct by Plaintiff's former employer or to the underlying litigation in the Indiana state court system.

Therefore, denying the Motion to Stay, at least as to the Valparaiso Defendants would simplify this litigation by allowing the Court to narrow its scope by disposing immediately of those claims that can and should be resolved on the pleadings.  This approach would similarly streamline the proceedings for the benefit of all parties.

Therefore, this Court should deny Plaintiff's Emergency Motion for Stay on All Proceedings.

---

[1] *See PNC Bank, Nat. Ass'n v. Pence*, No. 1:08-CV-0502-LJM-TAB, 2009 WL 102648, at *2 (S.D. Ind. Jan. 12, 2009) (denying motion to stay despite the fact that defendants "could undermine their Fifth Amendment privilege against self-incrimination" because of a pending investigation by the U.S. Attorney's Office related to the civil proceeding); *see also In re Method of Processing Ethanol Byproducts & Related Subsystems ('858) Patent Litig.*, No. 110ML02181LJMDML, 2012 WL 13029392, at *2 (S.D. Ind. Jan. 31, 2012) (denying motion to stay to "avoid unnecessary delays" and because issuing the stay would be a "a hurdle in the orderly and efficient resolution of the issues presented in this matter.").

Respectfully submitted,

*/s/ John W. Borkowski*
John W. Borkowski
HUSCH BLACKWELL LLP
1251 North Eddy Street Suite 200
South Bend, Indiana 46617
P: 574-239-7010
F: 574-287-3116
john.borkowski@huschblackwell.com

Aleksandra Ostojic Rushing
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
P: 314.480.1500
F: 314.480.1505
aleks.rushing@huschblackwell.com

*Attorneys for Defendant Lutheran University Association d/b/a Valparaiso University and Defendant Mark A. Heckler*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 28th, 2018, the preceding document was filed electronically through the Court's CM/ECF system and served on Plaintiff via U.S. mail and electronic mail as follows:

Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com


*s/ John W. Borkowski*

SLC-8765477-1