UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | Case No. 3:18-cv-574-JD-APR |
| Plaintiff, | Judge Jon E. Deguilio |
| | Magistrate Judge Andrew P. Rodovich |
| v. | |
| VALEO FINANCIAL ADVISORS, LLC, *et al.*, | FIDELITY BROKERAGE SERVICES, LLC'S MOTION TO DISMISS |
| Defendants | |

Defendant Fidelity Brokerage Services, LLC[1] ("Fidelity") moves the Court to dismiss the claims against it for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and for failure to state a claim upon which relief can be granted and because it is time-barred under Fed. R. Civ. P. 12(b)(6).

Plaintiff claims that this Court has federal question jurisdiction under several statutes that grant jurisdiction over specific types of claims, none of which Plaintiff actually pleads. 28 U.S.C. §§ 1337 (antitrust), 1343 (civil rights), and 1357 (revenue-collection and voting rights). Further, even if this Court had federal question jurisdiction, it does not have general or specific personal jurisdiction over Fidelity because Fidelity is not "at home" in Indiana and there is no allegation that any suit-related conduct by Fidelity was in or directed at Indiana. And even if Plaintiff could clear those insurmountable jurisdictional hurdles, he has not articulated a cognizable legal claim for relief against Fidelity. His sole claim against Fidelity is time-barred, and even if it were not,

---

[1] Plaintiff named "Fidelity Institutional, a Division of FMR, LLC" as a defendant in this action. "Fidelity Institutional" is a trade name, not an entity. It is not *sui juris*. The entity that Fidelity believes Plaintiff intended to name is Fidelity Brokerage Services, LLC. Rather than seek dismissal on this basis, Fidelity responds here as if it were properly named and served.

he admits in his Complaint that Fidelity's conduct was "perfectly reasonable" and legitimate. Finally, because the essence of Plaintiff's claims is that the state court judgment in his former employer's suit caused his injuries, the *Rooker-Feldman* doctrine bars his suit.

For all of these reasons, discussed more fully in the attached memorandum, this case should be dismissed with prejudice as to Fidelity.

> Respectfully submitted,
>
> /s/ Michael L. Meyer
> Michael L. Meyer (28689-64)
> TAFT STETTINIUS & HOLLISTER LLP
> 425 Walnut Street, Suite 1800
> Cincinnati, OH 45202
> Phone: (513) 381-2838
> Fax: (513) 381-0205
> mmeyer@taftlaw.com
>
> *Counsel for Fidelity Brokerage Services, LLC*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on September 28, 2018. Notice of this filing will be sent to counsel and parties who have supplied their email addresses to the Court by operation of the ECF system. Copies of the foregoing were served via regular U.S. mail and email on the following on September 28, 2018:

  Aaron Coates
  18709 Taft Ct
  Goshen, IN 46528

                /s/ Michael L. Meyer