UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AARON COATES, | : | Case No. 3:18-cv-574-JD-APR |
| | : | |
| Plaintiff, | : | Judge Jon E. Deguilio |
| | : | Magistrate Judge Andrew P. Rodovich |
| | : | |
| v. | : | |
| | : | |
| VALEO FINANCIAL ADVISORS, LLC, | : | MEMORANDUM IN SUPPORT OF |
| *et al.*, | : | FIDELITY BROKERAGE SERVICES, |
| | : | LLC'S MOTION TO DISMISS |
| Defendants | : | |

**I.   INTRODUCTION**

Plaintiff Aaron Coates ("Coates" or "Plaintiff") worked as a financial advisor for Valeo Financial Advisors, LLC ("Valeo"). When Plaintiff left Valeo, he apparently owed the company money. Valeo successfully sued Coates in Indiana state court to recover the amount owed. Upset at the outcome of that litigation, which was upheld on appeal, Coates now sues Valeo, a dozen other defendants, including a large part of the Indiana court system, and Fidelity Brokerage Services, LLC, improperly named as "Fidelity Institutional, a Division of FMR, LLC." *See supra* note 1. Plaintiff's Complaint should be dismissed as to Fidelity for the following reasons.

**No federal question jurisdiction.** Coates claims federal question jurisdiction under statutes related to violations of antitrust, civil rights, internal revenue, and voting rights laws. He does not plead any claims related to those federal statutes. Indeed, Fidelity cannot discern any claim in the Complaint arising under the Constitution or laws of the United States.

**No personal jurisdiction.** Even if the Court had subject matter jurisdiction, it does not have personal jurisdiction over Fidelity. The Court does not have general jurisdiction over Fidelity because its sole member is not a citizen of Indiana. *See* Compl. ¶ 25 (correctly alleging

that Fidelity is a citizen of Massachusetts). It does not have specific jurisdiction over Fidelity because there is no connection between Fidelity, the allegations in the Complaint, and the state of Indiana. Plaintiff makes no allegations even suggesting (let alone plausibly pleading) that Fidelity took any actions in, or directed to, Indiana that give rise to the causes of action. Indeed, other than the paragraphs identifying Fidelity-- only five of the 228 substantive paragraphs in the Complaint even mention Fidelity-- nowhere does Plaintiff plead suit-related conduct by Fidelity connected to Indiana.

**No claim for relief is stated.** Even if the Court had subject matter and personal jurisdiction over Fidelity, Plaintiff fails to state a claim against Fidelity upon which relief could be granted. His only claim against Fidelity is barred by the statute of limitations. Even if it were not, the few allegations that refer to Fidelity, in only one count, are based on conduct undertaken by Fidelity that Plaintiff admits Fidelity was well within its legal right to undertake. In short, Plaintiff alleges that Fidelity took certain actions that Plaintiff found disagreeable, but that did not violate any of Plaintiff's legal rights.

**Plaintiff's claims are barred by *Rooker-Feldman*.** Finally, even if Plaintiff's Complaint stated a plausible claim for relief, his allegations would be barred by the *Rooker-Feldman* doctrine. He seeks this Court's review and rejection of the judgment entered against him by an Indiana trial court (already upheld on appeal) in his litigation with Valeo.

## II.    THE FACTS ALLEGED AGAINST FIDELITY

### A.    Jurisdictional Allegations

Plaintiff alleges that the Court has federal question jurisdiction because his claims are based on violations of his civil rights, obstruction of justice, unfair competition, and RICO violations. As a result, Plaintiff alleges that the Court has jurisdiction under 28 U.S.C. §§ 1337,

1343, and 1357.[1] Compl. ¶ 170. But just reciting federal law buzzwords does not mean that a federal question has been properly pled.

Plaintiff's personal jurisdiction allegations are that he is a citizen of Indiana and formerly worked for Valeo out of his home office. Compl. ¶¶ 7-8. Plaintiff alleges that Fidelity is a citizen of Massachusetts (which is accurate), but does business in Indiana. Compl. ¶ 25. Plaintiff does not allege or describe the nature or extent of Fidelity's business in Indiana, except to summarily state that it is "substantial, continuous, and systematic." Nor does he state that Fidelity's business in Indiana gives rise to the claims in his Complaint. Compl. ¶ 25. All Plaintiff says about Fidelity's conduct in this case is that he reached out to Fidelity through its website and by telephone, and Fidelity declined a request to take custody of the funds of Plaintiff's clients based on Fidelity's policies. Compl. ¶¶ 180-81. Plaintiff makes no allegation that these communications took place in Indiana, nor does he allege that Fidelity did anything in Indiana with respect to the conduct at issue in this case.

### B. Operative Allegations

Plaintiff's operative allegations, which run far afield of the "short and plain statement" required by Fed. R. Civ. P. 8(a), say almost nothing about Fidelity. Fidelity is mentioned in only one count of the seven count Complaint. Plaintiff's allegations relating to Fidelity are:

- Plaintiff filled out a web-inquiry form on Fidelity's website seeking approval on its platform for Fidelity to take custody of the assets of clients to whom Plaintiff would provide financial advice. Compl. ¶ 180;

- A Fidelity representative later contacted Plaintiff and advised him that it could not take custody of the assets of Plaintiff's clients because those assets were less than $25 million, Fidelity's minimum threshold for such an arrangement. Compl. ¶ 181;

---

[1] Notably, Plaintiff does not assert that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, the typical basis for federal question jurisdiction. Perhaps this was an oversight. In the end, however, it makes little difference as Plaintiff fails to articulate any causes of action arising under federal law.

3

- Fidelity was induced by pressure from Plaintiff's former employer Valeo to deny Plaintiff's request that Fidelity take custody of his client's assets. Compl. ¶ 183; and

- It would have been perfectly reasonable for Fidelity to deny Plaintiff's request because he did not meet the required minimum threshold. Compl. ¶ 183.

Plaintiff alleges no facts to support, let alone plausibly plead, that Fidelity's decision-making was influenced by Valeo. In fact, the only connection Plaintiff makes between the two entities is that Valeo places some unrelated clients' assets with Fidelity, and representatives from Valeo serve on various committees at Fidelity. Compl. ¶¶ 22-23. Based on only these allegations, Plaintiff makes the leap that Fidelity's denial of his request to place his clients' assets with Fidelity was wrongful and part of a collusive effort between Fidelity and Valeo to harm Plaintiff. Compl. ¶ 184. Plaintiff does not allege who participated in the conspiracy, or when, why, or how that conspiracy was hatched.

And most importantly, Plaintiff admits that "it would have been perfectly reasonable for Fidelity to deny Coates' request for not meeting minimums." Compl. ¶ 183.

### III. ARGUMENT

#### A. There is No Federal Question at Issue, and the Court Therefore Lacks Subject Matter Jurisdiction.

##### 1. Standard of Review Under F.R.C.P. 12(b)(1).

The first duty of federal litigants is to determine the existence of subject matter jurisdiction. *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Because the federal courts are courts of limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), *quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A motion to

4

dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017), *citing Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

### 2. Plaintiff fails to Identify and Plead Specific Legal Claims that Arise Under, or Relate to, the Statutory Bases he cites for Federal Question Jurisdiction.

Plaintiff alleges federal question jurisdiction under three statutes. None of the statutes are applicable to this action.

**28 U.S.C. § 1337**: This statute grants original jurisdiction to district courts over civil actions arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. Plaintiff does not articulate any claims arising under the laws of the United States, much less any claims arising under Acts of Congress that regulate commerce or protect commerce against restraint or monopoly. As to Fidelity, Plaintiff's sole claim is that Fidelity engaged in unfair competition when it allowed itself to be influenced by Valeo in rejecting Plaintiff's request to custody his clients' assets at Fidelity. Compl. ¶¶ 179-184. This is not a claim arising under any federal law. As such, 28 U.S.C. § 1337 does not provide this Court with subject matter jurisdiction over Plaintiff's claim against Fidelity.

**28 U.S.C. § 1343**: This statue grants the district courts original jurisdiction over civil actions commenced by any person to redress the deprivation of a plaintiff's federal civil rights, including deprivation by acts done in furtherance of a conspiracy. Once again, Plaintiff applies labels to his claims, such as "RICO," "Due Process," and "Civil Rights," but he fails to articulate anything beyond those labels, leaving the Court and Fidelity to wonder which rights are at issue. As to the sole claim against Fidelity (Count 2 for unfair competition) Plaintiff makes no reference to any civil rights of which he was deprived. Compl. ¶¶ 179-184. The most charitable

characterization of Plaintiff's claim against Fidelity is that he had a federally-recognized right to expect Fidelity to exempt him from the custody minimum that applies to everybody else. 28 U.S.C. § 1343 does not provide subject matter jurisdiction over Plaintiff's claim against Fidelity.

**28 U.S.C. § 1357**: This statute provides the district courts with original jurisdiction over civil claims arising from injuries done to a person attempting to protect or collect the revenues of the United States, or to enforce the right of United States citizens to vote. Plaintiff's Complaint makes no allegation that he was harmed attempting to protect or collect revenues for the United States, nor does it allege he was attempting to enforce a citizen's right to vote. 28 U.S.C. § 1357 does not provide subject matter jurisdiction here.

Finally, even if Plaintiff had alleged federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff does not state any claims arising under the Constitution, laws or treaties of the United States. As such, Plaintiff's Complaint fails to establish federal question jurisdiction, and thus subject matter jurisdiction, under any theory. The Court therefore lacks subject matter jurisdiction over the action, and the Complaint should be dismissed.

**B.     The Court Lacks Personal Jurisdiction Over Fidelity.**

**1.     Standard of Review Under F.R.C.P. 12(b)(2).**

Where a plaintiff asserts subject matter jurisdiction based on a federal question, and the federal statutes at issue do not provide special rules for personal jurisdiction, "a federal district court may exercise personal jurisdiction over a defendant if a court of general jurisdiction of the state in which it sits would have such jurisdiction." *Want2Scrap, LLC v. Larsen,* No. 1:17-cv-443, 2018 WL 1762853, *6 (N.D. Ind. Apr. 9, 2018), *citing Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). A plaintiff bears the burden to establish the existence of personal jurisdiction, and when the court rules on a Rule

12(b)(2) motion based solely on the written submissions, a plaintiff meets this burden by making a *prima facie* showing of personal jurisdiction over the defendant. *Id.*, *citing N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). Indiana's jurisdictional rules permit the exercise of personal jurisdiction to the full extent of the Due Process clause of the Constitution. *Jayco, Inc. v. Natl. Indoor RV Centers LLC*, No. 3:17-cv-458, 2017 WL 4270201, *4 (N.D. Ind. Sept. 26, 2017), citing Ind. Trial Rule 4.4(A) and *Reed v. Int'l Union of UAW*, 945 F.2d 198, 201 (7th Cir. 1991).

### 2.   The Court Lacks General Jurisdiction Over Fidelity.

The United States Supreme Court has made clear that general jurisdiction exists only where a defendant can be fairly regarded as being at home—i.e., where it is a citizen. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017), *citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Fidelity is a limited liability company. A limited liability company's citizenship is determined by the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998).[2] Fidelity's sole member is Fidelity Global Brokerage Group, Inc., a corporation. *See* Fidelity's Corporate Disclosure Statement (filed contemporaneously). A corporation's citizenship is the state where its principal place of business is located and its state of incorporation. *Jayco, Inc.*, 2017 WL 4270201, *5, *citing Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). Fidelity Global Brokerage, Inc. is a Massachusetts corporation with its principal place of business in Massachusetts. So Plaintiff correctly pleads that Fidelity is a citizen of Massachusetts. Compl. ¶ 25. Massachusetts is the only place that

---

[2] Although not relevant to the citizenship analysis, Fidelity is organized under Delaware law and its principal place of business is in Rhode Island.

Fidelity is "at home." *See, e.g.*, *BNSF Ry. Co.*, 137 S. Ct. at 1558; *Daimler*, 571 U.S. at 127. The Court lacks general jurisdiction over Fidelity.

### 3. The Court Lacks Specific Jurisdiction Over Fidelity.

Specific jurisdiction requires an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781, *quoting Goodyear*, 564 U.S. at 919. Although a defendant may have some (even lots of) contact with the forum state, there is no specific jurisdiction where those contacts are unrelated to the claims in the lawsuit. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781; *see also id.* at 1786 (Sotomayor, J., dissenting) (no specific jurisdiction over entity in California, even though entity employed 400 people, maintained half-dozen facilities, had substantial contracts with companies, and made nearly $1 billion in California). *See also Walden v. Fiore*, 571 U.S. 277, 284 (2014); *Jayco, Inc.*, 2017 WL 4270201 at *5. If the defendant's suit-related conduct is not connected to the forum state, the defendant is not subject to specific jurisdiction in that state.

Plaintiff does not allege *any* plausible suit-related conduct by Fidelity, let alone suit-related conduct that connects it to Indiana. The only actions Fidelity allegedly took were: (1) to receive a web inquiry and LinkedIn messages from Plaintiff directed to Fidelity, (2) to communicate with Plaintiff on one occasion in a telephone call regarding Plaintiff's inquiry, and (3) to deny Plaintiff's request to custody his clients' assets with Fidelity. Compl. ¶¶ 180-181.

Plaintiff offers no allegations, plausible or otherwise, that Fidelity undertook any suit-related conducted connected to Indiana. In fact, Plaintiff's allegations concerning what appears to be the sole underlying basis for Plaintiff's claim against Fidelity - that it denied Plaintiff's request under pressure from Valeo and colluded with Valeo to enforce its own rules - say nothing

about when or where this alleged collusion took place. The complete absence of any allegations of suit-related contact with Indiana fails to satisfy the long established requirement that a defendant have minimum contacts with the forum such that the exercise of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. The Court lacks personal jurisdiction and should dismiss this case as to Fidelity.

    **C.    Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

        **1.    Standard of Review under F.R.C.P. 12(b)(6).**

To survive a motion to dismiss, a complaint must satisfy the notice pleading standard of Fed. R. Civ. P. 8, and must also contain well-pleaded allegations, beyond bare legal conclusions, that state a claim to relief that is plausible on its face. *Dixon v. Buncich*, No. 2:15-cv-458, 2016 WL 2643454, *1 (N.D. Ind. May 9, 2016), *citing Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Bare legal conclusions are not entitled to the presumption of truth, and a complaint must show more than the "mere possibility" of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the Court should determine whether the well-pled facts in the Complaint "plausibly give rise to an entitlement to relief." *Id*.

        **2.    Plaintiff Fails to State a Claim Against Fidelity.**

            *a. Plaintiff's Sole Claim Against Fidelity, for Unfair Competition, is Barred by the Statute of Limitations.*

Despite its 51 pages, Plaintiff's Complaint articulates only one claim against Fidelity. This single claim for "unfair competition" (Count 2) fails to state a claim for relief.

As discussed above with respect to subject matter jurisdiction, Plaintiff has not specifically articulated any federal claims. More specifically, Plaintiff has not specifically

articulated a claim of unfair competition arising under federal law. Indiana generally recognizes the concept of "unfair competition," and uses that designation in reference to a number of tort-based causes of action surrounding interference with another's contracts, business relationships, and general operations. *See, e.g.*, *Keaton & Keaton v. Keaton*, 842 N.E.2d 816, 820 (Ind. 2006) ("unfair competition" is a general term used for a number of claims related to the misuse of another's trademarks); *Bartholomew Cty. Beverage Co. v. Barco Beverage Corp.*, 524 N.E.2d 353, 358 (Ind. App. 1988) (unfair competition can include price cutting where the primary purpose is to destroy a competing business). Unfair competition in Indiana has been loosely defined as a subspecies of tortious interference. *Zimmer, Inc. v. Stryker Corp.*, No. 3:14-cv-152, 2014 WL 3866454, *10 (N.D. Ind. Aug. 6, 2014), *citing Bartholomew Cty. Beverage Co.*, 524 N.E.2d at 358.

Fidelity cannot hazard a guess as to which specific claim sounding in tort Plaintiff intended to articulate through his claim for unfair competition. However, it is clear from Plaintiff's allegations that he claims tortious conduct by Fidelity causing harm to himself, his character, and/or his business interests. Compl. ¶ 184. Any such tort-based claim, essentially a claim for tortious interference with business relations, is time barred. Indiana's statute of limitations for injuries to person, character, or personal property requires that a claim be commenced within two years after it accrues. I.C. § 34-11-2-4(a)(1)-(2). This statute applies to a claim of tortious interference with business relations. *McLaughlin Equip. Co. v. Servaas*, No. IP98-0217C-T/K, 2004 WL 1629603, *59 (S.D. Ind. Feb. 18, 2004). The same statute would apply to a claim alleging injury to Plaintiff's character, or his financial interests, which would constitute injury to personal property. *See Shideler v. Dwyer*, 417 N.E.2d 281, 287 (Ind. 1981) (construing "personal property" in I.C. § 34-11-2-4 broadly to mean not only physical items and

things, but also a person's rights and interests); *Burks v. Rushmore*, 534 N.E.2d 1101, 1103 (Ind. 1989) (two-year statute of limitations applies to claims of injury to character by reason of a defamatory statement).

Plaintiff alleges that Fidelity denied his request on January 28, 2015, after a phone call with a Fidelity representative the previous day. Compl. ¶ 181. The statute of limitations thus expired on or about January 27, 2017. Plaintiff did not file this case until July 27, 2018, more than 18 months late. Any claim sounding in tort against Fidelity, for "unfair competition," tortious interference, or injury to Plaintiff's character or financial interests, is time-barred.

> b. *Even If Not Time-Barred, Plaintiff Fails to Plead a Colorable Claim for Unfair Competition*

Plaintiff's claim of unfair competition also fails because, as Plaintiff admits, Fidelity had a legitimate and valid reason for deciding to not do business with Plaintiff. Plaintiff alleges that Fidelity denied his request that Fidelity take custody of his clients' assets because it colluded with Valeo and succumbed to pressure from Valeo. Compl. ¶ 183. Yet, in the same paragraph, Plaintiff admits that "[i]t would have been perfectly reasonable for Fidelity to simply deny Coates' request for not meeting the minimums. . ." *Id*. Construed in the light most favorable to the Plaintiff this is exactly what Plaintiff alleges Fidelity did. Plaintiff effectively pleads himself out of his own claim.

Plaintiff claims that Fidelity allowed itself to be manipulated by Valeo into declining Plaintiff's request to accept custody of his clients' assets. However, Plaintiff fails to articulate how this amounts to tortious interference or unfair competition (or any competition at all), especially in light of Plaintiff's own allegations that Fidelity was well within its rights to deny his request because his clients' assets did not meet Fidelity's minimum threshold. *See* Compl. ¶

183 ("It would have been perfectly reasonable for Fidelity to simply deny Coates' request for not meeting the minimums."). Even if Plaintiff could prove that Valeo influenced Fidelity's decision to apply its custody policies and interfered with Plaintiff's request, his claim would still fail because Fidelity would have needed no such influence to reach the same result. Plaintiff simply cannot state a claim for unfair competition, or any other tortious conduct, against Fidelity when the outcome would have been the same had the alleged wrongful conduct never taken place.

### D. Plaintiff's Claims Are Barred by the *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine precludes a party who lost his state court case from collaterally attacking the state court judgment by way of a suit in federal court. *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018), *citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("Federal courts do not have the power to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district proceedings commenced and inviting district court review and rejection of those judgments.'"). The bar imposed by *Rooker-Feldman* is jurisdictional. It cannot be waived by the parties. *Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 506 (7th Cir. 2017). *Rooker-Feldman* applies when a plaintiff seeks redress of an injury that results from a state court judgment, and when it applies the district court has no jurisdiction to hear the claim. *Id*.

In this case, Plaintiff is essentially complaining that Indiana's courts got it wrong when Plaintiff lost his state court case with Valeo. The only real difference between this case and the prior state court litigation is the indiscriminate joinder to this action of just about anybody who had the misfortune of touching on the chain of events that led up to and followed the state court filing. To the extent Plaintiff now uses this case to attack the state court judgment against him,

this Court has no jurisdiction to hear the claim. Plaintiff's claims seeking redress of any alleged injuries suffered as a result of the state court's judgments are barred and should be dismissed.

## IV.     CONCLUSION

The vast majority of the allegations in Plaintiff's Complaint do not reference or even involve Fidelity, and those that do fail to establish subject matter jurisdiction over the action or personal jurisdiction over Fidelity. And even if jurisdiction were proper, the sole claim against Fidelity is time-barred and fails state a plausible claim for relief. Fidelity should be dismissed with prejudice from this action.

Respectfully submitted,

/s/ Michael L. Meyer
Michael L. Meyer (28689-64)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
mmeyer@taftlaw.com

*Counsel for Fidelity Brokerage Services, LLC.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on September 28, 2018. Notice of this filing will be sent to counsel and parties who have supplied their email addresses to the Court by operation of the ECF system. Copies of the foregoing were served via regular U.S. mail and email on the following on September 28, 2018:

    Aaron Coates
    18709 Taft Ct
    Goshen, IN 46528

                                                     /s/ Michael L. Meyer