UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AARON COATES, | : | Case No. 3:18-cv-574-JD-APR |
| | : | |
| Plaintiff, | : | Judge Jon E. Deguilio |
| | : | Magistrate Judge Andrew P. Rodovich |
| | : | |
| v. | : | |
| | : | |
| VALEO FINANCIAL ADVISORS, LLC, | : | FIDELITY BROKERAGE SERVICES, |
| *et al.*, | : | LLC'S NOTICE TO PRO SE |
| | : | PLANITIFF AARON COATES OF |
| Defendants | : | FIDELITY'S MOTION TO DISMISS |

A motion to dismiss has been filed against you, which is being served in conjunction with this Notice. The motion to dismiss asks the court to decide part of your case without a trial. It says that there should not be a full trial because you cannot win all of your claims against Defendant Fidelity Brokerage Services, LLC, improperly named as Fidelity Institutional, a division of FMR, LLC ("Fidelity"). It asks the court to enter judgment against you. Defendant Fidelity will win if the law shows that they are entitled to judgment. If you do not agree with the law in the motion, you must submit counter arguments to dispute the law discussed.

A copy of Rule 12 is also below. You should carefully read—and follow—all the rules. The outcome of this case may depend on it. Following the rules does not guarantee that the motion to dismiss will be denied. But if you do not follow the rules, you may lose this case against Defendant Fidelity.

Before the court rules on the motion, you have the right to file a response. If you do not respond to the motion to dismiss, you may lose this case. If you need more time to respond, you must file a motion asking for more time before the deadline expires. You must file and serve

a copy of your response to the motion to dismiss fourteen (14) days after having received this

Notice. The court may—but is not required to—give you more time.

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**
(a) TIME TO SERVE A RESPONSIVE PLEADING.
    (1) *In General*. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
        (A) A defendant must serve an answer:
            (i) within 21 days after being served with the summons and complaint; or
            (ii)   if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.
        (B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.
        (C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.
    (2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity*. The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.
    (3) *United States Officers or Employees Sued in an Individual Capacity*. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.
    (4) *Effect of a Motion*. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
        (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or
        (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) HOW TO PRESENT DEFENSES.
Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
    (1) lack of subject-matter jurisdiction;
    (2) lack of personal jurisdiction;
    (3) improper venue;
    (4) insufficient process;
    (5) insufficient service of process;
    (6) failure to state a claim upon which relief can be granted; and

    (7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) MOTION FOR JUDGMENT ON THE PLEADINGS.
After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS.
If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) MOTION FOR A MORE DEFINITE STATEMENT.
A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f) MOTION TO STRIKE.
The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
    (1) on its own; or
    (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g) JOINING MOTIONS.
    *(1) Right to Join*. A motion under this rule may be joined with any other motion allowed by this rule.
    *(2) Limitation on Further Motions*. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h) WAIVING AND PRESERVING CERTAIN DEFENSES.
    (1) *When Some Are Waived*. A party waives any defense listed in Rule 12(b)(2)–(5) by:

        (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
        (B) failing to either:
            (i)    make it by motion under this rule; or

      (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
(2) *When to Raise Others*. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
  (A) in any pleading allowed or ordered under Rule 7(a);
  (B) by a motion under Rule 12(c); or
  (C) at trial.
(3) *Lack of Subject-Matter Jurisdiction*. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) HEARING BEFORE TRIAL.
If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

          Respectfully submitted,

          /s/ Michael L. Meyer
          Michael L. Meyer (28689-64)
          TAFT STETTINIUS & HOLLISTER LLP
          425 Walnut Street, Suite 1800
          Cincinnati, OH 45202
          Phone: (513) 381-2838
          Fax: (513) 381-0205
          mmeyer@taftlaw.com

          *Counsel for Fidelity Brokerage Services, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on September 28, 2018. Notice of this filing will be sent to counsel and parties who have supplied their email addresses to the Court by operation of the ECF system. Copies of the foregoing were served via regular U.S. mail and email on the following on September 28, 2018:

    Aaron Coates
    18709 Taft Ct
    Goshen, IN 46528

                                            /s/ Michael L. Meyer