UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AARON COATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 3:18-cv-574-JD-MGG |
| | ) | |
| VALEO FINANCIAL ADVISORS, LLC, | ) | |
| *et. al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT HHT'S RESPONSE TO PLAINTIFF'S RECENT FILINGS [DKT. 57–60] AND SUPPLEMENT IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**

Coates filed this lawsuit on July 27, 2018. On August 22, Michael Dorelli and David Hensel filed appearances on behalf of fourteen parties: Hoover Hull Turner, LLP; Andrew Hull; Kenneth Munson; Wayne Turner; Evan Carr; Susanne Johnson; Fortuna Gipson; Melodie Alexander; Michael Blinn; Camie Swanson Hull; Valeo Financial Advisors, LLC; John Wortman; John Trott; and Gregory Fulk (collectively, the "HHT and Valeo Defendants"). The same day, Dorelli emailed Coates and requested an initial extension of time to respond to the complaint. In that email, Dorelli asked for an extension "[o]n behalf of Defendants *Hoover Hull Turner, LLP*, Andrew Hull, Ken Munson, Wayne Turner . . . ." (Emphasis added).[1] Receiving no response from Coates, Dorelli filed for the initial extension of time. [Dkt. 18]

---

[1] Contemporaneous with this filing, HHT is filing a declaration of Michael Dorelli, attesting to the facts as provided here. Exh. A. Attached to that declaration is a copy of the email quoted here, showing that HHT requested an initial extension of time, contrary to Coates's allegations. *See* Exh. A., Exh. 1.

1

However, due to a scrivener's error, defendant Hoover Hull Turner, LLP—the law firm itself—inadvertently was omitted from the list of defendants requesting the extension. On August 28, Coates filed an objection to the defendants' collective motion for an extension of time. [Dkt. 31] In his objection, Coates acknowledged receipt of the email Dorelli sent, noting that "Counsel . . . had means . . . to know that the email address used (aska.coates@gmail.com) is not regularly checked by Plaintiff." [*Id.* at ¶2] By Coates's explicit reference to the email address where Dorelli sent the original-extension request, the only logical inference is that Coates saw Dorelli's email, reviewed it, and knew the firm was an intended beneficiary of the request.

On August 30, Dorelli called Coates, who agreed to an initial extension of time to respond to his complaint. After this conversation, Dorelli filed the *Supplement to Defendants' Motion for Initial Extension of Time for Hoover Hull Turner Defendants to Respond to Complaint*. [Dkt. 38] Unfortunately, the same format used for the initial Motion was used again, so Hoover Hull Turner LLP again was omitted.

Six days later, on September 5, Coates filed an *Application for Entry of Default Judgment* and a *Brief in Support of Application for Entry of Default Judgment*. [Dkts. 41, 42] In his brief, Coates argued that "HHT did not request extension of time to respond." [Dkt. 42, at 2] However, from the August 22 email and August 30 telephone conversation, Coates knew the firm had requested his consent to an extension. And, as soon as its scrivener's errors were brought to its attention, HHT immediately filed

a response, explaining the inadvertent omission, arguing it constituted excusable neglect, and asking for its response date to be extended in the same manner as the other HHT Defendants. [Dkt. 47]

Three weeks after the firm's September 5th response, Coates filed a motion for an emergency stay, a motion to subpoena evidence, a motion for an evidentiary hearing, and a supporting brief. [Dkts. 57–60] In those documents, Coates appears to argue that HHT's scrivener's errors were not excusable neglect, but that HHT tactically chose not to respond—hoping Coates would ignore the firm so that HHT then could seek an involuntary dismissal without addressing the merits of his claims. This notion is belied, of course, by both HHT's email request to him for an extension and the motion to dismiss filed on September 26. [Dkt. 61]

In any event, as argued earlier, HHT's scrivener's errors clearly constitute excusable neglect. In *Pioneer Investment Services Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 394 (1993), the Supreme Court noted that "excusable neglect" "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." The Court then explained that the analysis was an equitable one, encompassing all the relevant circumstances surrounding a party's omission. *Id.* Some of these relevant factors include "the danger or prejudice [to the non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the control of the movant, and whether the movant acted in good faith." *Id.*

Here, Coates suffers no danger or prejudice, and there has been no delay in the proceedings. The firm, along with the other HHT Defendants, filed a motion to dismiss and supporting brief on September 26; the proceedings have not been (and need not be) delayed by even a day. Moreover, the arguments of the firm and its agents are identical, so Coates does not suffer any additional prejudice from the firm's response being filed at the same time as the other HHT Defendants.

Additionally, as evidenced by the August 22 email, the firm has acted in good faith. The firm expressly sought an extension from Coates; only because of the scrivener's errors was its name not included in the initial motion for extension and supplement thereto. Granted, the omission was within the firm's control. But it would be inequitable to enter default judgment against the firm for such an error, especially when the firm acted quickly (the same day) to correct the errors, and has responded substantively to Coates's complaint.

As the Seventh Circuit has noted, "[a] default judgment is the biggest weapon in the district court's armory. It may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." *Mommaerts v. Hartford Life & Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007). Hoover Hull Turner LLP is neither recalcitrant nor utilizing tactics designed to cause substantial prejudice—the firm simply made an excusable mistake.

Indeed, because "excusable neglect" is an elastic standard, courts around the country have excused mistakes far more substantial. For instance, in *U.S. ex rel. Robinson v. Bar Ass'n of Dist. of Columbia*, 190 F.2d 664, 665 (D.C. Cir. 1951), a party

inadvertently filed a motion in the district court instead of the appellate court. The party filed an affidavit stating that the appellate motion would have been filed timely, had it not been for the mistake. *Id.* The court held this was sufficient excusable neglect to allow for an extension of time. *Id.*

In *Lee v. ITT Standard*, 268 F.Supp.2d 315, 330 (W.D.N.Y. 2002), the plaintiffs failed to attach relevant pages of deposition testimony to a summary-judgment opposition. The court noted that the failure to attach the documents constituted excusable neglect, as the documents were filed only 30 days late, there was no hint of bad faith, and the non-moving party suffered no prejudice. *Id.*

Indeed, this Court has concluded that a scrivener's error can constitute excusable neglect. In *Heath v. Isenger*, No. 2:10 cv 175, 2011 WL 2580538, at *1 (N.D. Ind. June 28, 2011), the defendants filed an amended answer which raised a nonparty defense and identified the nonparties. When the defendants filed a second-amended answer, however, they failed to identify the nonparty defendants due to a scrivener's error. *Id.* Upon realizing the error, the defendants quickly moved to file a third-amended answer, renaming the nonparty defendants. *Id.* Noting that the plaintiff already was on notice of the nonparty defense, the court held that "[b]ecause the defendants acted promptly in first identifying the nonparties and moving to correct their error . . . the inadvertent scrivener's error is excusable negligence and warrants leave to amend." *Id.* at *3.

Here, after the firm realized its mistake, it filed a response the same day to correct the issue. And, as the August 22 email makes clear, Coates all along has been on notice that the firm intended to seek an extension.

## CONCLUSION

WHEREFORE, given the facts and applicable law, Hoover Hull Turner LLP's request for initial extension of time should be granted, and Coates's multiple motions—first, for default, and now for a stay, discovery, and a hearing (all over the omission of the firm's name from an initial motion for extension of time)—should be denied.

Respectfully submitted,

*/s/ Michael A. Dorelli*
David J. Hensel (15455-49)
dhensel@hooverhullturner.com
Michael A. Dorelli (20862-49)
mdorelli@hooverhullturner.com
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN, 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234

*Counsel for HHT Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system is being sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF) on September 28, 2018, as well as to the Plaintiff by email at aska.coates@gmail.com and acoates@relevantfinancial.com and by certified mail to:

Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528

                                        */s/ Michael A. Dorelli*