**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| AARON COATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-574-JD-APR |
| | ) | |
| VALEO FINANCIAL ADVISORS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS

State Defendants: (1) Marion County Superior Court, and Judge Heather A. Welch ("Judge Welch") (together "Marion County Court Defendants"); (2) Marion County Prosecutor; (3) Court of Appeals of Indiana, Judge Michael P. Barnes ("Judge Barnes"), Judge Elaine B. Brown ("Judge Brown"), Judge Paul D. Mathias ("Judge Mathias"), Judge Edward W. Najam, Jr. ("Judge Najam"), and Judge Nancy H. Vaidik ("Judge Vaidik") (together "Court of Appeals Defendants"); (4) Sara C. Blainbridge ("Blainbridge"); (5) Clerk of the Indiana Appellate and Supreme Court, Michelle Chuta ("Chuta")[1], Larron Golden ("Golden")[2], and Greg Pachmayr ("Pachmayr") (together "Clerk Defendants"); (6) Judge Mary G. Willis ("Judge Willis"); and (7) Commissioner David L. Ober ("Commissioner Ober") (all sixteen (16) State Defendants are referred to herein as "State Defendants"), by counsel, Kelly Cochran, Deputy Attorney General, respectfully request this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and lack of subject matter jurisdiction.

---

[1] The Complaint lists "Michelle" as defendant. Counsel believes Plaintiff is referring to Michelle Chuta, and files this Motion to Dismiss on her behalf.
[2] The Complaint lists "Laaron" or "Aaron" as defendant. Counsel believes Plaintiff is referring to Larron Golden, and files this Motion to Dismiss on his behalf.

## I.        Factual Background

Plaintiff brings suit against thirty-six (36) parties. He sues State Defendants for: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) fraud; (3) forgery; (4) obstruction of justice; and (5) "civil rights." (ECF 1.)

### a.  The State Court Litigation.

Plaintiff's allegations stem from a state court litigation that has spanned several years: *Valeo Financial Advisors, LLC v. Aaron Coates*, 49D01-1505-PL-015418 ("Marion County Superior Court Case"), and its subsequent appeal, *Aaron Coates v. Valeo Financial Advisors, LLC*, 49A04-1710-PL-02464 (together the "State Court Litigation")[3]. There, Valeo Financial Advisors, LLC ("Valeo"), represented by Hoover, Hull, Turner, LLP ("Hoover Hull"), specifically Andrew Hull ("Hull"), filed suit against Plaintiff alleging "breach of contract, breach of fiduciary duty, [and] account stated." (ECF 1, ¶¶ 28, 165.) Though Plaintiff details a variety of minute happenings, only a handful are of importance.

In August of 2017, Judge Welch granted Valeo's motion for summary judgment and discovery sanctions. *Marion County Superior Court Case*, Order Granting Motion for Summary Judgment (August 23, 2017). Plaintiff subsequently filed an Application for Transfer of Causes to the Supreme Court for Appointment of a Special Judge under Indiana Trial Rule 53.1(A) ("TR 53.1 Request"), for failure to rule on motions within thirty (30) days of conducting a hearing.

---

[3] For two reasons, State Defendants respectfully request this Court take judicial notice of the public records in *Valeo Financial Advisors, LLC v. Aaron Coates*, 49D01-1505-PL-015418, and *Aaron Coates v. Valeo Financial Advisors, LLC*, 49A04-1710-PL-02464.

First, in deciding a motion to dismiss, the Court may take judicial notice of court filings and other matters of public record without converting the motion into a motion for summary judgment. *Gen. Elec. Capital Corp. v. Lease Res. Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997); *see also Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013).

Second, "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (internal quotations omitted) (citation omitted). Here, Plaintiff's Complaint stems entirely from the State Court Litigation.

(ECF 1, ¶ 208.) Judge Welch denied Plaintiff's TR 53.1 Request as untimely. (*Id.*, ¶ 209.) In response, Plaintiff filed a motion to correct error, which Judge Welch denied. (*Id.*, ¶¶ 210, 212.) Plaintiff's TR 53.1 Request was later forwarded to Judge Willis, who denied the request as well. (*Id.*, ¶ 213.)

In September of 2017, Judge Welch issued a final judgment in favor of Valeo, with a monetary award of $90,995.01. *Marion County Superior Court Case*, Final Judgment Entered (September 20, 2017). Plaintiff appealed, and the Court of Appeals Defendants affirmed on all counts. (ECF 1, ¶ 48) Valeo then filed a Motion to Tax Costs. (*Id.*, ¶ 217.) Plaintiff's response to Valeo's motion was not uploaded to the Court of Appeals' docket until June 25, 2018, thirteen (13) days after the Court of Appeals Defendants granted the motion. (*Id.*, ¶¶ 217-18.) Despite this timing, the Court of Appeals Defendants considered Plaintiff's response a motion to reconsider, heard Plaintiff's arguments, and nevertheless denied the motion. (*Id.*, ¶¶ 168, 217.)

**b.  Allegations attributable to the Marion County Court Defendants.**

The Marion County Court Case was randomly assigned to Judge Welch. (ECF 1, ¶ 38.) Plaintiff alleges Judge Welch: (1) allowed "[p]arties aligned with Valeo" to be "intimately and directly involved in preparing [her] judgments," in "violation of ex parte communication[,]" (*id.*, ¶ 204); (2) granted "Hull['s]" motion "for a hearing on Summary Judgment and Leave to Amend[,]" (*id.*, ¶ 205); (3) signed an "order denying Coates' Motion to Amend[,]" (*id.*, ¶ 206); (4) issued a final judgment created by Defendant "Gipson," and drafted by Hoover Hull, (*id.*, ¶ 207); (5) "issued an order denying [Plaintiff's] TR 53.1 transfer" and "entered a second denial of Coates' Motion to Correct Error[,]" (*id.*, ¶ 209); (6) and "quickly" scheduled a hearing regarding a Motion to Tax and Assess Costs to Appellant, (*id.*, ¶ 217).

Plaintiff's only factual allegation attributable to the Marion County Superior Court is that Judge Welch currently presides over the Court. (*Id.*, ¶¶ 36-40.)

**c. Allegations attributable to the Marion County Prosecutor.**

Plaintiff alleges he provided the Marion County Prosecutor with over 400 pages of information, requesting the prosecutor pursue charges against Valeo and Hull. (*Id.*, ¶ 223.) Plaintiff takes issue with the fact that he "was never contacted regarding his Claim of Crime and to his knowledge the Marion Prosecutor did not actively consider investigation or prosecution…." (*Id.*, ¶ 225.) Plaintiff further complains the Marion County Prosecutor disclosed the existence of the "Claim of Crime" to "Hull or his proxy[.]"(*Id.*, ¶ 227.)

**d. Allegations attributable to the Court of Appeals Defendants.**

Plaintiff's allegations against individual Court of Appeals judges are scarce. Plaintiff primarily complains the Court of Appeals Defendants affirmed the trial court judgment on all counts. (*Id.*, ¶ 48.) Plaintiff fails to allege any specific actions taken by either Judge Najam or Judge Mathias. (*See id*, ¶¶ 48, 52.) Plaintiff alleges Judge Brown issued an order "stating that 'Appellant's Objection to Tax and Assess Costs to Appellant shall be treated as a motion to reconsider and is hereby denied.'" (*Id.*, ¶ 168.) Plaintiff alleges Judge Vaidik granted Appellee's Motion to Tax and Assess Costs to Appellant and remanded the matter to the trial court. (*Id.*, ¶ 217.) Plaintiff alleges Judge Barnes "announced his retirement" on the day "appellant's brief was accepted." (*Id.*, ¶ 51.) Finally, Plaintiff alleges the Court of Appeals Defendants posted two job openings for positions that could negatively affect Plaintiff. (*Id.*, ¶¶ 219-20.)

**e. Allegations attributable to Blainbridge.**

Plaintiff alleges Blainbridge "has been employed by the Indiana [Court of Appeals] in Human Resources since April 2015." (*Id.*, ¶ 49.) He further alleges Blainbridge created a PDF for two job openings posted by the Court of Appeals Defendants. (*Id.*, ¶¶ 50, 219-20.)

**f. Allegations attributable to the Clerk Defendants.**

Plaintiff alleges the Clerk Defendants provided information regarding his TR 53.1 Request, and Appellant's Objection to Tax and Assess Costs, (*id.*, ¶¶ 209, 211, 218), and failed to immediately process "Appellant's Objection to Tax and Assess Costs to Appellant[,]" (*id.*, ¶ 169). Plaintiff fails to allege any specific action taken by Chuta or Pachmayr. (*See id.*)

### g.  Allegations attributable to Judge Willis.

During the time period relevant to the Complaint, Judge Willis served as Chief Administrative Officer of the Indiana Supreme Court. (*Id.*, ¶¶ 128, 130.) Plaintiff alleges Judge Willis "denied [Plaintiff's] Praecipe for transfer from failure to rule under Indiana Trial Rule 53.1," and resigned from her position in a letter dated April 19, 2018. (*Id.*, ¶¶ 131-32.) Plaintiff takes issue with mistaken date stamps, claiming Judge Willis' ruling was dated September 7, 2017, though the file was created on September 19, 2017. (*See id.*, ¶ 131.)

### h.  Allegations attributable to Commissioner Ober.

Plaintiff sues Commissioner Ober for actions taken in his previous role as a member of the Indiana House of Representatives. (*See id.*, ¶¶ 144-48.) Specifically, Plaintiff addresses a bill drafted by Commissioner Ober (House Bill 1469), which Plaintiff claims may prejudice him. (*See id.*, ¶¶ 173, 175.) Plaintiff further alleges Commissioner Ober left service as a Representative to pursue a position with the Indiana Utility Regulatory Commission. (*Id.*, ¶¶ 148, 150.) He claims Commissioner Ober colluded with Defendants Wayne Turner, Hull, and Camie Swanson-Hull "to offer [Commissioner] Ober a quid-pro-quo for not only HB 1469, but also other initiatives favorable to various utilities." (*Id.*, ¶ 178.)

### i.  Arguments made in the State Court Litigation.

As discussed below, of particular importance to State Defendants' Motion to Dismiss are a number of arguments set forth in Plaintiff's Complaint that were similarly made throughout the State Court Litigation. In Plaintiff's Objection to Tax and Assess Costs to Appellant, Plaintiff

argued: (1) "Hull (or his proxy) actively communicated ex parte with [Judge] Welch, and assisted in drafting [Judge] Welch's rulings including the final judgment that was late[,]" (State Defendants' Exhibit A, p. 1, n. 1); (2) "[Judge] Welch awarded costs on motions Hull knew to be frivolous at the time of filing[,]" (*id.*, p. 1, n. 3); (3) Judge Welch "twice rul[ed] on and den[ied] a TR 53.1 request," (*id.*, p. 2); (4) Judge Willis "officially denied the TR 53.1 request," (*id.*); (5) Commissioner Ober "authored HB 1469," a bill that "specifically addressed withholding of compensation by an employer[,]" (*id.*, pp. 2-3); (6) "Judge Barnes announced his retirement on the same day [ ] that [Plaintiff's] appeal was dated in the online CCS," (*id.*, p. 3); and (7) the "Marion County Prosecutor's Office received a Claim of Crime against Hull in March, but apparently chose not to investigate further[,]" (*id.*). In Plaintiff's "Motion to Correct Error Ruling on Praecipe Application for Transfer Under Trial Rule 53.1 and for Proper Procedural Treatment," Plaintiff claimed the Marion County Court Defendants "failed to properly execute required duties under Ind. TR 53.1, including proper recording of Defendant's Application, and forwarding to the Chief Administrative Officer of the Indiana Office of Judicial Administration[.]" (State Defendants' Exhibit B, p. 1.)

**j. Prayer for relief.**

Plaintiff seeks compensatory, statutory and punitive damages, as well as "injunctive and other equitable relief inclusive of but not limited to injunction, referral to regulator bodies for investigation." (*Id.*, p. 44, a-i.)

## II.      Issue Statement

There are a number of issues before this Court. First, whether State Defendants are entitled to absolute immunity. Second, whether this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Third, whether the doctrine of issue preclusion and

waiver bar this suit. And finally, whether Plaintiff states a claim under any purported cause of action.

### III.        Standard

#### a.  Lack of Subject Matter Jurisdiction (Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)")).

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). When reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). However, a court "may look beyond the allegations of the complaint and view whatever evidence has been submitted" to determine if subject matter jurisdiction exists. *See Alicea-Hernanadez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003).

#### b.  Failure to state a claim (Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)")).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). When deciding a Rule 12(b)(6) motion, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. *Kirk v. City of Kokomo*, 772 F. Supp. 2d 983, 988 (S.D. Ind. 2011) (citing *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991)). Factual allegations in the complaint must be sufficient to raise the possibility of relief above a speculative level, assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Detailed factual allegations are not required, but a plaintiff must allege facts that state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## IV.     Argument

The flaws in Plaintiff's Complaint are numerous. Though he sues many individuals and sets forth a variety of factual allegations, none are sufficient to survive a motion to dismiss. For the following reasons, Plaintiff's Complaint should be dismissed in its entirety: (1) the Marion County Court Defendants, Court of Appeals Defendants, Judge Willis, Marion County Prosecutor, and Commissioner Ober are entitled to absolute immunity; (2) Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine; (3) Plaintiff's Complaint is barred by issue preclusion and waiver; (4) Plaintiff fails to state a claim under any cause of action; (5) Plaintiff's 42 U.S.C. § 1983 ("§ 1983") claims fail because State Defendants are entitled to Eleventh Amendment immunity and are not "persons" subject to suit, Plaintiff does not allege a constitutionally protected interest, due process violation, or personal involvement, and Plaintiff does not state a claim for injunctive relief; and (6) any purported 42 U.S.C. § 1985 ("§ 1985") claim fails as Plaintiff does not allege a conspiracy, constitutional violation, or class-based animus.

### a. The Marion County Court Defendants and Court of Appeals Defendants are entitled to absolute judicial immunity.

"[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (internal quotations omitted) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Immunity is overcome only where a judge's actions: (1) were not taken in the judge's judicial capacity (i.e., were non-

judicial acts); or (2) were taken in clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted).

To determine if an act is judicial, courts look "at 'the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Crenshaw v. Dywan*, 34 F. Supp. 2d 707, 711 (N.D. Ind. 1999) (quoting *Mireles*, 502 U.S. at 11). In determining whether a judge acts in "clear absence of all jurisdiction," "the scope of the judge's jurisdiction must be construed broadly…." *Stump*, 435 U.S. at 356–57. So long as a court has subject matter jurisdiction, immunity applies. *Crenshaw*, 34 F. Supp. 2d at 711-12.

Immunity applies with equal force to state law claims. "Under the *Erie* doctrine, state rules of immunity govern actions in federal court alleging violations of state law." *Benning v. Bd. of Regents of Regency Universities*, 928 F.2d 775, 777–78 (7th Cir. 1991) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Consistent with federal law, in Indiana "[i]t is well-settled that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless those actions are taken in the complete absence of any jurisdiction." *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998) (citing *J.A.W. v. State*, 650 N.E.2d 1142, 1151 (Ind. Ct. App. 1995)).

### i. Marion County Court Defendants.

Plaintiff's allegations against the Marion County Court Defendants amount to a series of criticisms with the manner in which Judge Welch conducted the Marion County Court Case. Plaintiff alleges Judge Welch: (1) allowed "[p]arties aligned with Valeo" to be "intimately and directly involved in preparing [her] judgments," in "violation of ex parte communication[,]" (ECF 1, ¶ 204); (2) granted "Hull['s]" motion "for a hearing on Summary Judgment and Leave to Amend[,]" (*id.*, ¶ 205); (3) signed an "order denying Coates' Motion to Amend[,]" (*id.*, ¶

9

206); (4) issued a final judgment created by Defendant "Gipson," and drafted by Hoover Hull, (*id.*, ¶ 207); (5) "issued an order denying [Plaintiff's] TR 53.1 transfer[,]" and "entered a second denial of Coates' Motion to Correct Error[,]" (*id.*, ¶ 209); (6) and "quickly" scheduled a hearing regarding a Motion to Tax and Assess Costs to Appellant (*id.*, ¶ 217).

First, Judge Welch's acts were judicial in nature. Plaintiff alleges Judge Welch ruled on motions, set hearings, and issued judgments. Each activity was made pursuant to Judge Welch's role as presiding judge, and was "a function normally performed by a judge." *Crenshaw*, 34 F. Supp. 2d at 711 (citation omitted). Plaintiff fails to allege any party interacted with Judge Welch outside of her judicial capacity.

Second, Plaintiff does not allege Judge Welch acted in "clear absence of all jurisdiction." Superior courts have "original and concurrent jurisdiction in all civil cases and in all criminal cases." Ind. Code § 33-29-1.5-(1). Plaintiff even alleges Judge Welch's courtroom is the default venue for such commercial lawsuits. (ECF 1, ¶ 124.)

Plaintiff merely takes issue with Judge Welch's rulings and decisions made throughout the State Court Litigation. "Disagreement with the action taken by the judge[,]" however, "does not justify depriving that judge of [her] immunity." *Stump*, 435 U.S. at 363. Further, immunity applies notwithstanding Plaintiff's allegations that Judge Welch conspired with parties aligned with Valeo (*see* ECF 1, ¶ 204). *See Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996).

Thus, the Marion County Court Defendants are entitled to absolute judicial immunity, and Plaintiff's claims must be dismissed.

### ii.   Court of Appeals Defendants.

Plaintiff's allegations against the Court of Appeals Defendants similarly stem from frustration with the outcome of the State Court Litigation. Plaintiff takes issue with the fact that the Court of Appeals Defendants affirmed Judge Welch's decision and granted a Motion to Tax

and Assess Costs to Appellant. (*See* ECF 1, ¶¶ 48, 217.) Plaintiff further alleges the Court of Appeals posted two job openings, which he felt may have negatively affected the State Court Litigation. (*Id.*, ¶¶ 219-20.) Plaintiff's allegations against individual judges are scarce. He does not allege any specific actions taken by Judge Najam or Judge Mathias. (*See id.*, ¶¶ 48, 52.) He states Judge Brown issued an order "stating that 'Appellant's Objection to Tax and Assess Costs to Appellant shall be treated as a motion to reconsider and is hereby denied,'" (*id.*, ¶ 168), and Judge Vaidik granted Appellee's Motion to Tax and Assess Costs to Appellant and remanded the matter to the trial court, (*id.*, ¶ 217). Finally, Plaintiff alleges Judge Barnes "announced his retirement" on the day "appellant's brief was accepted." (*Id.*, ¶ 51.)

Each of the aforementioned actions were taken pursuant to the Court of Appeals Defendants' role as judicial officers. Plaintiff claims each heard his appeal, denied his Objection to Tax and Assess Costs to Appellant, and remanded Appellee's Motion to Tax and Assess Costs to Appellant to state court. Such functions are ones normally performed by an appellate judge. To the extent this Court is unable to find Judge Barnes' retirement and the job postings are "judicial acts," as set forth below, these allegations do not amount to conduct actionable under any cause of action.

Plaintiff further fails to allege the Court of Appeals Defendants acted in "clear absence of all jurisdiction." Pursuant to the Indiana Constitution, the Court of Appeals of Indiana has appellate jurisdiction. Ind. Const. art. VII, § 6. As such, the Court of Appeals Defendants had subject matter jurisdiction to hear Plaintiff's appeal.

Like the Marion County Court Defendants, Plaintiff simply disagrees with the rulings issued by the Court of Appeals Defendants. As set forth above, however, such a dispute does not

overcome judicial immunity. *See Stump*, 435 U.S. at 363. Thus, the Court of Appeals Defendants are entitled to absolute judicial immunity against Plaintiff's claims.

**b. Judge Willis is entitled to quasi-judicial immunity.**

Judge Willis is likewise entitled to absolute quasi-judicial immunity. Government officials that perform a functionally adjudicatory role are entitled to quasi-judicial immunity. *Crenshaw v. Baynerd*, 180 F.3d 866, 869 (7th Cir. 1999) ("*Baynerd*"). In *Baynerd*, the Seventh Circuit held that "although not members of a court," seven (7) Commissioners of the Indiana Civil Rights Commission were entitled to quasi-judicial immunity for actions taken during the investigation of plaintiff's complaint. *Id.* In coming to this conclusion, the Court noted a distinction between discretionary and ministerial functions. *Id.* Only the former is entitled to immunity. *Id.* Discretionary functions are those that require "legal expertise and practical experience." *Mother Goose Nursery Sch., Inc. v. Sendak*, 770 F.2d 668, 673 (7th Cir. 1985).

Plaintiff alleges that, while serving as Chief Administrative Officer of the Indiana Supreme Court, Judge Willis "denied [Plaintiff's] Praecipe for transfer from failure to rule under Indiana Trial Rule 53.1[.]" (*Id.*, ¶¶ 130-31.) In deciding whether to grant or deny Plaintiff's TR 53.1 Request, Judge Willis employed her legal expertise and experience. Such a decision was discretionary in nature, rather than a ministerial act requiring only a rubber stamp. As with all other State Defendants, Plaintiff merely takes issue with Judge Willis' denial of Plaintiff's request. Thus, because Judge Willis performed a functionally adjudicatory act, she is entitled to quasi-judicial immunity and all claims against her must be dismissed.

**c. The Marion County Prosecutor is entitled to absolute prosecutorial immunity.**

Much like judicial officers, prosecutors enjoy absolute immunity for actions taken within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). This immunity extends both to the decision to initiate prosecution and conduct in the court room. *Id.*

at 431. Absolute immunity applies both to causes of action at common law and § 1983 claims. *Id.* at 424. Indiana law likewise provides absolute immunity for acts that "are reasonably within the general scope of authority granted to prosecuting attorneys…." *Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979).

Plaintiff alleges he provided the Marion County Prosecutor with over 400 pages of information requesting charges be filed against Valeo and Hull. (ECF 1, ¶ 223.) He complains that the Marion County Prosecutor "never contacted [him] regarding his Claim of Crime and to his knowledge the Marion Prosecutor did not actively consider investigation or prosecution…." (*Id.*, ¶ 225.)

The Seventh Circuit has held, however, that immunity extends to the decision of whether and when to bring charges. *See, e.g.*, *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000) (prosecutor's decision not to file charges immediately entitled to absolute immunity); *Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997) (absolute immunity extends to decision of which of two cross-complaints to prosecute); *Ross Yordy Const. Co. v. Naylor*, 55 F.3d 285, 287 (7th Cir. 1995) (prosecutor immune for decision not to prosecute). Thus, the Marion County Prosecutor is entitled to absolute immunity for its decision not to bring charges against Valeo and Hull.

To the extent Plaintiff seeks damages for the Marion County Prosecutor's alleged failure to investigate his claims, immunity still applies. The Supreme Court has held investigative functions normally performed by law enforcement fall outside of a prosecutor's core functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Because investigations do not fall within a prosecutor's core functions, a failure to investigate is entitled to absolute immunity. *See Andrews v. Burge*, 660 F.Supp.2d 868, 876 (N.D. Ill. 2009).

Thus, the Marion County Prosecutor is entitled to absolute immunity and all claims against it should be dismissed.

### d. Commissioner Ober is entitled to legislative immunity.

Legislators are likewise protected by absolute immunity, both against common law and § 1983 causes of action. *See Joseph v. Rowlen*, 402 F.2d 367, 369–70 (7th Cir. 1968). Immunity applies to actions within the "sphere of legitimate legislative activity." *Eastland v. U. S. Servicemen's Fund*, 421 U.S. 491, 501 (1975) (internal quotations omitted) (citations omitted). Courts examine whether "activities took place in a session of the House by one of its members in relation to the business before it[,]" and whether activities were "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation…." *Id.* at 503–04 (internal quotations omitted) (citations omitted).

Legislative immunity extends to "introducing, debating, and voting on legislation[,]" "even when [ ] conduct is based on improper motives." *Biblia Abierta v. Banks*, 129 F.3d 899, 903 (7th Cir. 1997) (citing *Tenney v. Brandhove*, 341 U.S. 367, 378 (1951)). Plaintiff sues Commissioner Ober for actions taken in his role as a member of the Indiana House of Representatives. (ECF 1, ¶¶ 144-48.) Specifically, Plaintiff complains Commissioner Ober drafted House Bill 1469, which was later signed into law. (*Id.*, ¶¶ 173, 175.) Because drafting and passing law falls squarely within the protections of legislative immunity, Commissioner Ober is entitled to absolute immunity, even if he acted with an improper motive. *Biblia Abierta*, 129 F.3d at 903. As such, Plaintiff's claims against Commissioner Ober should be dismissed.

### e. Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine.

"The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the

district court proceedings commenced." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir.

2017), cert. denied, 138 S. Ct. 227 (2017) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

544 U.S. 280, 284 (2005)). "It ensures that lower federal courts do not exercise appellate

authority over state courts." *Mains*, 852 F.3d at 675. The doctrine bars federal jurisdiction when

a plaintiff alleges his injury was caused by a state court judgment, "no matter how erroneous or

unconstitutional the state court judgment may be[.]" *Remer v. Burlindton Area Sch. Dist.*, 205

F.3d 990, 996 (7th Cir. 2000) (citation omitted). In addition to claims alleging a state court

judgment itself caused a plaintiff's injury, the *Rooker-Feldman* doctrine "precludes federal

jurisdiction over claims 'inextricably intertwined' with a state court determination[,]" "even

when those claims were never argued in the state court." *Id.* at 996 (citations omitted). "A

plaintiff may not circumvent the effect of the *Rooker–Feldman* doctrine simply by casting [his]

complaint in the form of a federal civil rights action." *Id.* at 997 (quotations omitted) (citations

omitted).

     In *Mains*, plaintiff brought claims under federal and state law, including § 1983 and

RICO. 852 F.3d at 674. The Seventh Circuit held that "the foundation of the present suit is

[plaintiff's] allegation that the state court's [ ] judgment was in error because it rested on a fraud

perpetrated by the defendants[,]" which "is precisely what *Rooker-Feldman* prohibits[.]" *Id.* at

676. The Court held "[Indiana's] courts are quite capable of protecting their own integrity." *Id.*

As such, rather than permit the district court to review a state court judgment, the Seventh Circuit

held the proper remedy lay in Indiana courts, where a party may file for relief from judgment

based on fraud or misrepresentation. *Id.* (citing Ind. R. Trial P. 60(B)).

     Here, the entirety of Plaintiff's Complaint amounts to frustration with the results of the

State Court Litigation. Just as in *Mains*, Plaintiff brings a number of claims alleging all parties

remotely associated with the State Court Litigation perpetrated fraud, thereby depriving him of his constitutional rights. (*See* ECF 1, ¶¶ 203-21.) Such claims are inextricably intertwined with the state court judgment, and any alleged injury would not have occurred but for judgment against Plaintiff. As stated in *Mains*, rather than request this Court review the state court judgment, Plaintiff must seek relief in Indiana courts.

### f.   Plaintiff's claims are barred by issue preclusion and waiver.

To the extent Plaintiff complains of individual acts of State Defendants, rather than the state court judgment as a whole, Plaintiff's claims are barred by the doctrine of issue preclusion and waiver. "Issue preclusion prevents a party from relitigating an issue that it has previously litigated and lost." *Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002) (citation omitted). Federal courts look to preclusion law in the state in which it sits. *Id.* at 748. "In determining whether issue preclusion is applicable, a court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue and (2) whether it is otherwise unfair to apply issue preclusion given the facts of the particular case." *Angelopoulos v. Angelopoulos,* 2 N.E.3d 688, 696 (Ind. Ct. App. 2013).

In addition to issues explicitly litigated in a previous suit, preclusion bars litigation of arguments a party failed to make in a previous suit, despite having opportunity and motive to do so. *See Alexander v. City of S. Bend*, 320 F. Supp. 2d 761, 773–76 (N.D. Ind. 2004), aff'd, 433 F.3d 550 (7th Cir. 2006) (Section 1983 claims precluded where Plaintiff failed to remedy alleged constitutional violations made in underlying criminal trial, despite having opportunity and incentive to litigate); *see also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1233 (7th Cir. 1986) ("For purposes of determining the res judicata effect of a judgment, a 'cause of action' is not limited to those issues that were or might have been offered to sustain the claim; it is also deemed to comprise all defenses that were or might have been offered.") (citations omitted).

Here, Plaintiff makes arguments identical to those set forth in the State Court Litigation. There, Plaintiff claimed: (1) "Hull (or his proxy) actively communicated ex parte with [Judge] Welch, and assisted in drafting [Judge] Welch's rulings including the final judgment that was late[,]" (State Defendants' Exhibit A, p. 1, n. 1); (2) "[Judge] Welch awarded costs on motions Hull knew to be frivolous at the time of filing[,]" (*id.*, p. 1, n. 3); (3) Judge Welch "twice rul[ed] on and den[ied] a TR 53.1 request," (*id.*, p. 2); (4) Judge Willis "officially denied the TR 53.1 request," (*id.*); (5) Commissioner Ober "authored HB 1469," a bill that "specifically addressed withholding of compensation by an employer[,]" (*id.*, pp. 2-3); (6) "Judge Barnes announced his retirement on the same day [ ] that [Plaintiff's] appeal was dated in the online CCS," (*id.*, p. 3); (7) the "Marion County Prosecutor's Office received a Claim of Crime against Hull in March, but apparently chose not to investigate further[,]" (*id.*); and (8) the Marion County Court Defendants "failed to property execute required duties under Ind. TR 53.1, including proper recording of Defendant's Application, and forwarding to the Chief Administrative Officer of the Indiana Office of Judicial Administration," (State Defendants' Exhibit B, p. 1).

Because Plaintiff made almost all of the arguments he presents to this Court in the State Court Litigation, his claims are barred by issue preclusion. To the extent any allegation contained in the Complaint was not specifically addressed in the State Court Litigation, Plaintiff had every opportunity to present his arguments regarding purported fraud and misconduct in state court, and has therefore waived the right to litigate these issues here.

In addition to addressing specific acts of State Defendants throughout the State Court Litigation, Plaintiff further claimed a conspiracy existed between Judge Welch, Judge Barnes, and parties aligned with Valeo. As a result, Plaintiff may not argue the existence of the same alleged conspiracy here, even if Plaintiff alleges additional conspirators. *See Nesses v. Shepard*,

68 F.3d 1003, 1003 (7th Cir. 1995). In *Nesses*, the Court was faced with facts very similar to those alleged here. There, plaintiff, discontent with the rulings of various Indiana state court judges, brought suit under § 1983, alleging lawyers in a breach of contract case conspired with judges at different stages of the litigation to deprive him of his constitutional rights. *Id.* at 1004. The Court held plaintiff's claims were barred by res judicata because plaintiff had argued misconduct by the lawyers in Indiana state court. *Id.* The Court held "[w]e do not think the preclusive effect of a prior judgment can be avoided by the facile expedient of claiming that the judge was a cat's paw of the winning party's lawyers, any more than it can be avoided by alleging simply the continuation of the conspiracy that formed the basis for the previous action." *Id.* (citations omitted).

Because Plaintiff attempts to re-litigate the same claims of fraud and conspiracy litigated in state court, issue preclusion and waiver bar the present suit.

### g.   Plaintiff fails to state a claim under any cause of action.

Even if this Court finds neither absolute immunity, the *Rooker-Feldman* doctrine, nor issue preclusion bar Plaintiff's Complaint, he fails to state a claim for RICO, fraud, forgery or obstruction of justice. "Under Federal Rule of Civil Procedure 8(a), a complaint should state 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Crenshaw*, 34 F. Supp. at 710 (quoting Fed. R. Civ. P. 8(a)). "[P]laintiffs 'may not avoid dismissal ... simply by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims.'" *Id.* (quoting *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991)). Courts "will not strain to find inferences favorable to the plaintiffs which are not contained within the complaint." *Id.* (quotations omitted) (citation omitted).

Though Plaintiff makes a plethora of factual allegations, he has failed to state a claim against any State Defendant.

### i.    Plaintiff fails to state a RICO claim.

Indiana and federal law provide for both civil and criminal RICO claims. *See* 18 U.S.C. §

1961, et seq.; Ind. Code § 35-45-6-1, et seq. (Indiana criminal RICO statute); Ind. Code § 34-24-

2-1, et seq. (Indiana civil RICO statute). Plaintiff does not have standing to pursue a criminal

RICO claim, whether under Indiana or federal law. *Linda R.S. v. Richard D*., 410 U.S. 614, 619

(1973); Ind. Code 35-34-1-1(a).

To state a claim for relief under federal RICO law, Plaintiff must allege: "(1) conduct (2) of

an enterprise (3) through a pattern (4) of racketeering activity." *Slaney v. The Int'l Amateur

Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473

U.S. 479, 496 (1985)). "Racketeering activity" is defined as a series of criminal offenses

indictable under state and federal law. *See* 18 U.S.C. § 1961(1). RICO "does not cover all

instances of wrongdoing." *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006). "Rather, it is a

unique cause of action that is concerned with eradicating organized, long-term, habitual criminal

activity." *Id.* (citations omitted).

Here, Plaintiff has failed to allege *any* of the elements required for a federal RICO claim. He

does not claim any State Defendant committed a criminal offense indictable under state or

federal law, as set forth in 18 U.S.C. § 1961(1). Even if he had alleged a racketeering activity,

Plaintiff's frustration with specific and unrelated acts of each State Defendant does not amount to

"organized, long-term, habitual criminal activity." *See Gamboa*, 457 F.3d at 705.

Indiana RICO law is modelled after its federal counterpart. *Directv v. Edwards*, 293 F. Supp.

2d 873, 879 (N.D. Ind. 2003). Indiana law "requires proof of conduct of an enterprise through a

pattern of racketeering activity." *Id.* "The establishment of a pattern of racketeering activity is a

necessary element for proof of the crime of corrupt business influence." *Id.* (citing *Wojtowicz v.

State*, 545 N.E.2d 562 (Ind. 1989)). "Racketeering activity" is defined as the commission or

attempted commission of various crimes under Indiana law. *See* Ind. Code § 35-45-6-1(e).

Again, Plaintiff has failed to allege any State Defendant committed a crime, let alone a pattern of

racketeering activity.

Because Plaintiff has not pled *any* element of a civil RICO claim, and lacks standing to

pursue a criminal claim, he fails to allege a RICO violation.

### ii.   Plaintiff fails to state a claim for fraud.

 "The elements of common-law fraud are '(1) a material misrepresentation of past or existing

fact which (2) was untrue, (3) was made with the knowledge of or in reckless ignorance of its

falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining

party, and (6) which proximately caused the injury or damage complained of." *Kesling v. Hubler

Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013) (quoting *Lawyers Title Ins. Corp. v. Pokraka*, 595

N.E.2d 244, 249 (Ind. 1992)). Claims of fraud are held to a heightened pleading standard. Fed. R.

Civ. P. 9(b). When pursuing a claim of fraud, the party "must state with particularity the

circumstances constituting fraud or mistake." *Id.* "'Particularity' requires plaintiffs to plead the

who, what, when, where, and how of the alleged fraud." *Ackerman v. N.W. Mut. Life Ins. Co.*,

172 F.3d 467, 469 (7th Cir. 1999); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

This Court need not address whether Plaintiff has met the heightened pleading standard,

however, as Plaintiff has failed to plead a single element of common law fraud. Plaintiff merely

recites and alleges actions taken by each State Defendant in connection with the State Court

Litigation. He does not cite a misrepresentation of past or present fact made with knowledge or

intent to deceive by any State Defendant. Even if Plaintiff had demonstrated a misrepresentation,

he does allege he rightfully relied on a purported misrepresentation, resulting in damages. (*See*

ECF 1.)

In addition to a civil claim for fraud, Indiana provides a criminal cause of action. Ind. Code § 35-43-5-4. To the extent Plaintiff attempts to bring a cause of action for criminal fraud, he lacks standing to do so. *See* Ind. Code 35-34-1-1(a).

As such, Plaintiff fails to state a cause of action for fraud.

### iii.   Plaintiff fails to state a claim for forgery.

Forgery is a criminal cause of action. *See* Ind. Code § 35-43-5-2(d). As such, Plaintiff does not have standing to bring claims against State Defendants for violation of Indiana criminal code. *See* Ind. Code § 35-34-1-1(a). Further, an intent to defraud is a necessary element of forgery. *Benefield v. State*, 904 N.E.2d 239, 245-46 (Ind. Ct. App. 2009) (quoting IC 35-43-5-2(b)). "'An intent to defraud involves an intent to deceive and thereby work a reliance and an injury.'" *Diallo v. State*, 928 N.E.2d 250, 252–53 (Ind. Ct. App. 2010) (quoting *Williams v. State*, 892 N.E.2d 666, 671 (Ind. Ct. App. 2008)). "'[T]here must be a potential benefit to the maker or potential injury to the defrauded party.'" *Id.* (quoting *Jacobs v. State*, 640 N.E.2d 61, 65 (Ind. Ct. App. 1994)).

Plaintiff has failed to allege an intent to deceive, whether by benefit to any State Defendant, or injury to Plaintiff. To the extent Plaintiff alleges a final judgment signed by Judge Welch and created by Defendant Gipson constitutes forgery, Marion County Local Rule 49-TR5-203(E) *requires* parties submit a proposed order with all motions. To the extent Plaintiff alleges mistaken date stamps associated with Judge Willis' denial of Plaintiff's TR 53.1 Request amounts to forgery, the date of creation and signature had no effect on Plaintiff. Even if these acts somehow constituted forgery, as discussed above, both Judge Welch and Judge Willis are entitled to absolute immunity as each act is a judicial function. Thus, Plaintiff has failed to state a cause of action for forgery.

### iv.   Plaintiff fails to state a claim for obstruction of justice.

Obstruction of justice is a crime under both Indiana, Ind. Code § 35-44.1-2-2, and federal law, 18 U.S.C. §§ 1501-1521. As set forth above, Plaintiff lacks standing to pursue a criminal cause of action. *See* Ind. Code § 35-34-1-1(a); *Weiland v. Byrne*, 392 F. Supp. 21, 22 (N.D. Ill. 1975). Federal law provides two civil causes of action for obstruction of justice. 18 U.S.C. §§ 1514, 1514A. The first permits United States district courts to issue a restraining order prohibiting harassment of a victim or witness in a federal criminal case. 18 U.S.C. § 1514. The second prohibits publicly traded companies from discriminating against an employee for assisting in prosecution of corporate wrongdoings. 18 U.S.C. § 1514A. Because neither applies here, and Plaintiff lacks standing to pursue a criminal cause of action, Plaintiff fails to state a claim for obstruction of justice.

### h.  Plaintiff's § 1983 claims fail.

Plaintiff alleges the Marion County Court Defendants, Marion County Prosecutor, Court of Appeals Defendants, Blainbridge, Clerk Defendants, and Judge Willis violated his civil and due process rights. (ECF 1, ¶¶ 203-28.) Where a plaintiff generally alleges violations of rights protected by the United States Constitution, courts will construe the complaint as bringing a cause of action pursuant to § 1983. *See, e.g.*, *Baker v. AME Church Judicial Council*, 320 F. Supp. 2d 786, 788 (N.D. Ind. 2004) ("Because Elder Baker alleges violation of rights protected by the United States Constitution, this court will treat his claims as having been brought under 42 U.S.C. § 1983….") (citing *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984)); *Boyd v. Anderson*, 265 F. Supp. 2d 952, 957 (N.D. Ind. 2003) ("Because the plaintiffs allege that state officials violated rights protected by the United States Constitution, this court construes their complaint as bringing an action pursuant to 42 U.S.C. § 1983."). To the extent Plaintiff attempts to bring claims pursuant to § 1983, these claims fail as well.

i.     **State Defendants are entitled to Eleventh Amendment immunity and are not "persons" subject to suit under § 1983.**

Section 1983 imposes liability on *persons* acting under the color of law of any state or territory. 42 U.S.C. § 1983. The United States Supreme Court has held that states, their agencies, and officials sued in their official capacities for damages are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, States, their agencies and officials sued in their official capacity for damages are entitled to Eleventh Amendment immunity. *See id.* at 70; *Meadows v. State of Ind.*, 854 F.2d 1068, 1069 (7th Cir. 1988).

The Court of Appeals of Indiana and Marion County Superior Court are units of Indiana's judicial branch, and are therefore state entities. *See* Ind. Const. art. III, § 1, art. VII, § 1; *see also Lake Cty. Juvenile Court v. Swanson*, 671 N.E.2d 429, 434 (Ind. Ct. App. 1996) ("County courts in Indiana are exclusively units of the judicial branch of the state's constitutional system; therefore, the juvenile court is a state entity.") (citing *Woods v. Michigan City, Ind.*, 940 F.2d 275, 279 (7th Cir. 1991)). Further, "[t]he Clerk of the Supreme Court is placed in the judicial department of the government by the Constitution." *Tucker v. State*, 35 N.E.2d 270, 283 (Ind. 1941). The office of the prosecutor is likewise a state agency. *See Bibbs v. Newman*, 997 F.Supp. 1174, 1178 (S.D. Ind. 1998) ("A prosecuting attorney in Indiana clearly acts as a state official when prosecuting criminal cases."). Finally, as a member of the Indiana House of Representatives, and Commissioner of the Indiana Utility Regulatory Commission, a state administrative agency, *see* Ind. Code § 8-1-1-2, Commissioner Ober is a state official.

As state agencies, the Marion County Superior Court, Marion County Prosecutor, Court of Appeals of Indiana and Clerk of the Indiana Appellate and Supreme Court may not be sued in any capacity. As state officials, Judge Welch, Judge Barnes, Judge Brown, Judge Mathias, Judge

Najam, Judge Vaidik, Blainbridge, Chuta, Golden, Pachmayr, Judge Willis, and Commissioner Ober, may not be sued for damages in an official capacity.

The Seventh Circuit has held, "'where a complaint alleges that the conduct of a public official acting under color of state law gives rise to liability under Section 1983, [courts] will ordinarily assume that he has been sued in his official capacity and only in that capacity.'" *Meadows*, 854 F.2d at 1069 (quoting *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir.1985)). "If a plaintiff seeks to sue public officials in their personal capacities or in both their personal and official capacities, the plaintiff should expressly state so in the complaint." *Id.* at 1069 (citation omitted). Courts look to the caption and body of a complaint to determine if a state official is sued in an individual or official capacity. *Duckworth v. Franzen* 780 F.2d 645, 649, cert. denied, 479 U.S. 816 (7th Cir.1985). Naming a defendant by his or her position or office raises a presumption he or she is sued in an official capacity. *Id.*

In examining both the caption and language of the Complaint, Plaintiff has failed to explicitly sue Judge Barnes, Judge Najam, Judge Mathias, Judge Brown, Blainbridge, Pachmayr, Golden and Chuta in an individual capacity. (*See* ECF 1). For each of these parties, Plaintiff specifically references their office or position, raising a presumption that all are sued an official capacity. (*Id.*, ¶¶ 48-49, 54, 218.) As such, this Court should assume Plaintiff has sued each in their official capacity, and all claims for damages must be dismissed.

In the caption of the Complaint, Plaintiff states he sues Judge Welch, Judge Willis, Judge Vaidik, and Commissioner Ober individually and as state officials. (*See id.*) To the extent Plaintiff also sues each in an official capacity, Plaintiff's claims for damages must be dismissed. To the extent they are sued in an individual capacity, each is entitled to immunity, as described above.

Thus, State Defendants are not "persons" subject to suit, and are entitled to Eleventh Amendment immunity.

### ii.    Plaintiff does not allege a constitutionally protected interest.

In order to successfully plead a claim under § 1983, Plaintiff must allege he has been "deprived of a right secured by the Constitution and the laws of the United States." *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Here, Plaintiff has failed to allege any such right. To the extent Plaintiff sues the Marion County Prosecutor for failing to prosecute Valeo and Hull, "[n]o one has a federal constitutional right to have another person jailed[.]" *Sandage v. Board of Com'rs Vanderburgh County*, 548 F.3d 595, 597 (7th Cir. 2008). To the extent Plaintiff argues he was denied access to courts, "[t]he Constitution does not guarantee a freestanding fundamental right of access to the courts." *King v. Marion Circuit Court*, 868 F.3d 589, 592 (7th Cir. 2017), cert. denied sub nom. 138 S. Ct. 1582 (2018). To the extent Plaintiff alleges a violation of his due process rights, "[s]uch a claim requires [he] identify a property interest, [ ] or a state-created liberty interest, [ ] of which [he] was allegedly deprived…" *Baynerd*, 180 F.3d at 869 (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459–62 (1989)). "[T]he mere expectation of receiving a state-afforded process does not establish either an independent liberty or property interest protected by the Due Process Clause." *Id.* (citing *Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983); *Wikberg v. Reich*, 21 F.3d 188, 190 (7th Cir.1994)). "Unless a federal right is contravened, the regulation of state adjudicatory proceedings is the 'business of the states.'" *Id.* (quoting *Nowicki v. Cooper*, 56 F.3d 782, 785 (7th Cir.1995)).

Because Plaintiff does not demonstrate a right secured by the United States Constitution or federal law, his § 1983 claims fail.

### iii.   Plaintiff fails to allege a due process violation.

To the extent this Court finds Plaintiff identifies a constitutionally protected liberty or property interest, Plaintiff does not allege a due process violation because an adequate state remedy exists. If a meaningful post-deprivation remedy is available, the challenged state action does not constitute a violation of procedural due process. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Further, "[w]here state law remedies exist, a plaintiff must either avail [him]self of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996) (citations omitted). To prevail on a procedural due process claim, a plaintiff must demonstrate that state procedures for redressing injuries are systematically and constitutionally inadequate. *See Daniels v. Williams*, 474 U.S. 327, 341 (1986). Here, the State of Indiana provides state court losers adequate procedures to redress purported misconduct, whether at the trial or appellate level. Rather than allege state remedies are constitutionally deficient, Plaintiff merely expresses disappointment with specific and unrelated actions of State Defendants. As such, Plaintiff has failed to allege a violation of his due process rights.

### iv. Plaintiff's claims against Judge Najam, Judge Mathias, Pachmayr and Chuta are barred because Plaintiff fails to allege they were personally involved in purported wrongful conduct.

"Only persons who cause or participate in the [Constitutional] violation are responsible." *George v. Smith*, 507 F.3d 605, 610 (7th Cir. 2007). "[A] plaintiff must plead that each Government-official defendant through the official's *own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). Plaintiff has failed to allege a single individual act on the part of Judge Najam, Judge Mathias, Pachmayr and Chuta. (*See* ECF 1.) As such, Plaintiff's § 1983 claims against these parties must be dismissed.

### v. Plaintiff fails to state a claim for injunctive relief.

Plaintiff seeks "[i]njunctive and other equitable relief inclusive of but not limited to injunction, referral to regulator bodies for investigation[.]" (ECF 1, p. 44, g.) When pursuing injunctive relief in a § 1983 cause of action, however, a party may only seek a court order enjoining a state official from present or future violation of a federal law. *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015) (citations omitted).

Here, Plaintiff seeks an injunction for "referral to regulator bodies for investigation[,]" rather than an order enjoining any party from present or future violation of federal law. (ECF 1, p. 44, g.) In fact, the only conduct Plaintiff complains of is past conduct. Thus, even if Plaintiff has alleged a violation of his constitutional rights (he has not), there is no present violation for which Plaintiff may seek an injunction.

### i.   Plaintiff fails to state a § 1985 claim.

To the extent Plaintiff attempts to bring a cause of action under § 1985, these claims fail as well. "Even under notice pleading, a [§ 1985] complaint must indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007) (citing *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002)). "The minimum ingredient of a conspiracy [ ] is an agreement to commit some future unlawful act in pursuit of a joint objective." *Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007) (citing *United States v. Lechuga*, 994 F.2d 346 (7th Cir. 1993)). Plaintiff fails to allege any agreement made between State Defendants, let alone a date of purported agreement, purpose or objective of agreement, or future unlawful act. As such, Plaintiff fails to allege a conspiracy.

Even if Plaintiff had alleged a conspiracy, he fails to state a claim under 42 U.S.C. § 1985(3) (conspiracy to deprive an individual of rights or privileges), or 42 U.S.C. § 1985(2) (conspiracy to obstruct justice). "Without an underlying constitutional violation, there is no

derivative liability[ ]" under 42 U.S.C. § 1985(3). *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 805 (7th Cir. 2018) (citation omitted). Because, as set forth above, Plaintiff has not identified a constitutional violation, he may not bring a claim under 42 U.S.C. § 1985(3). In order to allege a claim for denial of access to a state court under 42 U.S.C. § 1985(2), Plaintiff must allege a "class-based animus…." *Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1507 (7th Cir. 1994) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Because Plaintiff does not allege any such animus, he fails to state a claim under 42 U.S.C. § 1985(2).

Thus, any purported § 1985 claims must also be dismissed.

## V.        Conclusion

For the reasons stated above, State Defendants respectfully request this Court dismiss Plaintiff's Complaint with prejudice and grant all other just and proper relief.

Respectfully submitted,

CURTIS T. HILL, JR.
Indiana Attorney General
Attorney No. 13999-20


By:        *s/ Kelly Cochran*
Kelly Cochran
Deputy Attorney General
Atty. No. 34543-49

## CERTIFICATE OF SERVICE

I certify that on September 28, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system, sending notice to the following parties who may access this filing using the Court's system:

| | |
|---|---|
| David J. Hensel | Michael A. Dorelli |
| HOOVER HULL TURNER LLP | HOOVER HULL TURNER |
| dhensel@hooverhullturner.com | modorelli@hooverhullturner.com |
| | |
| Kevin K. Fitzharris | Michael Lawrence Meyer |
| BARRETT MCNAGNY LLP | TAFT STETTINIUS & HOLLISTER LLP |
| kkf@barrettlaw.com | mmeyer@taftlaw.com |
| | |
| John W. Borkowski | Aleksandra Ostojic Rushing |
| HUSCH BLACKWELL LLP | HUSCH BLACKWELL LLP |
| john.borkowski@huschblackwell.com | aleks.rushing@huschblackwell.com |
| | |
| Grant E. Helms | Louis Joseph Britton |
| OFFICE OF CORPORATION COUNSEL | KIGHTLINGER & GRAY LLP |
| grant.helms@indy.gov | lbritton@k-glaw.com |

I also certify that a copy of the foregoing has been served this September 24, 2018 by first-class, United States mail, postage pre-paid, on:

Aaron Coates
18709 Taft Ct.
Goshen, IN 46528

*s/ Kelly D. Cochran*
Kelly D. Cochran
Deputy Attorney General

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204
Telephone:  (317) 234-2415
Fax:  (317) 232-7979
Email:  Kelly.Cochran@atg.in.gov