ORIGINAL

IN THE
INDIANA COURT OF APPEALS

Cause No. 49A04-1710-PL-02464

FILED
JUN - 5 2018
GREGORY R. PACHMAYR
CLERK OF COURTS
STATE OF INDIANA

AARON COATES,

    Appellant,
    (Defendant below)

v.

VALEO FINANCIAL ADVISORS, LLC,

    Appellee,
    (Plaintiff below).

Appeal from the
Marion County Superior Court

Trial Court
Cause No. 49D01-1505-PL-015418
Heather Welch, Judge

## APPELLANT'S OBJECTION TO TAX AND ASSESS COSTS TO APPELLANT

Appellant, Aaron Coates ("Coates"), pro se, respectfully objects to Appellee, Valeo Financial Advisors, LLC ("Valeo") Motion to Tax and Assess Costs to Appellant.

Valeo's Motion is problematic for numerous reasons. While not privy to Hull's apparent continued use of back room conversations and dealings,[1] the most glaring failure of Hull's Motion is the absence of fees requested.[2] Does Mr. Hull really expect the Court to award carte blanch fees even if millions of dollars?[3] However, this objection will not address specific failings

---

[1] Material evidence exists that Hull (or his proxy) actively communicated ex parte with Welch, and assisted in drafting Welch's rulings including the final judgment that was late.
[2] Hull's last filing prior to this Motion was on 3/16/18. Has he not yet invoiced his client? Can he produce evidence that is standard practice for his firm to not even calculate billing from 3 months earlier?
[3] Welch awarded costs on motions Hull knew to be frivolous at the time of filing, including numerous continuances for his 'personal reasons' that were nothing more than intentional delay and research on Valeo's crimes against me.


EXHIBIT A

of the Motion as drafted, the curious procedural request to remand to the trial court,[4,5] or case precedent. I am instead compelled to only issue a warning. By ignoring convention, I willingly accept the further compounding personal liability that may result from a grant of Valeo's Motion knowing future Hoosiers will benefit in the end.

From my observations over the prior three years of Hull's representation of Valeo in this matter, when Hull pursues actions with unclear motive, parties that initially agree to support his action, are most often left with the stain of material personal and professional jeopardy.

1. While many actions surrounding Judge Welch are jeopardizing, none is more clearly damning than her twice ruling on and denying a TR 53.1 request. The second motion to correct referenced and contained the Supreme Court directive stating that ruling on a TR 53.1 is a breach of judicial conduct.

2. CAO Mary Willis seems to have found herself in an overly compromising position. She officially denied the TR 53.1 request. In reviewing it, she cannot deny having learned about some of Hull's conduct failures contained in the petition. She may have additionally been the party responsible for the "random" assignment of my appeal and Indiana v. IBM to the same appellate court. Both appeals of a civil matter were filed around the same time, both with Welch and Hull involved. While her leave may serve as a credible scapegoat to other at-risk parties, the silence regarding her leaving suggests concealment.

3. In his early 30's, with no legal education, Indiana Representative David Ober authored HB 1469 on January 14, 2015 (a few weeks after Valeo says I left). It

---

[4] As if a trial court should have jurisdiction over the Appellate Court
[5] The request itself seems to give away intentional deceit by seeking return to the trial court with the expectation of Coates having representation. If Hull, Welch, and others have materially violated professional and judicial conduct, this would serve to keep those actions within the privacy of disciplinary bodies.

was signed into law on May 5, 2015. Valeo filed suit against me three days later on May 8, 2015. The bill specifically addressed withholding of compensation by an employer (which Valeo did against me and has yet to reimburse). Mr. Ober announced he was resigning his elected office to pursue nomination to the IURC. In his early 30's, a graphics design major, he was selected out of 7 candidates some with far more experience and relevant education. Mr. Hull's wife was a well-regarded IURC Commissioner. Watchdogs believe that Ober was hand-picked prior to the interview process.

4. Michael Blinn, an associate at Hull's office, and original co-counsel for Valeo, who first researched the specifics of Valeo's claim and may have discovered Valeo's crimes and noted in a memo, left the firm as soon as summary judgment was awarded. Another party of plausible deniability.

5. Judge Barnes announced his retirement on the same day (January 11, 2018) that my appeal was dated in the online CCS, but for a date that allowed for my ruling to be issued, but almost certainly would allow for a different judge on the IBM ruling.

6. The Marion County Prosecutor's Office received a Claim of Crime against Hull in March, but apparently chose not to investigate further. Hull soon after filed his Motion to Strike with this Court seeming to lay the groundwork for his later

defense, or to misleadingly justify some rationale for the case having merit over the past three years.[6,7]

The dishonorable actions of many will, in due time, be publicly exposed. I hope this will motivate reforms toward a fairer judicial system for Hoosiers. Sadly, some, like Sharon Land, may never receive rightful due process. For this Court, and this Motion, consider the possibility that a party may be deceitful in their motives and have no regard for compromising others. If so, this ruling might start (or continue)[8] a slippery slope of compromise where reverting to justice might require self-incrimination.

I did not seek out this situation. But from the beginning I have known that God has placed me in this position for a specific purpose and I will not run from it or compromise. After years of bullying, our family back home from a wealthy Philly suburb. I hold the morals of this great State dearly enough to fight and suffer for them, and I know how to fight and win against bullies with far more resources and power. Many have sacrificed far more than I, even paying the ultimate price, for our freedom. This is the least I can do.

Consider your role in history, the professional risk you may already be taking on, and the risk to the public trust in Indiana's higher courts and the rule of law. At the proper time much of this will be revealed, even with the efforts by many to hide much of it, which will only make the final result more dramatic. Consider how your actions might be viewed publicly given Hull's

---

[6] He failed to note that "incentive compensation" is not a wage, that was the only income I was ever paid by Valeo meaning Hull proves he pursued a frivolous case for 3 years even subjecting me to physical risk. I have no need to address other failures here. If you prefer to I will simply offer the warning of what allowing Hull's game to continue may have greater cost to members of the Court and the overall reputation than you yet realize.

[7] The unusual nature of Hull's Motion to Strike suggests that Hull believed or was requested to provide some reasoning to the Court for ruling in Valeo's favor.

[8] I have strong reason to believe none of these statements are surprising to those reviewing it, which will be determined in discovery.

well-refined skill at using selective information[9] to convince people to enter compromising positions. Should you choose to align yourself with failures of justice, you should not be surprised if a higher authority holds you accountable at the proper time.

I do apologize for responding in like manner to Valeo's (non) Motion. Again, I feel compelled to properly warn those reviewing this Motion instead of once more objecting with well-researched legal grounds and still have an award against me. Feel free to award it at your own peril.

Coates hereby requests the Court deny Valeo's Motion to Tax and Assess Costs to Appellant.

WHEREFORE, Appellant, Aaron Coates, respectfully requests the Court deny Valeo Financial Advisors, LLC tax and assess its costs to against Appellant, Aaron Coates, and absolutely not remand this matter to trial court.

Respectfully submitted,

Aaron S. Coates
Appellant

18709 Taft Ct.
Goshen, IN 46528

---

[9] IBM v. Indiana by Hull before this Court. "selectively quoted snippets", "strained reading", "mischaracterizes", "embellishment", "awkward locution", "Johnny-One-Note refrain", all from teams of attorneys over a 12-year case heard by all courts regarding description of Hull's facts of the case on appeal. Caveat emptor to anyone that aligns themselves with this disrespect for the law and game playing.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served up the following, via First Class U.S. Mail, postage prepaid, on June 5, 2018 to the following parties:

Andrew W. Hull
*Counsel for Plaintiff*
Hoover Hull Turner LLP
111 Monument Circle, Suite 4400
PO Box 44989
Indianapolis, IN 46244-0989

                                            Aaron S. Coates
                                            Defendant