UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:18-cv-574-JD-APR |
| | ) |
| VALEO FINANCIAL ADVISORS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF RIGHT TO RESPOND TO MOTION TO DISMISS

State Defendants Clerk of the Indiana Appellate and Supreme Court, Court of Appeals of Indiana, Judge Michael P. Barnes, Sara C. Blainbridge, Judge Elaine B. Brown, Michelle Chuta, Larron Golden, Marion County Prosecutor, Marion County Superior Court, Judge Paul D. Mathias, Judge Edward W. Najam, Jr., Commissioner David L. Ober, Greg Pachmayr, Judge Heather A. Welch, Judge Mary G. Willis, and Judge Nancy H. Vaidik ("State Defendants") have filed a motion to dismiss. Attached is a copy of the motion. It asks the court to decide your case without a trial. It says that there should not be a full trial because you cannot win your claims. It asks the court to dismiss your case with prejudice. State Defendants' motion to dismiss will be granted if, taking all factual allegations contained in your Complaint as true, you have failed to state a claim upon which relief can be granted.

You have the right to file a response to the motion. You must file and serve a copy of your response within fourteen (14) days of receiving the motion to dismiss. If you need more time to respond, you must file a motion with the court asking for more time before the deadline expires. The court may, but is not required to, give you more time.

1

Your response must comply with all other portions of Federal Rule of Civil Procedure 12, and with Local Rule 7-1, copies of which are below. Please note that for these rules you are considered a "party," the "non-moving party" and/or the "non-movant."

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

(a) TIME TO SERVE A RESPONSIVE PLEADING.

    (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

        (A) A defendant must serve an answer:

            (i) within 21 days after being served with the summons and complaint; or

            (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

        (B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

        (C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

    (2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

    (3) *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

    (4) *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

        (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

        (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

    (1) lack of subject-matter jurisdiction;

    (2) lack of personal jurisdiction;

    (3) improper venue;

    (4) insufficient process;

    (5) insufficient service of process;

    (6) failure to state a claim upon which relief can be granted; and

    (7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

    (1) on its own; or

    (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g) JOINING MOTIONS.

    (1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.

    (2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h) WAIVING AND PRESERVING CERTAIN DEFENSES.

    (1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

      (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

(2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);

(B) by a motion under Rule 12(c); or

(C) at trial.

(3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) HEARING BEFORE TRIAL. If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

### **N.D. Ind. L.R. 7-1 Motion Practice**

(a) **Motions Must Be Filed Separately**. Motions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption.

(b) **Brief Required for Certain Motions**. Parties must file a supporting brief with any motion under:

(1) Fed. R. Civ. P. 12;

(2) Fed. R. Civ. P. 37;

(3) Fed. R. Civ. P. 56; or

(4) Fed. R. Civ. P. 65(b).

(c) **Rule 12 Defenses**. The court will not rule on a defense under Fed. R. Civ. P. 12 until the party who raised it files a motion and brief.

(d) **Response- and Reply-Brief Deadlines**.

(1) **Summary-Judgment Motions**. Summary-judgment motions are subject to the deadlines in N.D. Ind. L.R. 56-1(b) and (c).

(2) **Other Motions**.

(A) **Responses**. A party must file any response brief to a motion within 14 days after the motion is served.

(B) **Replies**. The moving party must file any reply brief within seven days after the response brief is served.

(3) **Extensions**. The court may extend response- and reply-brief deadlines, but only for good cause.

(4) **Summary Rulings**. The court may rule on a motion summarily if an opposing party does not file a response before the deadline.

(e) **Page Limits**.

(1) **Rule**. Supporting and response briefs (excluding tables of contents, tables of authorities, and appendices) ordinarily must not exceed 25 pages. Reply briefs must not exceed 15 pages.

(2) **Exception**. The court may allow a party to file a brief exceeding these page limits for extraordinary and compelling reasons. But if the court permits a brief to exceed 25 pages, it must include:

(A) a table of contents with page references;

(B) an issue statement; and

(C) a table of authorities including:

(i) all cases (alphabetically arranged), statutes, and other authorities cited in the brief; and

(ii) references to where the authorities appear in the brief.

(f) **Authority Not Available Electronically**. A copy of any decision, statute, or regulation cited in a motion or brief must be attached to the paper if—and only if—it is not available on Westlaw or Lexis. But if a copy of a decision, statute, or regulation is only available electronically, a party must provide it to the court or another party upon request.

                                            Respectfully submitted,

                                            CURTIS T. HILL, JR.
                                            Attorney General of Indiana
                                            Atty. No. 13999-20

Date: _September 28, 2018_          By:   _s/ Kelly D. Cochran_
                                                    Kelly D. Cochran, Atty. No. 34543-49
                                                    Deputy Attorney General

Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 234-2415
Fax:     (317) 232-7979
Email:  Kelly.Cochran@atg.in.gov

## **CERTIFICATE OF SERVICE**

I certify that on September 28, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system, sending notice to the following parties who may access this filing using the Court's system:

David J. Hensel
HOOVER HULL TURNER LLP
dhensel@hooverhullturner.com

Michael A. Dorelli
HOOVER HULL TURNER
modorelli@hooverhullturner.com

Kevin K. Fitzharris
BARRETT MCNAGNY LLP
kkf@barrettlaw.com

Michael Lawrence Meyer
TAFT STETTINIUS & HOLLISTER LLP
mmeyer@taftlaw.com

John W. Borkowski
HUSCH BLACKWELL LLP
john.borkowski@huschblackwell.com

Aleksandra Ostojic Rushing
HUSCH BLACKWELL LLP
aleks.rushing@huschblackwell.com

Grant E. Helms
OFFICE OF CORPORATION COUNSEL
grant.helms@indy.gov

Louis Joseph Britton
KIGHTLINGER & GRAY LLP
lbritton@k-glaw.com

I also certify that a copy of the foregoing has been served this September 28, 2018 by first-class, United States mail, postage pre-paid, on:

Aaron Coates
18709 Taft Ct.
Goshen, IN 46528

                                                *s/ Kelly D. Cochran*
                                                Kelly D. Cochran
                                                Deputy Attorney General

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204
Telephone:  (317) 234-2415
Fax:  (317) 232-7979
Email:  Kelly.Cochran@atg.in.gov