FILED

OCT 0 1 2018

At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **Aaron Coates** | ) | **NO.:** 3:18-cv-000574-JD-APR |
| *Plaintiff* | ) | |
| v. | ) | **JUDGE JON E. DEGUILIO** |
| | ) | |
| **Valeo Financial Advisors, LLC, et. al.,** | ) | **MAGISTRATE JUDGE ANDREW P.** |
| *Defendants* | ) | **RODOVICH** |
| | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO INSPECT FEDERAL EVIDENCE

Plaintiff, Aaron Coates, having previously moved for order to permit inspection of federal evidence related to claims in Plaintiff's Complaint ("Motion") [Dkt. 43], and having considered Joint Response filed by various Defendants ("Response") [Dkt. 52], offers the following reply.

### "a. Plaintiff's Motion is [fatally] unclear." (p. 2 ¶1)

Defendants' Response suggests lack of clarity makes the Motion fatal because of "an apparent clerical error." Defendants, who are mostly experts in litigation, realize of that the Court is duty bound to toss a party's argument of a fatal error that admits the error is apparent and the opposing party's intent is clear to them. Counsel for all Defendants, having reviewed, or being intimately knowledgeable of past litigation with Coates, have seen apparent evidence that Plaintiff has personally prepared all briefs, and while maturing in competency, remains without any proofing resource. So, they know this will not be the last apparent clerical error.

The second argument asserts that Coates' Motion is too imprecise to allow for response because 1) "does not specify what 'federal evidence' he seeks," 2) "how it is related to his claims," 3) "why such evidence is required this early in the proceedings," or 4) "who possesses this 'federal evidence.'" (p. 2 ¶1).

Instead of demonstrating why these arguments clearly have no merit, Coates will provide precise detail, and on all four points, as opposed to just one as requested. Coates has no desire to deceive the Court or even the Defendants. While I attempt to live a life of integrity, and often fail, I am content to allow all my actions, both public and private, to bear the full weight of any honest judgment and suffer the consequences of any harm I have caused another or any moral failing. No court of man comes close to the standard I will face someday in eternity, hoping only to be saved by grace through faith, and not of my own trivial works.

### 4) Who possesses this federal evidence

The Federal Bureau of Investigation (FBI), possesses this evidence. On May 4, 2018, I, Aaron Coates, personally appeared at the Chicago office of the FBI to file a complaint. Coates was there from 11:35 a.m. until 12:58 p.m. CDT, and has communicated with the FBI a few times regarding further developments since then.

### 3) Why such evidence is required this early

It isn't. I felt compelled to warn this Court from blindly falling into a scheme from Hoover, Hull, Turner, LLP's very thin play book that might harm the Court's reputation and taint the Court's ruling. Some clues immediately following this Motion, suggest the Court became more cautious. Still, while this Motion sat

unawarded, I had to step in, and attend to Dorelli's disgraceful behavior. Plaintiff had no risk from his behavior, only the Court. Almost certainly, that is what happened to a number of parties represented here by the Indiana Attorney General. But, in not coming forward, they have traveled far down the now overgrown path of complicity. Selfishly, I hoped to avoid the same here and the consequential trips to Chicago. I still fear that the justice system is in grave danger from failing self-regulation, offering justification for even more manipulation, exploitation, and degradation from the other branches (as if last week could get worse).

## 2) How it is related to [Coates's] claims

Most claims offered in Complaint were brought to the attention of the FBI during my lengthy initial interview, along with events by the same parties unrelated to Coates, but suggest habitual offenses, such as matters regarding Sharon Land and IBM. Specific details and evidence were offered including:

1) Marion County Prosecutor received a large package (4.7 lbs.) from Coates by certified mail on March 8, 2018. This included an eleven (11) page Claim of Crime with over 400 pages of supporting detail, against Andrew W. Hull, and Valeo Financial Advisors, LLC. Also included was video of a meeting between Coates and Hull where Hull first admits to Coates that a full contract never existed between Coates and Valeo. Hull then instructed Coates, an opposing pro se party, that his opportunity to respond to Valeo's Motion to Summary Judgment given the new evidence has passed.

2) Hull, a few weeks after the Claim of Crime was received by the Prosecutor, filed a Motion to Strike to the Indiana Ct. App. seeming to argue his innocence to the Claim.[1]

3) Mary Willis's backdating an order, created September 19, 2017, but stamped by the Clerk of the Indiana Appellate and Supreme Court as issued on September 7, 2017 at 4:30 p.m. During the period in question, on September 12, 2017, Judge Heather Welch, issued an order denying Coates motion for correction on Welch's denial of an Ind. Trial Rule 53.1 transfer that she was not allowed to rule on in the first place, nor was the Marion County Clerk supposed to forward the request to her court. Welch's second denial was drafted by an attorney at Hoover, Hull, Turner, LLP on September 12, 2017.

4) David Ober's Indiana House Bill 1469 that was authored days after Coates left Valeo and signed into law three days before Valeo filed suit, amending Indiana's Wage Payment statute, reducing employer liability, which was very much at issue in the matter between Coates and Valeo, as well as the rest of Valeo's employees. Without this change, Valeo had much greater chance of outright failure. As further evidence of undue influence of some parties here, Coates noted the weakening of Ind. Tr. Rule 9.2 the during the litigation that eliminated the requirement that a party produce a contract, or state its belief of a contract, when filing suit.[2]

---

[1] Hull's Motion to Strike acknowledges the existence of Coates claim against Ind. Code 22-2-8-1 then argues for the first time that it does not apply. The Claim of Crime produces evidence possessed by Coates, previously unknown to Valeo, of Valeo's crime and draws a line between Valeo's crime, their attorneys' knowledge, and use of work product in support of Valeo's crime. Hull also admits in the meeting to a general lack of knowledge regarding previous production from Coates, including a sworn affidavit from Coates, even though Hull continued to pursue a motion for discovery sanctions against Coates and was successful.

[2] Coates had argued numerous times that Hull's willingness to sue knowing that an entire agreement did not exist, subjected to professional liability, or worse. Further Valeo's failure to state under what grounds it believed a contract to exist did not allow the lawsuit to proceed. Welch ignored this continual argument. Days after Coates' appeal was filed, the Trial Rule was coincidentally changed to not require a contract or state on what basis a contract is believed to have existed.

While additional matters were discussed, and further details offered, Coates did not take notes during the interview. Coates is willing to agree to release of any video and notes from the interview if the FBI agrees.

**1) What federal evidence is sought.**

So much evidence is publicly available, or already in Coates's possession, little else is needed. If no party here wants to demonstrate its limited complicity, or lack of knowledge to nefarious purposes, Coates is comfortable proving to the jury this egregious and widespread matter requires full judgment against every party claiming complete innocence.

It is believed that federal evidence, including any private communications or correspondence between Defendants, obtained by legal warrant, will expedite the determination of this matter, reducing the risk of damage to America's trust in our justice system. That evidence should expose a few bad actors, responsibility will be quickly allocated, and judgment can be summarily issued. A trial will be viewed as against the entire system of justice, not a few bad actors, and others who should not have ignored a duty to report.

**b. "To the extent Plaintiff seeks discovery from Defendants, his Motion is procedurally improper."**

Plaintiff doesn't seek discovery from any Defendant, so it is not procedurally improper.

As stated in Brief supporting Motion [Dkt. 44], Coates has filed this Qui Tam Complaint, on behalf of the Federal Government, against parties that Coates

believes have violated numerous federal laws, including Civil Rights, Fraud, Forgery, Obstruction of Justice, and Racketeering, and other claims for RICO, Unfair Competition, and Due Process violations. Coates believes that one or more of these parties have committed these crimes against many more parties than Coates. Further, if not stopped, or only facing punishment far less than the benefit of their actions, additional parties will be injured, and a dangerous precedent will be set. So, if the federal government does not choose to pick up the Complaint, it is very reasonable that any evidence possessed by federal investigators be provided to Coates while pursuing a claim on its behalf.

WHEREFORE, Plaintiff respectfully moves the Court grant Order to Inspect Federal evidence and for all other relief that is just and proper.

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ October 1, 2018

CERTIFICATE OF SERVICE

A true and correct copy of Plaintiff's Reply is being hand delivered to the Court for filing and thereafter will be served upon all Defendants in accordance with the Federal Rules of Civil Procedure.

Valeo Financial Advisors, LLC
Hoover, Hull, Turner, LLP
John T. Wortman, John C. Trott
Gregory A. Fulk, Andrew W. Hull
Kenneth J. Munson, Wayne Turner
Michael J. Blinn, Evan D. Carr
Susanne (Heckler) Johnson, Fortuna Gipson
Melodie M. Alexander, Camie Swanson-Hull
**Hoover, Hull, Turner, LLP**
Michael A. Dorelli
111 Monument Circle #4400
Indianapolis, IN 46204

Gibson Insurance
**Barrett McNagny, LLP**
Kevin K. Fitzharris
215 East Berry St.
Fort Wayne, IN 46802

Fidelity Institutional
**Taft Stettinius & Hollister LLP**
Michael L. Meyer, Esq.
425 Walnut St., Suite 1800
Cincinnati, OH 45202

Valparaiso University
Mark Heckler
**Husch Blackwell LLP**
Aleksandra Rushing
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3433

Clerk of the Indiana Appellate and Supreme Court
Court of Appeals of Indiana, Judge Michael P. Barnes
Sara C. Blainbridge, Judge Elaine B. Brown
Michelle Chuta, Larron Golden
Marion County Prosecutor, Marion County Superior Court
Judge Paul D. Mathias, Judge Edward W. Najam, Jr.
Commissioner David L. Ober, Greg Pachmayr
Judge Heather A. Welch, Judge Mary G. Willis
Judge Nancy H. Vaidik
**Office of Attorney General Curtis Hill**
c/o Kelly Cochran and Joshua Lowry
302 W. Washington St., IGCS-5th Floor
Indianapolis, IN 46204

Marion County Clerk of Court
**Office of Corporation Counsel**
Grant E. Helms
200 E. Washington St., Suite 1601
Indianapolis, IN 46204

Pamela K. Koehler
**Kightlinger & Gray, LLP**
Louis J. Britton
One Indiana Square, Suite 300
211 North Pennsylvania St.
Indianapolis, IN 46204

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ October 1, 2018

8