UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES ) | |
| ) | |
| Plaintiff ) | CASE NO. 3:18-cv-574-JD-APR |
| ) | |
| vs. ) | |
| ) | |
| VALEO FINANCIAL ADVISORS, ) | |
| LLC, et al. ) | |
| ) | |
| Defendants ) | |
| ) | |

**DEFENDANT PAMELA K. KOEHLER'S BRIEF IN SUPPORT OF HER
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff's Complaint alleges that a vast conspiracy was formed between lawyers, law firm employees, court administrators, trial and appellate judges, financial firms and a law school over the course of several years all for the purpose of obtaining and upholding a judgment against Coates. Despite its length, Coates's Complaint is short on the details of the alleged conspiracy and lacks the plausibility required to state any claim here. This is especially true with respect to the scant references to Koehler in this matter. Coates's Complaint purports to contain seven counts, yet not one alleges what Koehler did or failed to do that caused harm to Coates. In fact, those seven counts fail to make even one reference to Koehler. Those seven counts make a number of claims, but because Coates is pro se, he is unable to prosecute any of the qui tam claims he asserts. That narrows Coates's claims to RICO, unfair competition and due process.

At most, Coates's Complaint alleges that Koehler provided legal advice and services to Co-Defendant Valeo Financial Advisors, LLC ("Valeo") related to a prior state court matter between Coates and Valeo. Such allegations fail to state any claim against Koehler. Coates's

allegations are similarly unable to state a claim against Koehler for RICO, unfair competition and due process and his Complaint against Koehler should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Moreover, Coates's claims arise from injury suffered from a prior state court judgment and thus are barred by the Rooker-Feldman doctrine.  Coates's Complaint against Koehler should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## I.     STANDARD

### A.  Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  Moreover, the Seventh Circuit has determined that "the height of the pleading requirement is relative to the circumstances." Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009).  Thus, when a pro se plaintiff pleads "a vast encompassing conspiracy; and before defendants in such a case become entangled in discovery proceedings, the plaintiff must meet a high standard of plausibility." Id.

**B. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The first duty of federal litigants is to determine the existence of subject matter jurisdiction. Johnson v. Wattenbarger, 361 F.3d 991, 992 (7th Cir. 2004). Because the federal courts are courts of limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 679 (7th Cir. 2006), quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs. Bultasa Buddhist Temple of Chicago v. Nielsen, 878 F.3d 570, 573 (7th Cir. 2017), citing Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995).

**II. FACTS ESTABLISHED IN THE UNDERLYING STATE COURT MATTER OF WHICH THE COURT SHOULD TAKE JUDICIAL NOTICE**

Taking judicial notice of historical documents, documents in the public record, and reports of administrative bodies is proper and does not convert a motion to dismiss into a motion for summary judgment. Menominee Indian Tribe of Wis. v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998). The same is true with respect to prior state court decisions. Opoka v. I.N.S., 94 F.3d 392, 394 (7th Cir. 1996); see also Watkins v. United States, 854 F.3d 947, 949-51 (7th Cir. 2017) (court could take judicial notice of an earlier state-court complaint and thereby dismiss based on the doctrine of res judicata). Consequently, this court should take judicial notice of facts established in Coates v. Valeo Fin. Advisors, LLC, 97 N.E.3d 314 (Ind. Ct. App. 2018) (unpublished) which was Coates's appeal from an Indiana state court matter between Valeo and Coates.

Valeo is a financial advisory firm. Id. at *1. Coates began employment with Valeo on September 15, 2009. Id. In connection with his job, Coates signed an Employment Agreement providing, in part, that he would not solicit Valeo's clients during his employment and for two years after the employment terminated. Id. However, under certain circumstances (including payment of a "removal fee"), Coates could exempt clients from his restrictive covenant. Id.

Near the end of December 2014, Coates terminated his job with Valeo. Id. Despite his Employment Agreement, Coates solicited six clients, all of whom were subject to a removal fee. Id. On January 15, 2015, Valeo sent Coates an account reconciliation setting out each client's removal fee and the aggregate amount Coates owed, $36,476.96. Id. Coates never expressly objected to these fees, but he also never paid them. Id.

On May 8, 2015, Valeo filed a lawsuit against Coates, alleging breach of contract, breach of fiduciary duty, and account stated. Id. at *2. Two years later, on May 1, 2017, Valeo moved for summary judgment on all counts. Id. The trial court granted Valeo's motion. Id. On March 26, 2018, the Indiana Court of Appeals unanimously affirmed the trial court. Id. at *3. Coates argued on appeal that the agreement was void. Coates had not asserted that argument at the trial court level and consequently waived that argument. Id. at *6-7. Further, the court of appeals found that Valeo's designated evidence met its burden of proof thus shifting the burden to Coates to designate evidence that precluded summary judgment. Id. at *7-8. He failed to do so and did not satisfy his burden. Thus, summary judgment in favor of Valeo for breach of contract, breach of fiduciary duty and account stated was appropriate. Id.

### III.   ALLEGATIONS AGAINST KOEHLER

Federal Rule of Civil Procedure 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Coates's Complaint fails to

demonstrate that Coates is entitled to relief against Koehler. Koehler is not mentioned in any of the seven counts of Coates's Complaint. The entirety of the allegations against Koehler are:

- Koehler is a lawyer licensed to practice in Indiana who has served as Valeo's registered agent and has provided legal services to Valeo. (Doc. # 14, Compl. ¶¶ 75, 76 and 81).

- Koehler provided legal advice to Valeo regarding employment and compensation practices of Valeo. (Doc. # 14, Compl. ¶¶ 4, 58, 65 and 79).

- Koehler drafted an employment agreement and compensation agreement for Valeo that Valeo used with its employees. (Doc. # 14, Compl. ¶ 80).

- Koehler provided documents to Hoover Hull that it, on behalf of Valeo, used to support a Motion for Summary Judgment against Coates. (Doc. # 14, Compl. ¶ 78).

- Koehler sent a demand letter to Coates in February 2015 relative to Valeo's claims against Coates.

### IV.   DISCUSSION

The sum of Coates's allegations against Koehler is that Koehler provided legal services to Valeo. Accepting those allegations as true, Coates's allegations fail to state a claim for relief that is plausible on its face. The Court cannot draw any inference here that Koehler is liable to Coates for the conduct alleged, because Coates failed to allege how Koehler acted unlawfully and the grounds which entitle him to relief against her. Coates's Complaint could be dismissed on that basis alone without delving further into the claims Coates may be attempting to assert against Koehler. Nonetheless, additional analysis is provided below which further supports dismissal of this matter against Koehler.

Koehler's name does not appear under any of the seven counts of the Complaint. Coates attempts to bring the Complaint both on behalf of himself and on behalf of the United States Government as a qui tam action. His Complaint declares that the claims for RICO, unfair competition and due process are brought on his own behalf, while the claims for civil rights, fraud, forgery, obstruction of justice and racketeering are brought as a qui tam action. (Doc. # 14, Compl., pg. 1, caption listing causes of action). As raised by other Defendants, Coates cannot bring qui tam claims because he is pro se. Georgakis v. Ill. State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013). That fact immediately eliminates the civil rights, fraud, forgery, obstruction of justice and racket claims from the list of potential claims that Coates is possibly attempting to assert against Koehler. Thus, the list of potential claims against Koehler is narrowed to RICO, unfair competition and due process. The allegations against Koehler fail to state any cognizable cause of action, let alone any of the purported causes of action listed by Coates's Complaint.

**A. Koehler Cannot Be Held Liable by Coates for Legal Services Provided to Valeo.**

The only allegations with respect to Koehler relate to the fact that she is a lawyer and that she provided legal services to and on behalf of her client, Valeo. Because Koehler's name is absent from any of the actual counts of the Complaint, it stands to reason that Coates is asserting that Koehler is somehow liable to him for Koehler's legal services that she rendered to Valeo. It is well established that a lawyer owes no duty to a non-client. The only exception to that rule in Indiana is where the non-client is an intended third-party beneficiary of the client. That is not the case here.

As a general rule, a plaintiff may recover against a professional who negligently makes representations or gives advice "only if there is privity of contract or if the negligent professional had actual knowledge that the plaintiff would be affected by the representations made." Querrey

6

& Harrow, Ltd. v. Transcon. Ins. Co., 861 N.E.2d 719, 721 (Ind. Ct. App. 2007) Quoting Keybank National Association v. Shipley, 846 N.E.2d 290, 297 (Ind. Ct. App. 2006), trans. denied (quoting Walker v. Lawson, 514 N.E.2d 629, 632 (Ind. Ct. App. 1987), adopted in part by 526 N.E.2d 968 (Ind. 1988)).  Indiana has only extended a lawyer's duty to a non-client in one very specific circumstance; whereby the beneficiary of a will is allowed to pursue a malpractice claim against the lawyer who drafted the will.  Id.   In that situation, a lawyer can owe a duty to a beneficiary despite lack of privity because "the attorney and testator-client enter[ed] into an agreement with the intent to confer a direct benefit on the beneficiary under the will, allowing the third party to sue on the contract . . . ." Walker, 514 N.E.2d at 632.  Additionally:

> The sole purpose of retaining the attorney is to benefit known third parties. This is the objective of the transaction. The rationale voiced by the courts is that if the beneficiaries are not permitted to recover for the loss resulting from the negligence, no one is able to do so. The estate is not harmed, except to the extent of attorney's fees paid. Unless the beneficiary can recover against the attorney, the social policy of preventing future harm is frustrated.

Id. at 633-34.

Coates's allegations do not fit within the exception to allow Coates, as a non-client, to recover for the legal services provided by Koehler to Valeo.  Coates alleges that Koehler prepared the employment agreement and compensation agreement for Valeo to offer to Valeo's employees in 2010.  (Doc. # 14, ¶ 80).  There is no allegation that Koehler knew that the agreements were intended to be used for Coates's employment with Valeo.  Additionally, there is no allegation that these agreements were intended by Valeo to benefit Coates.  In fact the opposite is true; Coates alleges the agreements violated Indiana law and operated to wrongfully fine employees including him.  (Doc. # 14, ¶¶ 1-4, 223).  Thus, Coates's allegations establish that the agreements drafted by Koehler for Valeo were neither intended specifically for him nor were they designed solely to benefit him.  Coates was not a known and intended beneficiary of

these agreements and Coates has no claim against Koehler for the legal services she provided to Valeo. Moreover, even if Coates was an intended beneficiary of the agreements, a court has already determined that the agreements were valid, enforceable and that Coates has waived any argument as to any defect with respect to the agreements. Coates, 97 N.E.3d 314 at *6-7.

To the extent that Coates half-heartedly attempts to assert that Koehler has conspired with Valeo or any of the other Defendants he has failed to plead the basic and necessary elements of conspiracy. "The Seventh Circuit has succinctly described the pleading requirements of a conspiracy as demanding that the Plaintiff identify 'the who, what, when, why, and how.'" Rangel v. Reynolds, 607 F. Supp. 2d 911, 924 (N.D. Ind. 2009) quoting Brokaw v. Mercer County, 235 F.3d 1000, 1016 (7th Cir. 2000). Coates's Complaint is devoid of such details and merely concludes, without factual assertions, that the Defendants conspired with each other. As such, Koehler's provision of legal services to Valeo cannot be a basis by which Koehler is held liable for the actions of others in the conclusory conspiracy that Coates has pled.

### B. Coates Failed to State RICO, Unfair Competition and Due Process Claims Against Koehler.

Koehler has demonstrated that the only allegations against her fail to state any cognizable claim against her. Moreover, the seven counts of the Complaint fail to even mention her name. As discussed above, Coates has no ability to bring qui tam claims because he is proceeding pro se. Consequently, the only claims Coates can actually bring are reduced to his claims for RICO, unfair competition and due process. To the extent the sparse allegations against Koehler are incorporated into counts containing those claims, the allegations are insufficient to state a claim against Koehler.

### *1. Coates has failed to plead a RICO claim against Koehler.*

As discussed by other Defendants, in order to succeed on a RICO claim, a plaintiff must show the following four elements "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Jennings v. Auto Meter Prod., Inc., 495 F.3d 466, 472–73 (7th Cir. 2007) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). The Seventh Circuit in Jennings noted that "Congress passed RICO in an effort to combat organized, long-term criminal activity." Id. (internal citations omitted). However, the Court went on to explain that although "§ 1964(c) provides a private civil action to recover treble damages for violations of RICO's substantive provisions . . . the statute was never intended to allow plaintiffs to turn garden-variety state law fraud claims into federal RICO actions." Id. (internal citations omitted). The Seventh Circuit cautioned that courts should "carefully scrutinize the pattern requirement to 'forestall RICO's use against isolated or sporadic criminal activity.'" Id. (internal citations omitted).

In order for a defendant to be liable for a substantive civil RICO violation, their activities must include a "pattern of racketeering activity." *See* 18 U.S.C. § § 1962(a)-(c), 1964(c). Racketeering activity is defined in the text of RICO as any one of a number of specified state and federal violations. *See* 18 U.S.C. § 1961(1). A pattern of racketeering activity "requires at least two acts of racketeering activity, one of which occurred after the effective date of [RICO] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). In addition to the statutory requirement of at least two acts, the Supreme Court has held that a RICO pattern requires that the racketeering activities exhibit the factor of continuity plus relationship. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989). If the alleged racketeering

activities either are unrelated or do not exhibit continuity, there is no RICO pattern. Buck Creek Coal v. United Mine Workers, 917 F. Supp. 601, 606-07 (S.D. Ind. 1995).

In this case, Coates has failed to plead any facts that would allow this Court to infer that Koehler engaged in any conduct of an enterprise through a pattern of racketeering activity. Coates has merely pled that Koehler provided legal services to Valeo. Coates has not alleged that Koehler's activities meet any of the state and federal violations defined as racketeering. Consequently, Coates has also not pled a pattern of such activity and that such activities are related or exhibit continuity.

### *2. Coates has failed to plead an unfair competition claim against Koehler.*

Coates's Complaint does not expressly assert whether he has brought his unfair competition claims based upon Indiana or Federal law. It appears however, from his jurisdictional statement that his unfair competition claim is based on Federal anti-trust law. (Doc. # 14, ¶ 170). Thus, it appears Coates has attempted to state a claim under the Lanham Act.

Coates has failed to plead sufficient facts to establish the essential elements of a prima facie claim for unfair competition under the Lanham Act. The elements of an unfair competition claim under the Lanham Act are as follows: (1) a false or misleading statement of fact; (2) the statement actually deceived or is likely to deceive a substantial segment of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the defendant caused the statement to enter into interstate commerce; and (5) the statement resulted in actual or probable injury to plaintiff. See 15 U.S.C. § 1125(a).

As discussed above, Coates's allegations against Koehler are insufficient to meet any one of the elements of unfair competition, let alone all five. Thus, Coates has failed to state a claim for unfair competition against Koehler.

### *3. Coates has failed to plead a due process claim against Koehler.*

Coates purports to bring claims against the Defendants for denying him his right to due process.  Again, in the counts referencing his due process claim there is no mention of Koehler.  Coates's allegations do not expressly state the mechanism by which he is seeking to remedy the alleged violation of his right to due process.   28 U.S.C. section 1983 provides a cause of action to redress the violation of federally-secured rights, privileges or immunities by a person or governmental body acting under color of state law.  "A person seeking to state a claim under section 1983 must establish two essential elements: (1) the deprivation of a right secured by the Constitution and the laws of the United States; and (2) the person or persons who caused the alleged deprivation were acting under color of state law."  Grosz v. Indiana, 730 F. Supp. 1474, 1476-77 (S.D. Ind. 1990).  Coates's allegations against Koehler fail to allege that Koehler, while acting under the color of state law deprived Coates of his right to due process.  Consequently, Coates has failed to state such a claim against Koehler.

## C. Coates's Complaint Should Be Dismissed Pursuant to Rooker-Feldman Doctrine.

Rooker-Feldman generally bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, (2005).  "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury resulted from the state court judgment itself, Rooker-Feldman directs that lower federal courts lack jurisdiction." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996).

It is unclear what exactly Coates's claims are against Koehler. Nonetheless, the conduct he appears to complain of with respect to Koehler certainly relates his state court loss at the trial and appellate level. Coates alleges that Koehler drafted the agreement that the trial court and court of appeals found that Coates breached. Coates alleges that Koehler assisted Valeo's counsel in preparing exhibits that were used in the summary judgment motion that was granted by the trial court and affirmed by the court of appeals. If Coates somehow believes he suffered injury from Koehler's actions, then that injury likely resulted from the state court judgment against Coates. Thus, Coates's Complaint against Koehler is barred by the Rooker-Feldman doctrine and this Court has no jurisdiction over Coates's claims against Koehler.

## V.     CONCLUSION

Coates is incapable of bringing qui tam claims pro se. That narrows the list of Coates's claims to RICO, unfair competition and due process. There is no reference to Koehler in any of the seven counts alleged. At most, Koehler is alleged to have provided legal advice and services to Valeo. Koehler's provision of legal advice and services to a co-defendant does not create any cause of action by Coates against Koehler. Further, Coates's Complaint fails to state a cause of action against Koehler RICO, unfair competition and due process. Thus, Coates has failed to state a claim against Koehler and his Complaint against her should be dismissed. Additionally, if Coates suffered any injury as a result of Koehler's legal work it was related to an underlying state court matter and Coates's claims here are barred by the Rooker-Feldman doctrine and this Court has no jurisdiction over those claims.

KIGHTLINGER & GRAY, LLP

By   s/ *Louis J. Britton*
    Louis J. Britton
    Attorney I.D. No. 27754-49
    Attorney for Pamela K. Koehler

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 11, 2018, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Joshua R. Lowry<br>Kelly D. Cochran<br>Indiana Attorney General's Office<br>joshua.lowry@atg.in.gov<br>kelly.cochran@atg.in.gov | John W. Borkowski<br>Aleksandra O. Rushing<br>HUSCH BLACKWELL<br>john.borkowski@huschblackwell.com<br>aleks.rushing@huschblackwell.com |
| Michael A. Dorelli<br>David J. Hensel<br>HOOVER HULL TURNER<br>mdorelli@hooverhullturner.com<br>dhensel@hooverhullturner.com | Grant E. Helms<br>Office of Corporation Counsel<br>grant.helms@indy.gov |
| Michael L. Meyer<br>TAFT STETTINIUS & HOLLISTER<br>mmeyer@taftlaw.com | Kevin K. Fitzharris<br>BARRETT McNAGNY<br>Email: kkf@barrettlaw.com |

    I further certify that on October 11, 2018, a copy of the foregoing pleading was mailed, by first-class U.S. Mail, to:

        Aaron Coates
        18709 Taft Court
        Goshen, IN  46528

                              s/ *Louis J. Britton*
                              Louis J. Britton

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana  46204
Telephone:  317-638-4521
Email:  lbritton@k-glaw.com