UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Aaron Coates**<br>*Plaintiff*<br>v.<br>**Valeo Financial Advisors, LLC, et. al.,**<br>*Defendants* | No.: 3:18-cv-000574-JD-APR<br><br>JUDGE JON E. DEGUILIO<br><br>MAGISTRATE JUDGE ANDREW P. RODOVICH |

## PLAINTIFF'S CONSOLIDATED REPLY TO MOTIONS TO DISMISS

Plaintiff, Aaron Coates, in consolidated reply to Motions to Dismiss by Marion County Clerk of Court [Dkt #34], HHT Defendants (excluding Hoover Hull Turner LLP and Andrew Hull) [Dkt #61], Gibson Insurance Agency, Inc. [Dkt #65], Valeo Defendants [Dkt #69], Fidelity Brokerage Services, LLC [Dkt #74], State Defendants [Dkt #79], Pamela K. Koehler [Dkt #86] reasserts all statements and claims in Complaint, requests hearing on all Motions, and offers the following:

**Argument: Pleading Fraud**

1. Rule 9(b) requires an allegation of fraud must state with particularity the circumstances constituting fraud or mistake.

2. Plaintiff provided the exact details of both Welch's denials of Coates' Ind. T.R. 53.1 Application, which the Indiana Supreme Court suggests constitutes a crime, certainly nullifies any rulings and judgements by Welch in the matter. Coates also offers that the Motion was drafted by Carr.

3. Coates does not claim, but actually proves beyond reasonable doubt, supported by Exhibit 3 (which is available to the general public), that Willis backdated her ruling in what appears to be an attempt to hide Welch's second crime.

4. For any party here to assert that a higher standard is necessary to assert fraud at the Complaint stage, prior to discovery, offers a frivolous argument. In fact, such an argument approaches the use of work product in furtherance of already undeniable crimes by Welch, Willis, and others. Such behavior is almost identical to those by many of the Defendants here, and does back the Plaintiff into a position where fairness suggests they be attached to the lawsuit putting this Court and the public trust in a very difficult position.

5. Taking only this very small observation, for any party to argue here that the facts of Welch's original rulings hold is equally dangerous.

**Argument: Plaintiff is unclear as to which parties related to each Count**

6. While specific details are a matter of yet-to-be determined fact, Plaintiff generally asserts that the preponderance of parties, or their representatives appear to have some knowledge of the actions by other parties and acted together at various times through various actions to harm Coates. (¶¶ 158-159)

7. It is unreasonable to expect a litigant to know the specifics at this stage of what most parties appear to agree must be a "vast conspiracy" if true (see Koehler's Brief [Dkt 87, ¶1]. If Defendants generally are hoping to make spurious arguments to avoid having to provide the simple answer by oath that they had no awareness of

the activities, it appears the current strategy lends more to suggesting a fear over giving truthful answers to Coates's Complaint.

**Argument: Lack of Personal Jurisdiction**

8. For Fidelity Brokerage Services, LLC ("Fidelity") actions are asserted to be in collusion with other parties here. Most other Defendants being Indiana domiciled or residents of Indiana gives personal jurisdiction to this Court. Further, the preponderance of actions that gave rise to this matter took place in Northern Indiana.

9. Each Defendant is welcome to offer facts as they know them to be, and deny any knowledge of any claim by Coates. That is the customary process for litigation.

**Argument: Statute of Limitations**

10. Given Coates's claim of continuing harm by all parties colluding together at various times, and the offered proof that this continued to at least Willis's fraud harming Coates in September 2017, Coates would ask at what date any Defendant believes the Statute of Limitations began to toll. And at that point, the answer becomes fact specific, necessitating a trial.

Argument: res judica

11. As noted above, Coates here does not ask this Court to relitigate prior matters. No facts of prior cases are disputed in Complaint. All matters are newly introduced, and while many happened in connection to prior litigation were not matters at issue in that litigation. As noted below in *Rooker-Feldman* it certainly

would have been impressive had Coates amended his Complaint in that matter to include the expectation that Judge Welch would break the law by ruling on a Ind. T.R. 53.1 Motion, and that Willis would collude by forgery on her order backdating it prior to Welch's second offense. Further these are matters, that are not only federal laws, but were unknown to Coates until months prior to filing this federal suit.

12. The one possible argument that Coates had opportunity through the Indiana courts to appeal on a claim of Willis and Welch's crimes, this Court should consider that 1) Coates did appeal, and 2) Willis at the time served as Chief Administrative Officer of the Indiana Appellate and Supreme Court. In her capacity she was solely responsible for handling all procedural and administrative matters on all cases for both of Indiana's higher courts. It is impossible to argue that Coates had any chance of for fair procedural treatment by Willis if claiming that Willis committed fraud against Coates to the higher court.

**Argument: *Rooker-Feldman***

13. The 7th Circuit has been very clear that even fraud is not an exception to Rooker-Feldman. In *Taylor v. Fannie Mae*, the court noted a prayer for relief "is tantamount to a request to vacate the state court's judgement," and held that it was barred by *Rooker-Feldman* (374 F.3d 529, 533 (7th Cir. 2004)). The court further stated that the plaintiff faced "no barriers preventing her from bringing her claims in state court."

14. Here Coates does not ask the Court to vacate any prior judgement as some parties here attempt to mislead the Court. Coates only asks that the Court not presume facts to be true that should be questioned especially given that the Complaint shows ruled facts have corresponded with fraud by those parties who issued the ruling.

15. Unlike *Taylor*, if even a small portion of Coates's claims are true, he would not have been able to bring his claims to state court and receive a fair trial. And yet he did anyway, being careful to not jeopardize the career of appointed counsel by informing him of any illegal actions by the parties here that would have risen to the requirement of a duty to report.

**Argument: Immunity by State Defendants and Marion County Clerk**

16. Thankfully, few cases like this exist to offer precedent. It should be the grave exception (or never happen at all) for a civil lower trial court to birth from the plaintiff breaking the law, their counsel being aware of the crime, then furthering the crime by their work product, then convincing state officials to join in covering up the crime. And while the defendant as pro se did not burden any other legal professional with the career risk of having to ignore the actions or report them, then this now Plaintiff is willing to file a federal suit, and by providence electronic filing is just now happening to make the evidence public.

17. Addressing arguments of judicial immunity, most or all parties that are representatives of the courts are immune from specifically judicial acts. There is, one narrow exception. Judicial immunity does not exempt judges from certain

criminal liability for acts that are not judicial, or over which the court did not have jurisdiction (see *Stump* v. *Sparkman* 435 U.S. 349). It is not even enough that the act was done maliciously, or in excess of their authority. With such a high bar, all claims against judicial officers should be summarily dismissed in nearly all situations. Such restrictive provisions, while typically protecting judges from collateral attacks after every ruling by one or both dissatisfied parties as well as maintaining confidence in the judicial system, creates the prime conditions for that one most unusual matter to get through the crack. And in that situation, when enough evidence exists to allow the case to move forward, such as undeniable proof of fraud, whether the court had jurisdiction and the representatives were acting in their judicial capacity becomes a very fact specific matter. If the court took jurisdiction where it should have had none, and knew that to be true, then acted illegally, that would all be a factual determination.

18. If Judge Welch, Willis, and other court staff knew that Valeo had committed a federal crime against Coates by withholding his compensation (and continues to still), and knew that their counsel (Hull, Blinn, Carr, HHT, Koehler) were using their work product in furtherance of Valeo's crime, and court representatives agreed to conspire to continue the crime, including fraud and forgery, and these crimes were committed outside of their original jurisdiction, as Coates will argue and attempt to prove at trial, those actions are not judicial acts and not immune.

19. Relatedly, Commissioner Ober is immune from legislative duties undertaken while acting as a legislator for the State of Indiana. But it has never been true that

a legislator can act in that capacity in return for bribes or other undisclosed incentives.

20. For the Marion County Prosecutor, Coates agrees that the Prosecutor is immune from decisions on whether or not to bring charges against a party. But Coates asserts in Complaint a belief that a representative of the Prosecutor informed Hull of the Claim of Crime and allowed Hull to respond by preparing a defense and justification under cover of a Motion to Strike. While not addressed in the Complaint, but certainly something that will be considered is Hull's later presentation last month at the Indy Bar's Advanced Business Litigation Summit titled "Ethical Traps." If the Prosecutor chose not to press charges, but did tip off Hull to the evidence that was provided to him by Coates, that would be a serious breach of duty, violating Coates's civil rights, and undermining the Prosecutor's Oath of Office.

21. To all other such spurious claims of failure to state a claim, Coates suggests the parties provide their Answer to the Complaint and if true simply deny all claims and then ask for a proper dismissal and request fees and damages of Coates. But frivolous arguments and procedural games with knowledge of a client's crime (hard to deny when publicly known), nearly obligates Coates to attach those people to this complaint for the same action as their client, as it would be unfair otherwise.

WHEREFORE, Plaintiff respectfully requests that this Court deny all Motions to Dismiss for the above listed Defendants and for all other relief that is just and proper.

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ October 26, 2018

## CERTIFICATE OF SERVICE

A true and correct copy of Plaintiff's Reply is being certified mailed to the Court for filing and directly emailed to the following parties, and if requested, follow with hardcopy.

**Hoover, Hull, Turner, LLP**
Michael A. Dorelli
modorelli@hooverhullturner.com

David J. Hensel
dhensel@hooverhullturner.com

**Barrett McNagny, LLP**
Kevin K. Fitzharris
kkf@barrettlaw.com

**Taft Stettinius & Hollister LLP**
Michael L. Meyer, Esq.
mmeyer@taftlaw.com

**Husch Blackwell LLP**
Aleksandra Rushing
aleks.rushing@huschblackwell.com

John W. Borkowski
john.borkowski@huschblackwell.com

**Office of Attorney General Curtis Hill**
Kelly Cochran
kelly.cochran@atg.in.gov

Joshua Lowry
joshua.lowry@atg.in.gov

**Office of Corporation Counsel**
Grant E. Helms
grant.helms@indy.gov

**Kightlinger & Gray, LLP**
Louis J. Britton
lbritton@k-glaw.com

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ October 26, 2018

9