UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:18-cv-574-JD-MGG |
| | ) |
| VALEO FINANCIAL ADVISORS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

This Court should dismiss Plaintiff Aaron Coates' ("Plaintiff") claims against Defendants, the Lutheran University Association d/b/a Valparaiso University ("Valparaiso" or the "University") and University President Mark A. Heckler ("President Heckler") because (1) Plaintiff's Complaint fails to plead sufficient facts to state a claim; and (2) Plaintiff's response in opposition to the motion to dismiss does not even mention Valparaiso or President Heckler.

Valparaiso and President Heckler filed their Motion to Dismiss (Dkt. 53) and Memorandum in Support (Dkt. 54) on September 20, 2018.  Plaintiff's response in opposition originally was due October 4, 2018.  On October 11, 2018, Plaintiff sent an email to counsel for several co-defendants, including counsel for Valparaiso and President Heckler, requesting an extension to respond.  On October 15, 2018, Plaintiff filed a Motion for Extension of Time to file a response to the Motion to Dismiss.  Dkt. 91.  The Court granted Plaintiff's Motion for Extension as to Valparaiso and President Heckler's Motion to Dismiss.  Dkt. 96.  However, the Court specifically noted that Plaintiff's response in opposition to Valparaiso and President Heckler's Motion to Dismiss was due by October 26, 2018.  *Id.*  On October 30, 2018, four days

after the extended deadline and twenty-six days after the original deadline, Plaintiff served his Consolidated Reply to Motions to Dismiss ("Consolidated Reply"). Dkt. 103. The Consolidated Reply does not mention either Defendant Valparaiso or President Heckler and makes no argument that the Complaint states a claim against them.

### I. Plaintiff's Complaint Fails to Plead Sufficient Facts to State a Claim on Any Count.

Plaintiff's Complaint fails to state a claim against either Valparaiso or President Heckler. *See* Mot. to Dismiss and Memo. In Support, Dkt. 53 and 54. The Complaint contains seven separate causes of action that all arise out of Defendant Valeo Financial Advisors, LLC's compensation of financial advisors and the legality of those practices, which previously have been litigated in the Indiana state court system for a number of years. *See* Compl., Dkt. 1. Plaintiff does not allege, nor can he allege, that Valparaiso University and President Heckler have any connection to the practices used by Defendant Valeo Financial Advisors, LLC. Furthermore, Plaintiff does not allege that Valparaiso University and President Heckler were involved as parties, witnesses, or in any other capacity in the underlying litigation in the Indiana state court system.

The Complaint thus fails to state a claim against Valparaiso or President Heckler.

### II. Plaintiff's Consolidated Reply Confirms that the Claims Against Valparaiso and President Heckler Should Be Dismissed.

Plaintiff's Consolidated Reply to the various motions to dismiss filed in this case does not attempt to justify the inclusion of Valparaiso and President Heckler as defendants. Indeed, Plaintiff's Consolidated Reply does not even mention Valparaiso or President Heckler at all. Nor does Plaintiff make any attempt to explain why the claims against them should survive their motion to dismiss. Instead, Plaintiff's response incorrectly claims that it is somehow each Defendant's responsibility to "offer facts as they know them to be, and deny any knowledge of

any claims by Coates." Dkt. 103, at 3. To the contrary, it is Plaintiff's obligation to allege sufficient facts to put Defendants on notice of the claims and allegations against them—Valparaiso and President Heckler have been provided no such notice. This Court, therefore, should grant Valparaiso and President Heckler's Motion to Dismiss.

## CONCLUSION

For the reasons set forth herein, Defendants Valparaiso University and President Heckler are entitled to an order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/ John W. Borkowski*
John W. Borkowski
HUSCH BLACKWELL LLP
1251 North Eddy Street Suite 200
South Bend, Indiana 46617
P: 574-239-7010
F: 574-287-3116
john.borkowski@huschblackwell.com

Aleksandra Ostojic Rushing
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
P: 314.480.1500
F: 314.480.1505
aleks.rushing@huschblackwell.com

*Attorneys for Defendant Lutheran University Association d/b/a Valparaiso University and Defendant Mark A. Heckler*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 1, 2018, the preceding document was filed electronically through the Court's CM/ECF system and served on Plaintiff via U.S. mail and electronic mail as follows:

Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com

*s/ John W. Borkowski*