UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 3:18 CV 574 |
| v. ) | |
| ) | |
| VALEO FINANCIAL ADVISORS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GIBSON INSURANCE AGENCY, INC.'S
REPLY TO PLAINTIFF'S CONSOLIDATED RESPONSE TO THE
DEFENDANTS' MOTION TO DISMISS**

On September 27, 2018 Gibson Insurance Agency, Inc. ("Gibson") filed a Motion to Dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF #65). Plaintiff Aaron Coates ("Plaintiff" or "Coates") filed a Consolidated Reply [*sic*] to Motions to Dismiss, including the Motion filed by Gibson. (ECF #103). Gibson now files its Reply to the Plaintiff's Response, to the extent that the Response pertains to Gibson.

At most, Gibson was implicated twice in the Complaint – a single cause of action for unfair competition, and generically in Plaintiff's allegation in Paragraph 158 that each Defendant was an agent or affiliate of every other Defendant and engaged in a conspiracy acting with the consent, permission, and authorization of the other Defendants.

Plaintiff argues that with respect to Paragraph 158, while there are specific details yet to be determined (a massive understatement), "Plaintiff generally asserts that the preponderance of the parties, or their representatives appear to have some knowledge of the actions by other parties and acted together at various times through various actions

to harm Coates." (Plaintiffs' Consolidated Response at 2). This Court recently reiterated the proper standard of review:

> To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the … claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570); *see also Tamayo,* 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal,* 556 U.S. at 678–79; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir.2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.' " *Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 935 (7th Cir.2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv.,* 536 F.3d 663, 668 (7th Cir.2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.,* 665 F.3d at 934–935 (quoting *Twombly,* 550 U.S. at 556) (quotation marks omitted).

*Robert v. City of S. Bend Indiana*, No. 2:13-CV-274-JD-JEM, 2016 WL 562988, at *1 (N.D. Ind. Jan. 25, 2016), *report and recommendation adopted sub nom. Robert v. City of S. Bend*, No. 2:13-CV-274 JD, 2016 WL 558819 (N.D. Ind. Feb. 12, 2016).

The Plaintiff's Complaint fails at every level to the extent it seeks to turn every Defendant into the agent of another. The Defendants are not given fair notice of what the claim is and the grounds upon which it rests. The Complaint does not contain sufficient factual matter – or any factual matter – to state a claim that each Defendant is an agent of the other. The Complaint relies on nothing more than conclusions and labels. Finally,

it does not raise enough facts to demonstrate that discovery will produce evidence supporting the Plaintiff's threadbare conclusory allegations.

Plaintiff makes no response in his opposition to Gibson's request that the Court dismiss the claim of unfair competition other than to call the arguments (and other defenses raised and not specifically addressed by Plaintiff) "spurious" and suggest that the Defendants answer and "ask for a proper dismissal…" (Plaintiff's Response in Opposition at 7). But a Motion to Dismiss pursuant to Rule 12(b)(6) *is* a proper method to ask for a dismissal – the Defendants need not answer a Complaint that does not state any claim for relief.

Gibson respectfully requests that its Motion to Dismiss be granted.

Respectfully submitted,

BARRETT McNAGNY, LLP

By: /s/ Kevin K. Fitzharris
    Kevin K. Fitzharris, #15425-02
    215 East Berry Street
    Fort Wayne, IN  46802
    Tel: (260) 423-9551
    Fax: (260) 423 8920
E-mail: kkf@barrettlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on the following individuals through IEFS or by first class U.S. Mail on this 2nd day of November, 2018:

Mr. Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528

David J. Hensel, Esq.
Michael A. Dorelli, Esq.
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989

Michael L. Meyer, Esq.
TAFT STETTINIUS & HOLLISER, LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957

John W. Borkowski, Esq.
Aleksandra O. Rushing, Esq.
HUSCH BLACKWELL LLP
1251 North Eddy Street, Suite 200
South Bend, IN 46617

Joshua R. Lowry, Esq.
Kelly D. Cochran, Esq.
Indiana Attorney General's Office
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204-2770

Grant E. Helms, Esq.
Office of Corporation Counsel
200 East Washington St., Room 1601
Indianapolis, IN 46204

Louis J. Britton, Esq.
KIGHTLINGER & GRAY LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204

    /s/ Kevin K. Fitzharris
    Kevin K. Fitzharris

2175986