UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-574-JD-APR |
| | ) |
| VALEO FINANCIAL ADVISORS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

State Defendants: (1) Marion County Superior Court, and Judge Heather A. Welch ("Marion County Court Defendants"); (2) Marion County Prosecutor; (3) Court of Appeals of Indiana, Judge Michael P. Barnes, Judge Elaine B. Brown, Judge Paul D. Mathias, Judge Edward W. Najam, Jr., and Judge Nancy H. Vaidik ( "Court of Appeals Defendants"); (4) Sara C. Blainbridge; (5) Clerk of the Indiana Appellate and Supreme Court, Michelle Chuta, Larron Golden, and Greg Pachmayr ; (6) Judge Mary G. Willis; and (7) Commissioner David L. Ober, by counsel, Kelly Cochran, Deputy Attorney General, submit this reply in support of their motion to dismiss. For the reasons stated in their motion to dismiss, State Defendants are entitled to dismissal, and Plaintiff's response fails to show otherwise.

**I.     Argument**

Plaintiff's attempts to survive State Defendants' motion to dismiss are insufficient. Without relying on any law, or adequately responding to arguments raised in the motion to dismiss, Plaintiff merely recites allegations set forth in the complaint. His response demonstrates a continued frustration with the outcome of the state court litigation, and a belief his claims should

1

proceed in spite of well settled legal authority. Despite an earnest belief he has been wronged, Plaintiff lacks a colorable cause of action to proceed with his suit.

### a. Plaintiff has failed to address several arguments raised in the motion to dismiss.

Plaintiff has failed to respond to the following arguments set forth in State Defendants' motion to dismiss, and has therefore waived each argument:

- Plaintiff fails to state a RICO claim.

- Plaintiff fails to state a claim for forgery.

- Plaintiff fails to state a claim for obstruction of justice.

- State Defendants are entitled to Eleventh Amendment immunity and are not "persons" subject to suit under 42 U.S.C. § 1983.

- Plaintiff does not allege a constitutionally protected interest.

- Plaintiff fails to allege a due process violation.

- Plaintiff's claims against Judge Najam, Judge Mathias, Pachmayr and Chuta are barred because Plaintiff fails to allege they were personally involved in purported wrongful conduct.

- Plaintiff fails to state a claim for injunctive relief.

- Plaintiff fails to state a 42 U.S.C. § 1985 claim.

The Seventh Circuit has "repeatedly held that a party waives an argument by failing to make it before the district court." *G&S Holdings LLC v. Continental Cas. Co.,* 697 F.3d 534, 538 (7th Cir. 2012) (citing *Hayes v. City of Chicago*, 670 F.3d 810, 815 (7th Cir. 2012); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005)). This "is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate." *Id.* (citations omitted). The obligation to raise arguments rests squarely with the parties to a lawsuit, and if a court is "given plausible

reasons for dismissing a complaint, [it will not] do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Id.* (citations omitted). Because Plaintiff has failed to dispute the foregoing deficiencies, he has waived these arguments.

   b. **Plaintiff fails to state a claim for fraud.**

State Defendants assert Plaintiff has failed to meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). (Dkt. 80, pp. 20-21.) Plaintiff argues he has adequately pled a claim for fraud by alleging: (1) Judge Welch ruled on Plaintiff's Praecipe for Transfer under Indiana Rule of Trial Procedure 53.1; (2) Defendant Evan Carr drafted "the Motion[;]" and (3) Judge Willis filed a denial that contained an incorrect date stamp. (Dkt. 103, ¶¶ 2-3.)  None of these allegations amount to fraud, however.

First, in ruling on Plaintiff's Rule 53.1 request, Judge Welch made no misrepresentation to Plaintiff, let alone a material misrepresentation. Even if ruling on the Rule 53.1 request somehow constituted a material misrepresentation, Plaintiff did not rightfully rely upon this "misrepresentation," as he immediately and repeatedly disputed Judge Welch's ruling in the state court litigation, and continues to do so before this Court. (Dkt. 1, ¶¶ 209, 210; Dkt. 1, Exhibit 4, p. 2.) Second, although his response states Plaintiff "offers that the Motion was drafted by Carr," (Dkt. 103, ¶ 3,) State Defendants assume he means to argue "Welch entered a second denial of Coates' Motion to Correct Error that was drafted by Carr[,]" (Dkt. 1, ¶ 212). This allegation does not constitute fraud. Even assuming this amounted to a misrepresentation, Plaintiff cannot show an intent to deceive. The Marion County Local Rules, *requires* all motions be accompanied by a proposed order. LR49-TR5-203(E). Even if Judge Welch's denial was drafted by a party to the state court litigation, this would not indicate deception. Plaintiff has further failed to allege an injury. He cannot show Judge Welch's ruling would have changed had someone in her court

physically typed the order. Finally, Plaintiff's allegations that Judge Willis "backdated" her denial of Plaintiff's Rule 53.1 request does not constitute fraud. Plaintiff cannot show he was injured by the date as it appeared on the denial. Plaintiff does not allege this was anything other than a clerical error, and thus does not claim the "misrepresentation" was made with knowledge of or in reckless ignorance of its falsity. Thus, Plaintiff fails to state a cause of action for fraud.

 **c. Plaintiff's claims are barred by issue preclusion and waiver.**

State Defendants contend that, to the extent Plaintiff attacks individual acts of State Defendants, rather than the state court judgment as a whole, his claims are barred by the doctrine of issue preclusion and waiver. (Dkt. 80, p. 16-18.) Plaintiff makes conclusory and false claims that he "does not ask this Court to relitigate prior matters[,]" and "[n]o facts of prior cases are disputed in the Complaint." (Dkt. 103, ¶¶ 3-4.) As discussed at length in State Defendants' motion to dismiss, however, the complaint does in fact address many arguments raised in the state court litigation. (Dkt. 80, p. 15.) By Plaintiff's own words, he litigated these claims in state court:

> Unlike *Taylor*, if even a small portion of Coates's claims are true, he would not have been able to bring his claims to state court and receive a fair trial. *And yet he did anyway*, being careful to not jeopardize the career of appointed counsel by informing him of any illegal actions by the parties here that would have risen to the requirement of a duty to report.

(Dkt. 103, ¶ 5 (emphasis added).) Because Plaintiff attempts to re-litigate the same claims of fraud and conspiracy litigated in state court, issue preclusion and waiver bar the present suit.

 **d. Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine.**

State Defendants argue that because Plaintiff asks this Court to review the state court judgment, the complaint is barred by the *Rooker-Feldman* doctrine. Plaintiff claims he "does not ask the Court to vacate any prior judgement …[,]" but again contradicts himself in stating:

> Plaintiff provided the exact details of both Welch's denials of Coates' Ind. T.R 53.1 Application, which the Indiana Supreme Court suggests constitutes a crime, *certainly nullifies any rulings and judgements by Welch in the matter*.

(Dkt. 103, ¶ 1 (emphasis added).) Further, the Seventh Circuit has held that where a party claims fraud was perpetrated in a state court proceeding, his claims do in fact seek to set aside the state court judgment. *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004), as amended on denial of reh'g and reh'g en banc (Aug. 3, 2004). Such claims are considered a de facto appeal, and are automatically barred by the *Rooker-Feldman* doctrine. *Id.*

As for the rest of Plaintiff's claims, he is incorrect to argue barriers prevented him from raising issues in state court. Where courts have found a plaintiff lacked reasonable opportunity to raise an issue in state court proceedings, the plaintiff was procedurally barred from making an argument altogether. *Compare Biddulph v. Mortham*, 89 F.3d 1491, 1495 n. 1 (11th Cir. 1996) (plaintiff lacked reasonable opportunity to raise claim in state proceeding where state court rejected writ of mandamus, and state law precluded grant of writ of mandamus on plaintiff's particular claims); *Lynk v. LaPorte Superior Court No. 2*, 789 F.2d 554, 557–58 (7th Cir. 1986) (finding defendant did not have realistic opportunity to raise issues in state court where Indiana law prevented him from attending mandatory hearing); *Robinson v. Ariyoshi*, 753 F.2d 1468, 1471 (9th Cir. 1985) (holding *Rooker-Feldman* did not apply where no consideration or decision was given to claim because state court refused to permit parties to raise issues) vacated on other grounds, 477 U.S. 902 (1986), *with Jakupovic v. Curran*, 850 F.3d 898, 904 (7th Cir. 2017) (plaintiff had opportunity to raise claims in state court where he filed three separate motions with the court addressing claims, despite court denying all requests); *Stone v. Washington Mut. Bank*, No. 10 C 6410, 2011 WL 3678838, at *6 (N.D. Ill. Aug. 19, 2011) (despite defendants' alleged fraud, no procedural barriers prevented plaintiff from raising claims in state court); *Nationscredit*

*Home Equity Servs. Corp. v. City of Chicago*, 135 F. Supp. 2d 905, 912–13 (N.D. Ill. 2001) (plaintiff had reasonable opportunity to raise claims where "[n]othing in Illinois law or in Illinois state court procedures prevented plaintiff from raising its federal claim in state court or appealing the circuit court's decision to a state court.").

Here, Plaintiff not only had a reasonable opportunity to raise these issues in state court, he made the arguments in the state court litigation. (Dkt. 1, Ex. 4, pp. 1-3.) Rather than cite a procedural barrier preventing him from bringing his claims in state court, Plaintiff expresses dissatisfaction with the outcome of the state court litigation. If Plaintiff's contentions are accepted as true, all state court losers could circumvent the *Rooker-Feldman* doctrine simply by alleging state court decision-makers were incompetent to hear their claims. Thus, because Plaintiff does in fact attack the state court judgment, and had a reasonable opportunity to raise his claims in state court, this Court lacks jurisdiction to hear his suit.

### e. State Defendants are entitled to absolute immunity.

Plaintiff attempts to overcome State Defendants' immunity by ignoring clearly established law. Each immunity is addressed individually.

#### a. The Marion County Court Defendants, Court of Appeals Defendants, and Judge Willis are entitled to absolute judicial immunity.

Plaintiff claims he alleges "proof of fraud," permitting him to proceed in spite of incontrovertible legal authority. Plaintiff acknowledges that only non-judicial acts taken in complete absence of jurisdiction fall outside of the protection of absolute immunity. (Dkt. 103, ¶ 17.) He does not, however, establish that the alleged actions of the Marion County Court Defendants, Court of Appeals Defendants, or Judge Willis fall within this narrow exception. Rather, he claims he "will argue and attempt to prove" that "crimes were committed outside of [State Defendants'] original jurisdiction." Plaintiff fails to understand the standard of review for

a motion to dismiss for failure to state a claim. Taking everything alleged in the complaint as true, Plaintiff does not demonstrate the actions taken by Marion County Court Defendants, Court of Appeals Defendants, or Judge Willis were non-judicial, or were taken in clear absence of all jurisdiction. (Dkt. 80, pp. 8-12.) As such, the complaint must be dismissed at this stage in the proceedings.

### b.  Commissioner Ober is entitled to legislative immunity.

Plaintiff likewise misconstrues the contours of legislative immunity. He states "it has never been true that a legislator can act in [a legislative] capacity in return for bribes or other undisclosed incentives." It is, in fact, true. *See Benedix v. Vill. of Hanover Park, Ill.*, 677 F.3d 317, 318 (7th Cir. 2012) ("[A]n ordinance adopted through the legislative process, and having the force of law, is covered by legislative immunity no matter the motives of those who proposed, voted for, or otherwise supported the proposal.") (citing *Tenney v. Brandhove*, 341 U.S. 367 (1951); *Rateree v. Rockett*, 852 F.2d 946 (7th Cir.1988)). Thus, even taking Plaintiff's salacious allegations as true, Commissioner Ober would be entitled to absolute immunity.

### c.  The Marion County Prosecutor is entitled to absolute prosecutorial immunity.

Plaintiff concedes that the Marion County Prosecutor is entitled to immunity as to the decision of whether to bring charges against a party, but argues he acted outside the bounds of absolute immunity in allegedly informing defendant Andrew Hull of the claim of crime. Prosecutorial immunity extends to "'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial ….'" *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Even assuming the Marion County Prosecutor did in fact inform Hull of the claim of crime, this would be a necessary step in evaluating the evidence and deciding whether to pursue charges.

Plaintiff further argues the Marion County Prosecutor committed a "serious breach of duty" in allegedly informing Hull of the claim of crime. Assuming this was somehow a breach of duty, Courts have routinely held absolute immunity applies even where allegations of misconduct exist. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 487, 492 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 416, 429 (1976); *see also Foster v. Pearcy*, 387 N.E.2d 446, 448 (Ind. 1979) (immunity extends even where a prosecutor acts erroneously or with malicious intent).

And finally, even if allegations that the Marion County Prosecutor informed Hull of the claim of crime fall outside the bounds of prosecutorial immunity, this fails to amount to wrongful conduct. Plaintiff does not have a right to have another prosecuted, and thus may not claim an interest in the manner in which the Marion County Prosecutor investigates the claim of crime. *See Sandage v. Board of Com'rs Vanderburgh County*, 548 F.3d 595, 597 (7th Cir. 2008).

As such, the Marion County Prosecutor is entitled to absolute immunity.

## II.  Conclusion

For the reasons stated above, State Defendants respectfully request this Court dismiss Plaintiff's complaint with prejudice and grant all other just and proper relief.

>Respectfully submitted,
>
>CURTIS T. HILL, JR.
>Indiana Attorney General
>Attorney No. 13999-20
>
>By:  *s/ Kelly Cochran*
>Kelly Cochran
>Deputy Attorney General
>Atty. No. 34543-49

## CERTIFICATE OF SERVICE

I certify that on November 5, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system, sending notice to the following parties who may access this filing using the Court's system:

David J. Hensel
HOOVER HULL TURNER LLP
dhensel@hooverhullturner.com

Michael A. Dorelli
HOOVER HULL TURNER
modorelli@hooverhullturner.com

Kevin K. Fitzharris
BARRETT MCNAGNY LLP
kkf@barrettlaw.com

Michael Lawrence Meyer
TAFT STETTINIUS & HOLLISTER LLP
mmeyer@taftlaw.com

John W. Borkowski
HUSCH BLACKWELL LLP
john.borkowski@huschblackwell.com

Aleksandra Ostojic Rushing
HUSCH BLACKWELL LLP
aleks.rushing@huschblackwell.com

Grant E. Helms
OFFICE OF CORPORATION COUNSEL
grant.helms@indy.gov

Louis Joseph Britton
KIGHTLINGER & GRAY LLP
lbritton@k-glaw.com

I also certify that a copy of the foregoing has been served this September 24, 2018 by first-class, United States mail, postage pre-paid, on:

Aaron Coates
18709 Taft Ct.
Goshen, IN 46528

*s/ Kelly D. Cochran*
Kelly D. Cochran
Deputy Attorney General

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204
Telephone:  (317) 234-2415
Fax:  (317) 232-7979
Email:  Kelly.Cochran@atg.in.gov