UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AARON COATES | ) | |
| | ) | |
| Plaintiff | ) | CASE NO. 3:18-cv-574-JD-APR |
| | ) | |
| vs. | ) | |
| | ) | |
| VALEO FINANCIAL ADVISORS, LLC, et al. | ) | |
| | ) | |
| Defendants | ) | |

### DEFENDANT PAMELA K. KOEHLER'S REPLY IN SUPPORT OF HER MOTION TO DISMISS

Plaintiff filed a consolidated response to the various Defendants' motions to dismiss. (Doc. #103). Multiple defendants, including, Koehler, challenged Plaintiff's ability to assert qui tam claims of for civil rights violations, fraud, forgery, obstruction of justice and racketeering. Plaintiff's response does not contest his inability to bring such claims, nor could he. Thus, the claims he is actually capable of bringing are his claims for RICO, unfair competition and due process. As previously established, Plaintiff's alleged injuries stem from his loss in the Indiana state court at the trial and appellate levels and thus, his claims are barred by the Rooker-Feldman doctrine. Further, despite its length, Plaintiff's Complaint fails to contain more than passing references to Koehler that are insufficient to state any cause of action against her. Plaintiff's response treats Koehler in the same fashion as his Complaint – a brief mention of her name is made, but without any comment on her alleged acts or omissions that supposedly harmed him.

Koehler's brief in support of her Motion to Dismiss detailed numerous reasons why Plaintiff's Complaint against her should be dismissed. The majority of Koehler's reasons for

1

dismissal were not addressed by Plaintiff's response, thus this Reply shall not re-argue them here. Instead, this Reply will focus on the two reasons that were addressed by Plaintiff, conspiracy and the Rooker-Feldman doctrine. Because Plaintiff's claims are barred by the Rooker-Feldman doctrine and because Plaintiff's allegations fail to state a claim against Koehler, Plaintiff's Complaint against Koehler should be dismissed.

### A.  CONSPIRACY

As discussed in Koehler's brief in support of her Motion to Dismiss, Plaintiff's Complaint contains only a few mentions of Koehler and Plaintiff's seven counts of his Complaint failed to even reference Koehler. Thus, Koehler argued that to the extent Plaintiff sought to hold her liable for conspiring with other Defendants, that Plaintiff had not met his burden with respect to alleging sufficient details of any conspiracy to give it the necessary plausibility. Plaintiff's response argues that this Court should ignore the minimum standards a plaintiff must meet in order to state a plausible claim against a defendant and that he should be allowed to proceed despite the admitted lack of details regarding the conspiracy.

Plaintiff admits that the specifics of the alleged conspiracy between the Defendants are unknown. (Doc. # 103, pg. 2). The Seventh Circuit has been crystal clear on this issue. When a pro se plaintiff pleads "a vast encompassing conspiracy; and before defendants in such a case become entangled in discovery proceedings, the plaintiff must meet a high standard of plausibility." Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009). "The Seventh Circuit has succinctly described the pleading requirements of a conspiracy as demanding that the Plaintiff identify 'the who, what, when, why, and how.'" Rangel v. Reynolds, 607 F. Supp. 2d 911, 924 (N.D. Ind. 2009) quoting Brokaw v. Mercer County, 235 F.3d 1000, 1016 (7th Cir. 2000). To the extent Plaintiff's claims here rely upon Koehler engaging in a vast conspiracy, Plaintiff's

2

failure to identify the who, what, when, why and how of the conspiracy is fatal to his Complaint against Koehler and dismissal is warranted.

## B.  ROOKER-FELDMAN DOCTRINE

In part, Koehler's brief in support of her Motion to Dismiss argued that Plaintiff's Complaint should be dismissed pursuant to the Rooker-Feldman doctrine.  That doctrine bars cases brought by state court losers who complain in Federal Court about the injurious nature of the state court matter.  "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury resulted from the state court judgment itself, Rooker-Feldman directs that lower federal courts lack jurisdiction." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996).

Plaintiff's response definitively establishes that the Rooker-Feldman doctrine is applicable here.  Plaintiff's response asserts that he is not seeking to overturn a state court decision, but clarifies that he wants this Court to not "presume facts" established in that state court decision to be true because he has alleged those facts were established by fraud.  (Doc. #103, pg. 5). Thus, Plaintiff's response establishes that he suffered an injury at the hands of an Indiana state court and now wants a Federal Court to remedy that injury.  Plaintiff's Complaint should be dismissed pursuant to the Rooker-Feldman doctrine.

In conclusion, Plaintiff is incapable of bringing qui tam claims pro se, thus his claims are limited to RICO, unfair competition and due process.  Plaintiff's failed to make any allegation against Koehler that would support his claims for RICO, unfair competition and due process against her.  Thus, Coates has failed to state a claim against Koehler and his Complaint against her should be dismissed.  Additionally, if Coates suffered any injury as a result of Koehler's

legal work it was related to an underlying state court matter and Coates's claims here are barred by the Rooker-Feldman doctrine and this Court has no jurisdiction over those claims.

KIGHTLINGER & GRAY, LLP

By  s/ *Louis J. Britton*
   Louis J. Britton
   Attorney I.D. No. 27754-49

### CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Joshua R. Lowry
Kelly D. Cochran
Indiana Attorney General's Office
joshua.lowry@atg.in.gov
kelly.cochran@atg.in.gov

Michael A. Dorelli
David J. Hensel
HOOVER HULL TURNER LLP
mdorelli@hooverhullturner.com
dhensel@hooverhullturner.com
Michael L. Meyer
TAFT STETTINIUS & HOLLISTER LLP
mmeyer@taftlaw.com

John W. Borkowski
Aleksandra O. Rushing
HUSCH BLACKWELL LLP
john.borkowski@huschblackwell.com
aleks.rushing@huschblackwell.com

Adam S. Willfond
Office of Corporation Counsel
adam.willfond@indy.gov

Kevin K. Fitzharris
BARRETT McNAGNY, LLP
Email: kkf@barrettlaw.com

4

I further certify that on November 5, 2018, a copy of the foregoing pleading was mailed, by first-class U.S. Mail, to:

>Aaron Coates
>18709 Taft Court
>Goshen, IN  46528

>s/ *Louis J. Britton*
>Louis J. Britton

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana  46204
Telephone:  317-638-4521
Email:  lbritton@k-glaw.com

181192\4918257-1

5