UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-574-JD-APR |
| VALEO FINANCIAL ADVISORS, LLC | ) |
| *et al.*, | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF HHT DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Coates's "Consolidated Reply" (more properly styled a "Response" pursuant to N.D. Ind. L.R. 7–1(d)) fails to address most of the Defendants' arguments for dismissal. It demonstrates the implausibility and failure of his claims. Instead of addressing Defendants' arguments, Coates offers defiant obfuscation as to his own claims and asserts that the Defendants' arguments are "spurious" and nothing more than "frivolous arguments and procedural games." He then doubles down on his ever-expanding litigation strategy and threatens to sue the defense lawyers in this case if they continue to seek dismissal. As discussed below, Coates's non-responsive Response further establishes the sheer futility of his claims and strongly supports a dismissal with prejudice.

On September 26, 2018, Defendants Hoover Hull Turner LLP, Andrew Hull, Camie Swanson-Hull, Kenneth Munson, Wayne Turner, Michael Blinn, Evan Carr, Susanne Johnson, Fortuna Gipson, and Melodie Alexander (collectively, the HHT Defendants"), filed their Motion to Dismiss and Brief in Support. Dkts. 61 and 62.

In their supporting brief, the HHT Defendants argued that the claims against them—namely, Counts 1, 3, 6, and 7—should be dismissed for the following reasons:

- Count 1 (alleged RICO claim based on the purported quid-pro-quo scheme where the HHT Defendants incentivized David Ober to introduce and pass legislation that would benefit HHT in a single case it was litigating and Ober would be appointed to the IURC):

    o The scheme Coates alleged is not plausible.
    o Coates suffered no injury when HB 1469 was passed as he never asserted a wage claim.
    o The wage claim was a compulsory counterclaim in the state-court case.
    o The wage claim is now barred by the applicable two-year statute of limitations, which accrued when Valeo filed its state-court proceeding against Coates.
    o This Count is barred by claim preclusion.
    o And Coates failed to state a RICO claim.

- Count 3 (unfair competition based on Coates's voluntary disclosure of information to Gibson Insurance representatives at lunches and coffee meetings which Mr. Hull then allegedly used in the state-court case):

    o Coates's unfair-competition allegations are not plausible.
    o Voluntarily disclosed information cannot be deemed "confidential" for purposes of an unfair-competition claim.
    o Mr. Hull is and was not a state actor.

- Count 6 (catch-all Count alleging a conspiracy where Coates contends that HHT ghostwrote opinions and orders, state-court officials committed fraud and forgery, and Coates's constitutional and civil rights were violated):

    o The massive conspiracy between HHT, the trial judge, the Indiana Court of Appeals, and those courts' staff is simply not plausible.
    o Coates failed to allege fraudulent activity with the particularity Federal Rule of Civil Procedure 9(b) requires.
    o The submission of proposed orders was *required* by the Marion County Local Rules.
    o The Motion to Tax and Assess Costs was expressly allowed by Indiana's Rules of Appellate Procedure.
    o Requesting relief from the judiciary is immunized by the *Noerr-Pennington* doctrine.
    o Coates is attempting to relitigate a state-court case, which is barred by the *Rooker-Feldman* doctrine.

- Count 7 (claim that the Marion County Prosecutor told Mr. Hull about information Coates had sent to the Prosecutor's office, which Mr. Hull then allegedly used to file a Motion to Strike in the Indiana Court of Appeals):
    - There is no plausible allegation supporting a RICO claim.
    - Coates's claim here is barred by *Rooker-Feldman*.
    - Again, the Motion to Strike is allowed by the Appellate Rules, and the *Noerr-Pennington* doctrine applies to defeat Coates's claims.

*See generally* Dkt. 62.

In his Response, Coates fails to address most of these arguments. Unfortunately, trying to decipher his Response, like his Complaint, continues to be like trying to "fish a gold coin from a bucket of mud."[1] *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). His response lacks clarity and forces the "opposing part[ies] to forever sift through its pages[.]" *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). Coates intentionally sidesteps the rules of procedure and, for the most part, refuses to address the merits of the HHT Defendants' arguments. Instead, he spends much of his Response ridiculing the dismissal arguments and the defense lawyers who made them. For example, he contends Rule 9(b)'s particularity requirement is "frivolous", Response at ¶4; asserts that the parties are making "spurious" arguments to avoid simply answering his charges, *id.* at ¶7; accuses defense counsel of furthering criminal activity, *id.* at ¶16; and threatens to add defense counsel as defendants if they do not stop making

---

[1] Additionally, Coates explicitly notes that he is responding to the HHT Defendants "excluding Hoover Hull Turner LLP and Andrew Hull." Coates's deadline to respond to the HHT Defendants, including Hoover Hull Turner LLP and Andrew Hull, was October 26, 2018. Dkt 96. Because Coates chose not to respond to Hoover Hull Turner LLP and Andrew Hull, this case is ripe for summary ruling as to those defendants. *See* N.D. Ind. L.R. 7–1(d)(4) ("The Court may rule on a motion summarily if an opposing party does not file a response before the deadline.").

3

dismissal arguments, *id.* at ¶21.

To the extent the HHT Defendants can decipher his Response, Coates chose to address only the Rule 9(b), statute-of-limitations, and *Rooker-Feldman* arguments. But his responses demonstrate the point the HHT Defendants repeatedly raised in their supporting brief—Plaintiff's claims lack plausibility.

For example, the HHT Defendants argued that Count 6 failed to allege fraud with particularity under Federal Rule of Civil Procedure 9(b). Although Coates apparently recognizes the need to plead fraud with particularity, *see* Response at ¶1, he glosses over it completely (and actually criticizes the requirement). *Id.* at ¶4 ("For any party here to assert that a higher standard is necessary to assert fraud at the Complaint stage, prior to discovery, offers a frivolous argument."). Coates seemingly suggests that the motion Defendant Evan Carr drafted in the state-court proceeding evidences fraud, but the HHT Defendants demonstrated that the submission of a proposed order was done in compliance with the Marion County Local Rules. *See* Dkt. 62 at 12-13. Coates has not offered any contradicting evidence or argument—he simply reasserts his unsupported position that offering proposed orders was improper. However, as the HHT Defendants showed, that is not the case.

The HHT Defendants also demonstrated that several of Coates's claims are merely attempts to relitigate his prior state-court case, and are, therefore, barred by the *Rooker-Feldman* doctrine. Coates's Response actually fortifies the *Rooker-Feldman* barrier. For example, Coates cites *Taylor v. Fed. Nat. Mortg. Ass'n*, 374

4

F.3d 529 (7th Cir. 2004) to support his position that *Rooker-Feldman* does not apply here. But in *Taylor*, the court noted that if a claim is inextricably intertwined with the state-court case and "if the plaintiff could have raised the issue in state court proceedings, the claim is barred under the *Rooker-Feldman* doctrine." *Id.* at 533. The HHT Defendants have shown how this case seeks to set aside the state-court ruling (Dkt 62 at 14-15), and Coates admits in his Response that he brought the same claims in the state-court case. Response at ¶15. Taken together, these points show why his claims are barred under *Rooker-Feldman. See Tayor*, 374 F.3d at 533.

Finally, to the extent he did not respond to arguments, his failure constitutes waiver, as the Seventh Circuit has "repeatedly held that a party waives an argument by failing to make it before the district court." *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012). Waiver applies to arguments supporting dismissal or showing why dismissal is inappropriate. *Id.* It is the parties' obligation to raise such arguments, not the court's. *Id.* If the court is given a plausible reason supporting dismissal, it will not "try to discover whether there might be something to say against the defendants' reasoning." *Id.* Thus, Coates has waived the ability to challenge all the arguments he failed to address in his Response.

For the above reasons and those in the HHT Defendants' opening brief, Coates's Complaint should be dismissed with prejudice. Although courts typically "give pro se litigants one opportunity to amend after [dismissal,]" that's not necessary when it would be futile. *Carpenter v. PNC Bank, Nat. Ass'n*, 633

Fed.Appx. 346, 348 (7th Cir. 2016). Every count alleged against the HHT Defendants suffers a deficiency which demonstrates it would be futile to amend. Thus, the Complaint should be dismissed with prejudice.

If the Court dismisses without prejudice, the HHT Defendants respectfully ask that the Court warn Coates regarding the potential for sanctions, should he re-plead his claims without the necessary factual and legal bases. *See Straw v. Sconiers*, Case No. 3:14-cv-1772-JD, 2014 WL 7404065, at *5 (N.D. Ind. Dec. 30, 2014) (DeGuilio, J.).

Respectfully submitted,

*/s/ David J. Hensel*
David J. Hensel (15455-49)
dhensel@hooverhullturner.com
Michael A. Dorelli (20862-49)
mdorelli@hooverhullturner.com
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234
*Counsel for HHT Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system is being sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF) on November 6, 2018, as well as to the Plaintiff by email at aska.coates@gmail.com and acoates@relevantfinancial.com and by certified mail to:

Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528

*/s/ David J. Hensel*