UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, )  )  Plaintiff, )  )  v. )  VALEO FINANCIAL ADVISORS, LLC )  *et al.*, )  Defendants. ) | Case No. 3:18-cv-574-JD-APR |

**REPLY IN SUPPORT OF VALEO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Coates's "Consolidated Reply" (more properly styled a "Response" pursuant to N.D. Ind. L.R. 7-1(d)) devotes just three paragraphs to "addressing" the majority of Valeo's argument—that Coates's unfair-competition claims are barred by the applicable statute of limitations and by res judicata. Additionally, Coates fails to address at all the implausibility of his claims, including a broad conspiracy among Valeo, Hoover Hull Turner, the trial judge in the state-court case, the Indiana Court of Appeals, and those courts' staff. And now, in his Response, Coates threatens to sue even the attorneys in *this* case, believing his sense of "fairness" almost requires it. As discussed below, Coates's non-responsive Response further establishes the futility of his claims and strongly supports dismissal with prejudice.

On September 27, 2018, Defendants Valeo Financial Advisors, LLC, John Wortman, John Trott, and Gregory Fulk (collectively, the "Valeo Defendants"), filed both a Motion to Dismiss and a Brief in Support. Dkts. 69 and 70. In their

supporting brief, the Valeo Defendants argued that the Counts against them—namely, Count 2, 3, 4, and 5—should be dismissed for the following reasons:

- Count 2 (unfair competition based on Fidelity's alleged delay in approving Coates's application):

    - The claim is barred by the two-year statute of limitations, which accrued as of Fidelity's January 2015 denial of Coates's application.
    - The claim was a compulsory counterclaim and is barred by the doctrine of res judicata.
    - Coates's claim that Valeo somehow influenced Fidelity to delay Coate's application is not plausibly alleged.

- Count 3 (unfair competition based on Coates's voluntary disclosure of information to Gibson Insurance representatives at lunches and coffee meetings):

    - Voluntarily disclosed information cannot be deemed "confidential" for purposes of an unfair-competition claim.
    - Coates does not identify the information allegedly disclosed or explain how he was harmed.
    - To the extent the harm is that the alleged disclosure somehow helped Valeo in the state-court case, his claim is barred by the *Rooker-Feldman* doctrine.
    - And, again, Coates's threadbare allegations are not plausible.

- Count 4 (unfair competition/civil-rights violation related to Coates's CFP renewal):

    - Coates's unfair-competition claim is barred by the two-year statute of limitations, which accrued when Valeo sued him in May 2015.
    - The claim is barred by res judicata, because Coates could *and should* have brought it in the state-court case.
    - And Coates fails to plausibly plead an unfair-competition claim relating to his CFP renewal.

- Count 5 (unfair competition based on Valeo's alleged purposeful delay in filing a U5 form):

    - This unfair-competition claim is barred by the two-year statute of limitations, based on Coates's allegation that he was aware of his injury in 2015.
    - This claim is also barred by res judicata.

*See generally* Dkt. 70.

Coates fails to address several of these arguments at all in his Response, and only spends a total of three paragraphs in his Response addressing both the statute-of-limitations and res judicata arguments. However, he fails to address the actual merits of either argument.

For instance, Coates contends that a continuing-harm will toll the statute of limitations, and asks what "date any Defendant believes the Statute of Limitations began to [run]."[1] Dkt. 103 at ¶10. First, the continuing-wrong doctrine "will not prevent the statute of limitations from beginning to run when the plaintiff learns of facts which should lead to the discovery of his cause of action *even if his relationship with the tortfeasor continues beyond that point.*" *Doe v. United Methodist Church*, 673 N.E.2d 839, 845 (Ind. Ct. App. 1996) (emphasis added). Further, Coates's Complaint makes clear that he knew all facts and dates on which his claims began. In fact, all the key dates identified by the Valeo Defendants on which the statute of limitations accrued were taken explicitly from Coates's Complaint. *See* Dkt. 70 at 7, 11, 13. Those accrual dates, ignored by Coates in his Response, demonstrate that Coates's claims are time-barred.

Second, Coates's res judicata response fundamentally misunderstands the doctrine. The doctrine does not only apply to claims that were actually litigated, but also to claims that could (or should) have been raised and decided. *See Wabash*

---

[1] Although the original quotations is "began to toll," it is clear that Coates is asking when the statute of limitations began to run for his claims.

*Valley Power Ass'n v. Rural Elec. Admin.*, 903 F.2d 445, 455-56 (7th Cir. 1990) ("[C]laim preclusion follows from a combination of (1) a judgment rendered by a court of competent jurisdiction, (2) on the merits, (3) in a suit between the same parties, where (4) the matter now at issue was, or could have been, decided.") (applying Indiana law). In Counts 2, 4, and 5, Coates expressly notes that the facts which led to his purported injuries all occurred before Valeo filed its original state-court action. *See* Dkt 1 at ¶¶181-82, 192-93, 201. With his injuries all occurring before the state-court proceeding began and with Coates aware of his injuries, these claims were compulsory counterclaims in the original case. *See* Ind. Trial R. 13(A). Coates's failure to assert these counterclaims in the prior litigation precludes him from doing so now.

Third, Coates is mistaken in stating that *Rooker-Feldman* does not bar any of his claims. As the Valeo Defendants demonstrated in their supporting brief, *see* Dkt. 70, Count 3 of Coates's Complaint, to the extent it is alleging that the disclosure of information helped Valeo win the state-court case, fundamentally relies on a state-court injury. *See id.* at 10. This is the exact type of claim the doctrine bars. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) ("The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."). Therefore, Coates's claim is barred by the *Rooker-Feldman* doctrine.

Finally, to the extent Coates did not respond to the other Valeo Defendants' arguments enumerated above, that failure constitutes waiver, as the Seventh Circuit has "repeatedly held that a party waives an argument by failing to make it before the district court." *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012). Waiver applies to arguments supporting dismissal or showing why dismissal is inappropriate. *Id.* It is the parties' obligation to raise such arguments, not the court's. *Id.* If the court is given a plausible reason supporting dismissal, it will not "try to discover whether there might be something to say against the defendants' reasoning." *Id.* Thus, Coates has waived the ability to challenge these arguments.

For the above reasons and those in the Valeo Defendants' opening brief, Coates's Complaint should be dismissed with prejudice. Although courts typically "give pro se litigants one opportunity to amend after [dismissal,]" that's not necessary when it would be futile. *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed.Appx. 346, 348 (7th Cir. 2016). Every count suffers a deficiency which demonstrates it would be futile for Coates to amend. Thus, the Complaint should be dismissed with prejudice.

If the Court dismisses without prejudice, the Valeo Defendants respectfully ask that the Court warn Coates regarding the potential for sanctions, should he re-plead his claims without the necessary factual and legal bases. *See Straw v. Sconiers*, Case No. 3:14-cv-1772-JD, 2014 WL 7404065, at *5 (N.D. Ind. Dec. 30, 2014) (DeGuilio, J.).

Respectfully submitted,

*/s/ David J. Hensel*
David J. Hensel (15455-49)
dhensel@hooverhullturner.com
Michael A. Dorelli (20862-49)
mdorelli@hooverhullturner.com
Hoover Hull Turner LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234

*Counsel for Valeo Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system is being sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF) on November 6, 2018, as well as to the Plaintiff by email at aska.coates@gmail.com and acoates@relevantfinancial.com and by certified mail to:

Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528

*/s/ David J. Hensel*