UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **AARON COATES,** | : | Case No. 3:18-cv-574-JD-APR |
| | : | |
| Plaintiff, | : | Judge Jon E. Deguilio |
| | : | Magistrate Judge Andrew P. Rodovich |
| | : | |
| v. | : | |
| | : | |
| **VALEO FINANCIAL ADVISORS, LLC,** | : | REPLY MEMORANDUM IN SUPPORT |
| *et al.*, | : | OF FIDELITY BROKERAGE |
| | : | SERVICES, LLC'S MOTION TO |
| Defendants | : | DISMISS |

## I.     INTRODUCTION

Plaintiff Aaron Coates ("Plaintiff") does not challenge Fidelity's subject matter jurisdiction arguments, nor does he address Fidelity's arguments that his lone claim against Fidelity, for unfair competition, fails to allege a cognizable claim. He does not challenge Fidelity's arguments because Fidelity is correct. The Court lacks subject matter jurisdiction because none of the jurisdictional statutes Plaintiff cites apply to his claims. His claim for unfair competition fails because, as Plaintiff admits in his Complaint, Fidelity was entitled to do what Plaintiff claims it did: deny his request based on its minimum asset policy because "[i]t would have been perfectly reasonable for Fidelity to simply deny Coates' request for not meeting the minimums. . ." Doc. 1, ¶ 183. The Court should grant the motion to dismiss on those grounds.

If the Court nevertheless wishes to consider the grounds for dismissal that Plaintiff does respond to, it still will find that dismissal is appropriate. Plaintiff incorrectly attempts to attribute the conduct of other defendants to Fidelity in order to establish personal jurisdiction over Fidelity. And his argument that his unfair competition claim is not barred by the statute of limitations is based on a misunderstanding of the law and on facts that he did not plead. Finally, Plaintiff's

1

attempt to avoid the jurisdictional bar of *Rooker-Feldman* is unavailing. He plainly is seeking to re-litigate a case he lost in state court. For all of these reasons, and those set forth in Fidelity's Memorandum in Support of the Motion to Dismiss, the Complaint should be dismissed as against Fidelity.[1]

## II. ARGUMENT

### A. Plaintiff Cannot Establish Personal Jurisdiction Over Fidelity.

1. Plaintiff Does Not Dispute a Lack of General Jurisdiction.

As Fidelity previously stated, it is not incorporated in Indiana, nor is its principal place of business in Indiana. Doc. 75, p. 7. As such, it is not "at home" in Indiana and the Court lacks general jurisdiction over Fidelity. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Plaintiff does not challenge this argument.

2. Plaintiff Cannot Rely on the Alleged Acts of Other Defendants to Establish Personal Jurisdiction Over Fidelity.

Plaintiff also does not dispute Fidelity's position that there is no "suit-related conduct" by Fidelity in Indiana. Rather, he suggests that because he alleged a conspiracy and collusion between the defendants, actions taken by other defendants in Indiana should be attributed to Fidelity in the jurisdictional analysis. Plaintiff's argument fails for multiple reasons.

First, personal jurisdiction must be evaluated individually as to each defendant. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco*, 137 S. Ct. 1773, 1783 (2017)

---

[1] Plaintiff mailed his Consolidated Response (Doc. 103) to the clerk by Certified Mail on October 26, 2018. *See* Doc. 103-1. However, Plaintiff did not serve a copy of his Consolidated Response on Fidelity until October 30, 2018 in an email to the undersigned counsel for Fidelity, and the ECF system did not generate electronic service of Plaintiff's Response until that same date. This Court's local rules require a Reply brief to be filed within seven days after the response brief is "served." N.D. Ind. L.R. 7-1(d)(2)(B). As such, the instant Reply is timely filed because Plaintiff's Consolidated Response was not "served" on Fidelity until October 30, 2018, despite being postmarked October 26, 2018 and file-stamped by the clerk on October 29, 2018.

(holding that jurisdictional requirements must be met as to "each defendant" and that a mere relationship between defendants is not sufficient to attribute conduct of one to the other); *see also Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (for purposes of a personal jurisdiction analysis the conduct each defendant must be evaluated to determine whether the jurisdictional standards have been met), *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Plaintiff cannot attribute the conduct of other defendants to Fidelity in order to establish specific personal jurisdiction over Fidelity.

Second, even if Plaintiff could bootstrap the conduct of one defendant onto another in the jurisdictional analysis, Plaintiff forgets that the only claim he lodged against Fidelity is a claim for unfair competition. Plaintiff's Complaint makes only one conspiracy claim. *See* Doc. 1, ¶¶. 172-178 (Count 1: RICO). But, that count makes no allegations against Fidelity. In fact, the RICO claim is based on an alleged conspiracy between the law firm that represented Valeo in the state court litigation against Plaintiff and an Indiana state legislator regarding an amendment to Indiana's Wage Payment Statute. *See* Doc 1, ¶¶ 172-178. That claim has nothing to do with Fidelity nor the conduct alleged in the unfair competition claim against Fidelity. Even though Plaintiff alleges elsewhere that every defendant was a co-conspirator of every other defendant, that general allegation is made outside the context of the RICO claim. Doc. 1, ¶ 158. Without any allegation of collusion or conspiracy against Fidelity, Plaintiff's misguided attribution of the conduct of other defendants to Fidelity falls apart. There is no suit-related conduct by Fidelity in Indiana, and thus no specific jurisdiction. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781.

**B.  Plaintiff's "Fact-Specific" Argument Does Not Allow Him to Escape Application of the Statute of Limitations.**

Similar to his jurisdictional argument, Plaintiff argues that because defendants other than Fidelity took actions through September 2017 that form the factual basis for his claims, no statute

of limitations began to run until that time. Once again, Plaintiff attempts to attribute conduct of other defendants to Fidelity, without ever properly alleging a conspiracy claim against Fidelity, this time to avoid application of the statute of limitations. This argument also fails.

Plaintiff's **only** claim against Fidelity is for unfair competition. Doc. 1, ¶¶ 179-184. Plaintiff specifically alleges that all of the conduct on which the claim is based took place before January 27, 2015. *Id.*, ¶ 181. Plaintiff does not allege any further conduct by Fidelity after that date. Even if Plaintiff could rely on the conduct of other defendants to determine when his claim for unfair competition accrued, which he cannot, he does not even allege that Fidelity knew of any conspiracy-related activity after January 27, 2015, much less participated in such activity. The two year statute of limitations began to run on January 27, 2015 and expired over a year before the Complaint was filed. The claim against Fidelity is time-barred. *See* I.C. § 34-11-2-4(a)(1)-(2); *McLaughlin Equip. Co. v. Servaas*, No. IP98-0217C-T/K, 2004 WL 1629603, *59 (S.D. Ind. Feb. 18, 2004); *Shideler v. Dwyer*, 417 N.E.2d 281, 287 (Ind. 1981).

      **C.**      **Plaintiff Cannot Escape the Jurisdictional Bar of *Rooker-Feldman*.**

Finally, Plaintiff suggests that the *Rooker-Feldman* doctrine should not bar his claim because he "does not ask the Court to vacate any prior judgment." Doc. 103, p. 5. Yet, his Complaint is riddled throughout with allegations regarding the outcome of his state court case against Valeo. Plaintiff's Response also seems to suggest that he believes his allegations against the Indiana courts are criminal in nature, or that criminal charges should have been brought based on the conduct alleged. But Plaintiff clearly cannot bring criminal charges himself, nor does he cite any authority to suggest that the decision by the state not to bring such charges can be redressed in this Court. Even if Plaintiff could bring such criminal charges, Fidelity is not part of the Indiana court system.

If Plaintiff had alleged any new allegations unrelated to the outcome of his state court litigation, perhaps those claims could escape a fatal blow under *Rooker-Feldman*, but the Complaint makes evaluation of such a distinction nearly impossible. Regardless, Fidelity was not a party to the underlying state court case and there are no conspiracy claims against Fidelity in this case. *Rooker-Feldman* should bar any claim seeking redress of an injury caused by the state court judgment. Claims not barred by *Rooker-Feldman*, if any, do not implicate Fidelity and/or fail for other reasons as explained elsewhere in this Reply.

### III.   CONCLUSION

Plaintiff's Response completely ignores some of Fidelity's arguments, and fails to sufficiently address others. The Complaint is subject to dismissal for lack of subject matter jurisdiction over the action, lack of personal jurisdiction over Fidelity, and failure to state a claim. Fidelity should be dismissed with prejudice from this action.

Respectfully submitted,

/s/ Michael L. Meyer
Michael L. Meyer (28689-64)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
mmeyer@taftlaw.com

*Counsel for Fidelity Brokerage Services, LLC*.

23826408.4

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on November 6, 2018. Notice of this filing will be sent to counsel and parties who have supplied their email addresses to the Court by operation of the ECF system. Copies of the foregoing were served via regular U.S. mail and email on the following on November 6, 2018:

Aaron Coates
18709 Taft Ct
Goshen, IN 46528

                                    /s/ Michael L. Meyer