UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-574 JD |
| | ) |
| VALEO FINANCIAL ADVISORS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Aaron Coates, proceeding *pro se*, has filed a 51-page, 228-paragraph prolix complaint pertaining to his resignation from Valeo Financial Advisors in late 2014 and a state court lawsuit that followed. The thirty-six named defendants include state court judges and court personnel, a former Indiana state legislator, a local university and its president, Valeo, the law firm that represented it in the state court action, the firm's attorneys, paralegals, and even the wife of one of its partners, just to name a few. Coates mainly claims that Defendants conspired against him in violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964. He also alleges several state law unfair competition claims, mixed with a hodge-podge of forgery, obstruction of justice, civil rights, and due process allegations aimed at various parties.

The Defendants have filed several motions to dismiss this complaint, and those motions are ripe for review. For the reasons stated herein, the Court will dismiss Coates's complaint in its entirety, but with leave to amend.

1

## RELEVANT ALLEGATIONS

Coates's story begins with his 2014 resignation from Valeo, where he had worked as a financial advisor since September 2009. Following his departure, Valeo sought to assess a compensation penalty on Coates for violating provisions of his employment agreement. Coates resisted and so Valeo filed a lawsuit against him in Marion County (Indiana) Superior Court. Valeo was represented in this action by the law firm Hoover Hull. Shortly after the lawsuit began, Valeo successfully sought to have the case transferred to a different judge, and Judge Heather Welch was randomly assigned, setting off a fantastical conspiracy theory that purports to explain why Coates ultimately did not prevail.

First, the transfer to Judge Welch, in Coates's eyes, poisoned his chances. Judge Welch is a graduate of Valparaiso University Law School, which had been censored by the American Bar Association and announced its plans to close around the time of Valeo's lawsuit. Coates alleges that, because Judge Welch likely aspires to a higher judicial position, the fact that she graduated from a censored law school could reflect poorly on her in the eyes of a judicial selection committee, and so she desired to gain influence with individuals who could stop the school's closing. Conveniently, shortly after Judge Welch took over Valeo's lawsuit, Hoover Hull hired Valparaiso University's president's daughter as an associate attorney. This connection allegedly compromised Judge Welch's judicial independence in favor of her desire to keep the law school open for the sake of her own reputation and future job prospects. According to Coates, she consequently allowed Hoover Hull's attorneys to draft her orders in Valeo's favor and abused Indiana's Rules of Trial Procedure to keep Coates from transferring the litigation to a different judge. Valeo eventually secured judgment against Coates.

Coates additionally alleges that, during the pendency of the state court action, Valeo induced Gibson Insurance Agency to pump Coates for information about his legal position by funneling business toward Gibson. He also claims that the wife of one of Hoover Hull's partners arranged for then-state legislator David Ober to land the job as the head of the Indiana Utility Regulatory Commission. In exchange, Ober sponsored a piece of legislation that strengthened Valeo's case against Coates. Coates further maintains that court staff at both the trial and appellate levels torpedoed his attempts to appeal by forging court records to his detriment. The Court could go on, but this is enough to convey the tenor of Coates's complaint. Basically, he believes that every person or entity to even have tangentially come into contact with his case conspired with one another to sabotage it.

## STANDARD

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010).[1] A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a

---

[1] Several Defendants premised their motions to dismiss on other Rule 12(b) grounds as well, but for the purposes of this Order, the Court need only discuss the framework of Rule 12(b)(6).

motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Again, Coates's allegations touch on a number of claims, such as RICO, unfair competition, unspecified constitutional violations, etc. None of his claims that seek to invoke the Court's original jurisdiction, however, satisfy the pleading requirements articulated above. Because of this, the Court will dismiss the instant complaint, without prejudice.

**A.      RICO**

To state a claim for a RICO violation, Coates must allege sufficient facts to support each of the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985) (footnote omitted); *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998). The Court need not parse the complaint for facts applicable to each of these elements, however, because Coates has failed to adequately allege continuity[2], or a pattern of racketeering.

In order to satisfy this element, "the alleged acts of wrongdoing must not only be related, but must 'amount to or pose a threat of continued criminal activity.'" *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). "This is true whether the misconduct at issue is considered a 'close-ended' scheme (a completed scheme that, by its duration, can carry an implicit threat of future harm) or 'open-ended' scheme (a scheme that, by its intrinsic (e.g., business-as-usual) nature, threatens repetition and thus future harm)." *Id.* at 705-06 (citing *Roger Whitmore's Auto. Servs., Inc. v. Lake County*, 424 F.3d

---

[2] The term "continuity" has been used in the relevant caselaw as a proxy for frequent, habitual criminal conduct. *See Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 633 (7th Cir. 2001).

4

659, 672-74 (7th Cir. 2005)). It follows that "isolated instances of criminal behavior, not presenting at least some threat of future harm" cannot meet the continuity requirement. *Id.* at 706.

Here, it appears that Coates contemplates a closed-ended pattern, because by now, the alleged racketeers have succeeded in defeating his state court case and any related appeal. *See Antonacci v. City of Chicago*, 640 Fed. App'x 553, 557 (7th Cir. 2016) (characterizing plaintiff's alleged pattern as closed-ended where he claimed RICO defendants engaged in a conspiracy to sabotage his past state court lawsuit against a former employer). But despite the limited boundaries of his alleged conspiracy, Coates's complaint lacks any basis to suggest misconduct beyond the one state court lawsuit, nor does it otherwise indicate that the Defendants "have repeated or will repeat their alleged unlawful behavior." *Gamboa*, 457 F.3d at 709 ("[W]hen, as here, a complaint explicitly presents a distinct and non-reoccurring scheme with a built-in termination point and provides no indication that the perpetrators have engaged or will engage in similar misconduct, the complaint does not sufficiently allege continuity for [RICO] purposes."); *see also Olive Can Co. v. Martin*, 906 F.2d 1147, 1151 (7th Cir. 1990) (granting summary judgment for defendants in part because "the undisputed evidence" showed that "the scheme … had a natural ending with no threat of continued criminal activity"). This continuity requirement applies even if the purported scheme "takes several years to unfold, involves a variety of criminal acts, and targets more than one victim." *Gamboa*, 457 F.3d at 709. Here, the entire alleged scheme lasted slightly more than three years (from Valeo's filing of the lawsuit through the appellate court's consideration) and targeted only Coates. The Seventh Circuit has "repeatedly found that the combination of such a short period with only a single victim of a

single scheme is insufficient as a matter of law." *Antonacci*, 640 Fed. App'x at 558 (citing *Gamboa*, 457 F.3d at 709-710 (collecting cases)).[3]

Because Coates's complaint presents a distinct and non-reoccurring scheme with a built-in termination point, yet fails to indicate that the Defendants have engaged or will continue to engage in similar conduct, his RICO allegations must be dismissed.

**B.     Miscellaneous Federal Claims**

Coates additionally inserts bare references to violations of "due process" and "civil rights" in his complaint, but slapping a complaint with these labels, without more, does not even remotely suffice to state a claim for relief. Notably, Coates does not identify which of his civil rights were violated, nor does he explain how Defendants violated those rights. The same is true for his references to due process; he explains nowhere in the complaint how his due process rights were violated. These claims will be dismissed. *See Iqbal*, 556 U.S. at 678 (holding a complaint must contain enough information to raise a right to relief beyond a speculative level); *Twombly*, 550 U.S. at 556 (holding "labels or conclusions" do not suffice to state a claim for relief); *see also Bradley v. Sabree*, Case No. 15-cv-1384, 2016 WL 1090565, at *7 (E.D. Wis. Mar. 18, 2016) (dismissing complaint where plaintiff merely referenced "due process" and "civil rights" without explaining how defendants violated those rights).

Coates also alleges "obstruction of justice" twice in his complaint. To the extent he seeks to assert a federal private cause of action based on the Marion County Prosecutor's decision not to act on the "Claim of Crime" Coates submitted [DE 1 ¶¶ 222-28], he cannot do so. *See Perkins v. Lewis*, No. 06-CV-2177, 2007 WL 1118723, at *7 (C.D. Ill. Apr. 10, 2007) (citing

---

[3] While the scheme alleged in *Antonacci* lasted only 21 months, 640 Fed. App'x at 558, the cases it refers to involve dismissal of RICO claims spanning years longer than the conspiracy alleged by Coates. *See, e.g.*, *Gamboa*, 457 F.3d 703 (dismissing RICO claim predicated on alleged illegal conduct spanning five years).

*Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law)).[4] Alternatively, if Coates is trying to invoke 42 U.S.C. § 1985(2) (providing cause of action for conspiracy to interfere with civil rights based on obstruction of justice), he cannot proceed without alleging some class-based animus on the part of Defendants. *Williams v. St. Joseph Hosp.*, 629 F.2d 448, 451 (7th Cir. 1980) ("[Section 1985] is applicable only where there is 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'") (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

A final word on Coates's federal claims (including RICO). In responding to Defendants' motions to dismiss, Coates does not even attempt to defend against the arguments that his RICO, constitutional, and obstruction of justice claims should all be dismissed pursuant to Rule 12(b)(6). [DE 103] Several of the Defendants explicitly raised these arguments in their briefing, and Coates's failure to respond signals forfeiture. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss.").

For these reasons, Coates's remaining federal claims will be dismissed.

## CONCLUSION

For all the reasons stated herein, the Court **DISMISSES** Coates's complaint in its entirety [DE 1], without prejudice. This Order satisfies Defendants' motions to dismiss. [DE 34; DE 53; DE 61; DE 65; DE 69; DE 74; DE 79; DE 86] Furthermore, the Court **DENIES** all remaining

---

[4] Furthermore, the Court notes that the civil actions contemplated by the federal criminal obstruction statutes are completely inapplicable here. *See* 18 U.S.C. §§ 1514, 1514A (providing for temporary restraining orders to protect witnesses in federal prosecutions and actions for retaliation against corporate whistleblowers, respectively).

7

non-dispositive motions related to the current pleadings as moot. [DE 41; DE 43; DE 57; DE 58; DE 59; DE 104]

Coates has until **April 24, 2019**, to file an amended complaint that remedies the infirmities associated with his federal claims. Alternatively, he may voluntarily dismiss this action and pursue his state law claims elsewhere. The Court **CAUTIONS** Coates, however, that should he take no action within the 30 days afforded to him, the Court intends to dismiss his federal claims with prejudice and relinquish jurisdiction over his state law claims.

SO ORDERED.

ENTERED: March 25, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court