-FILED-

APR 24 2019

At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Aaron Coates** ) | No.: 3:18-cv-000574-JD-APR |
| *Plaintiff* ) | |
| ) | Judge Jon E. DeGuilio |
| v. ) | |
| ) | Magistrate Judge Andrew P. Rodovich |
| **Valeo Financial Advisors, LLC, et. al.,** ) | |
| *Defendants* ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION TO AMEND JUDGEMENT

*Remember, dear brothers and sisters, that few of you were wise in the world's eyes or powerful or wealthy when God called you. Instead, God chose things the world considers foolish in order to shame those who think they are wise. And he chose things that are powerless to shame those who are powerful. God chose things despised by the world, things counted as nothing at all, and used them to bring to nothing what the world considers important.*

1 Corinthians 1:26-28 NLT

Plaintiff, Aaron Coates, in support of his *Plaintiff's Motion to Amend Judgement* pursuant to Federal Rules of Civil Procedure 59(e), on the Court's judgement issued March 25, 2019 [DE 113] offers the following:

1. I am all for protesting the unjust treatment of Valpo Law School to the powers that be on Clark Street. My crude research[1] suggests that Valpo is/was the only law school with a fundamental history of pursuing social justice and producing lawyers who will fight for civil rights and the working poor against the most

---

[1] Really engrossed by *Valparaiso University School of Law, 1879-2004: A Contextual History,* VU Law Review, Vol. 38 pp. 627-1130, Michael I. Swygert

powerful factions of society. I also acknowledge, even though I cannot fully appreciate, the complications of objecting to injustice within the legal profession by those with authority over another professional. The clear evidence of professional retribution is too widespread to keep hidden. If an appeal allows this Court to protest with less professional risk, then I will oblige. But I do want to note the difficult position I will be in of pointing out this Court's disjointed focus on allegations. Maybe the Court believes that appeal, along with this entire case, will shine light on self-serving, elitist, legal professionals who found ways to neutralize Valpo with excess cost burden over decades, forcing it to charge similar tuition to elite schools nearby, and compromising the ability for recent grads to focus on legal justice with large debt. If that is the Court's goal here, please continue, deny this Motion, and I will gladly appeal.

2. Regarding the "prolix" complaint, consider focusing on:

   a. **Introduction**, pp.3-5 ¶¶1-6
   b. **Facts Common to All Counts**, pp. 27-29, ¶¶160-169
   c. **Causes of Action**, pp. 30-43, ¶¶172-228
   d. In total, I believe that is a much more manageable 20 pages and 74 paragraphs.
   e. Also consider that the very slim facts in the judgment appears to substantially overweight the role Valpo had in this matter. Thankfully, and at the same time sadly, the announced closing, does appear to eliminate any reason for recusal at this point, given that it did not

exist previously. But no mention was given to facts that seem at this point to be nearly irrefutable, such as forgery of an order by an official of Indiana's high court. Fantastical indeed.

3. I hope that in amending its judgement, the Court reduces appearances of impropriety. I am already heavily burdened with considering whether to address that on appeal. If evidence suggests that this judgment was not drafted by either Judge DeGuilio or Magistrate Rodovich, and possibly not even fully reviewed prior to its order, if it was drafted by an opposing party, and I was never provided a copy before it was signed by the Court with the opportunity to reply, looking away in the interest of justice will be difficult. Justice is not served if a scheming, influential party benefits from an overworked and under resourced court system. Facing the first appeal as a pro-se to the 7th Circuit,[2] I will be hard-pressed to not make every possible argument. And I prefer those be only on the merits of the case, or specific and fair procedural questions, not the actions of this Court. If the judgment was not written by the Court, then please ignore all other suggestions here and simply issue your genuine initial judgement as opposed to an amendment of the prior one.

4. If written by the Court, then its definition of a dispositive motion appears to conflict with that of the 7th Circuit and should be reviewed and amended.[3]

5. If written by the Court, it might be helpful to review the *Practitioner's Handbook for Appeals* of the 7th Circuit.[4] Many of the arguments made by the Court

---

[2] It would be reasonable given the history of some parties here, for this Court to expect a few round trips. But I am not in a position to prevent that.
[3] Specifically [DE 104] and supporting motions. Really? More disappointing than I can express.
[4] Specifically "Responsibilities of Counsel When Appellate Adversary Appears *Pro Se*" pp.104-5

3

in its judgement are addressed here in easy to read summary with case citations.[5] If the Court could deal with these in its judgement, it will save us all a lot of time and a few less round trips.[6]

I have other observations, but the clock is running short to get this to the Post Office. And it really is up to the Court (or should be in a true system of justice) to decide how to proceed.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's request and for all other relief that is just and proper.

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ April 22, 2019

---

[5] Judge Posner to thank for this section?
[6] Yeah, I get it. Some parties would probably rather stretch this out and were campaigning for that, hopefully beyond HB 1192 passing.

4

## CERTIFICATE OF SERVICE

A true and correct copy of Plaintiff's Motion and draft order is being certified mailed to the Court for filing and certified mailed to the following parties.

**Hoover, Hull, Turner, LLP**
Michael A. Dorelli
modorelli@hooverhullturner.com

David J. Hensel
dhensel@hooverhullturner.com

**Barrett McNagny, LLP**
Kevin K. Fitzharris
kkf@barrettlaw.com

**Taft Stettinius & Hollister LLP**
Michael L. Meyer, Esq.
mmeyer@taftlaw.com

**Husch Blackwell LLP**
Aleksandra Rushing
aleks.rushing@huschblackwell.com

John W. Borkowski
john.borkowski@huschblackwell.com

**Office of Attorney General Curtis Hill**
Kelly Cochran
kelly.cochran@atg.in.gov

Joshua Lowry
joshua.lowry@atg.in.gov

**Office of Corporation Counsel**
Grant E. Helms
grant.helms@indy.gov

Adam S. Willfond
adam.willfond@indy.gov

Daniel P. Bowman
daniel.bowman@indy.gov

**Kightlinger & Gray, LLP**
Louis J. Britton
lbritton@k-glaw.com

*Respectfully submitted,*

Aaron S. Coates, Plaintiff
18709 Taft Ct.
Goshen, IN 46528
T: 574-206-4454
E: acoates@relevantfinancial.com
/d/ April 22, 2019