UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AARON COATES | ) | |
| | ) | |
| Plaintiff | ) | CASE NO. 3:18-cv-574-JD-APR |
| | ) | |
| vs. | ) | |
| | ) | |
| VALEO FINANCIAL ADVISORS, LLC, et al. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT PAMELA K. KOEHLER'S RESPONSE TO PLAINTIFF'S
MOTION TO AMEND JUDGMENT**

Defendant, Pamela K. Koehler, by counsel hereby provides her response to Plaintiff's Motion to Amend Judgment. Plaintiff's Motion should be denied because it failed to (1) correct a manifest error of law or fact, or (2) present newly discovered evidence.

**I.      Background**

On March 25, 2019, this Court entered an Order (DE 113) dismissing Plaintiff's Complaint in its entirety but giving Plaintiff time to amend or voluntarily dismiss the action and pursue his state law claims elsewhere. Thereafter, Plaintiff requested and received additional time to and including May 24, 2019 by which to amend his Complaint. On April 24, 2019, Plaintiff filed his Motion to Amend Judgment (DE 117) pursuant to Federal Rule of Civil Procedure 59(e).

**II.     Standard of Review**

Where no final judgment has been entered in a case, motions seeking to amend an order are treated as motions to reconsider under Federal Rule Civil Procedure 54(b). Best v. Indiana,

2019 U.S. Dist. LEXIS 27714, *2 (S.D. Ind. Feb. 21, 2019). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing. Id. at *3. "A motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e)." Id. The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

### III.     Discussion

Plaintiff's Motion (DE 117) and Brief in Support (DE 118) do not attempt to correct manifest errors of law or fact, nor do they present newly discovered evidence. Instead, Plaintiff asks the Court to "consider focusing on" a "more manageable 20 pages and 74 paragraphs" of the Complaint. (DE 118, pg. 2). Apparently, Plaintiff believes his Complaint was dismissed because the Court was confused by the length of the Complaint. Perhaps Plaintiff's Motion would be more fitting had the Court dismissed pursuant to Federal Rule of Civil Procedure 12(e). The Court, however, expressly found that pursuant to Federal Rule of Civil Procedure 12(b)(6) that Plaintiff had failed to state a claim upon which relief could be granted. Thus, Plaintiff narrowing or "focusing" his allegations in this Motion cannot save his Complaint.

Moreover, Plaintiff failed to identify why his narrowed allegations were patently misunderstood. Instead, he devoted the lions' share of his argument to questioning who drafted the subject Order. Plaintiff has not met his burden here and his Motion should be denied.

### IV.     Conclusion

In order to cause the Court to reconsider its Order, Plaintiff was required to identify a manifest error of law or fact or to bring forth new evidence that was not previously available and would have altered the Order.  Plaintiff failed to meet his burden here and his Motion should be denied.

KIGHTLINGER & GRAY, LLP


By  s/ *Louis J. Britton*
     Louis J. Britton
     Attorney I.D. No. 27754-49


**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2019, the foregoing pleading was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Joshua R. Lowry
Kelly D. Cochran
Indiana Attorney General's Office
joshua.lowry@atg.in.gov
kelly.cochran@atg.in.gov

Michael A. Dorelli
David J. Hensel
HOOVER HULL TURNER LLP
mdorelli@hooverhullturner.com
dhensel@hooverhullturner.com

Michael L. Meyer
TAFT STETTINIUS & HOLLISTER LLP
mmeyer@taftlaw.com

John W. Borkowski
Aleksandra O. Rushing
HUSCH BLACKWELL LLP
john.borkowski@huschblackwell.com
aleks.rushing@huschblackwell.com

>Adam S. Willfond
>Office of Corporation Counsel
>adam.willfond@indy.gov
>
>Kevin K. Fitzharris
>BARRETT McNAGNY, LLP
>Email:  kkf@barrettlaw.com

I further certify that on May 6, 2019, a copy of the foregoing pleading was mailed, by first-class U.S. Mail, to:

>Aaron Coates
>18709 Taft Court
>Goshen, IN  46528

s/ *Louis J. Britton*<br>Louis J. Britton

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana  46204
Telephone:  317-638-4521
Email:  lbritton@k-glaw.com

181192\5310504-1

4