UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-574-JD-MGG |
| | ) |
| VALEO FINANCIAL ADVISORS, et al., | ) |
| | ) |
| Defendants. | ) |

## STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT

State defendants[1] file this response to plaintiff's motion to amend judgment. Plaintiff's motion should be denied because he has not demonstrated extraordinary circumstances warranting reconsideration of the Court's order dismissing plaintiff's complaint without prejudice.

### I.   Introduction

On July 27, 2018, plaintiff brought suit against thirty-six parties, alleging a variety of causes of action. (ECF 1.) On March 25, 2019, this Court dismissed plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 113.) The Court granted plaintiff leave to amend his complaint to cure deficiencies. (ECF 113, p. 8.) Plaintiff has until May 24, 2019, to file an amended complaint (ECF 116.)

---

[1] State defendants include sixteen defendants: (1) Clerk of the Indiana Appellate and Supreme Court; (2) Court of Appeals of Indiana; (3) Judge Michael P. Barnes; (4) Sara C. Blainbridge; (5) Judge Elaine B. Brown; (6) Michelle Chuta; (7) Larron Golden; (8) Marion County Prosecutor; (9) Marion County Superior Court; (10) Judge Paul D. Mathias; (11) Judge Edward W. Najam, Jr.; (12) Commissioner David L. Ober; (13) Greg Pachmayr; (14) Judge Heather A. Welch; (15) Judge Mary G. Willis; and (16) Judge Nancy H. Vaidik.

1

On April 24, 2019, plaintiff filed a "Motion to Amend Judgement." (ECF 117, 118.) In it, plaintiff moves pursuant to Federal Rule of Civil Procedure 59(e) to amend the Court's order. Though unclear, plaintiff appears to ask the court to reread his complaint, focusing on specific portions. (ECF 118, p. 3.)

## II. Argument

Plaintiff's motion should be denied because he has not demonstrated extraordinary circumstances warranting reconsideration of the Court's order dismissing plaintiff's complaint without prejudice.

### a. Plaintiff's motion is procedurally improper

As an initial matter, plaintiff's motion is procedurally improper. Federal Rule of Civil Procedure 59(e) permits plaintiff to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). Rule 59(e) applies to final, appealable judgments. *Terry v. Spencer*, 888 F.3d 890, 892 (7th Cir. 2018). A dismissal of a complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) is not a final appealable order. *Coniston Corp. v. Vill. of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir. 1988). As such, plaintiff's motion to amend judgment pursuant to Rule 59(e) is procedurally improper.

### b. Plaintiff does not cite extraordinary circumstances warranting reconsideration of the Court's order.

Though "Rule 59 is not the right procedural hook for seeking reconsideration of a nonfinal order[,]" courts will look beyond a motion's label, particularly where pro se litigants are involved. *See Terry*, 888 F.3d at 893–94. Though not explicitly set forth in the Federal Rules, "district judges may reconsider interlocutory orders at any time before final judgment." *Id.* (citing *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012)).

"[R]econsideration of an interlocutory order … is a matter of a district court's inherent power and is committed to a court's sound discretion." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009) (citing *Cima v. Wellpoint Health Networks, Inc.,* 250 F.R.D. 374, 386 (S.D.Ill.2008))." "[A] motion for reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *McGrath v. Everest Nat. Ins. Co.*, 668 F. Supp. 2d 1085, 1110 (N.D. Ind. 2009) (citing *Global View Ltd. Venture Capital v. Great Central Basin Exploration,* 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)).

"Motions to reconsider 'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *State Farm Fire & Cas. Co.*, 263 F.R.D. at 526 (citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill.1997)).

Here, plaintiff makes no claim of "manifest error." Plaintiff does not assert that errors of law or fact have occurred, or that newly discovered evidence exists. Rather, he merely expresses dissatisfaction with the Court's decision and requests that the Court review the original complaint in a new light. Such a request is improper, and plaintiff's motion should therefore be denied.

### III.     Conclusion

Because plaintiff has failed to set forth facts and circumstances warranting reconsideration of the Court's March 25 order, his "Motion to Amend Judgement" should be denied.

Respectfully submitted,

CURTIS T. HILL, JR.
Attorney General of Indiana
Attorney No. 13999-20

Date:   May 8, 2019             By:         Kelly D. Cochran
                                            Deputy Attorney General
                                            Attorney No.  34543-49

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

      I further certify that on May 8, 2019, a copy of the foregoing was mailed, by first-class U.S. Mail, postage prepaid, to the following non CM/ECF participant:

Aaron Coates
18709 Taft Ct.
Goshen, IN 46528

                                    Kelly D. Cochran
                                    Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Phone:  (317) 234-2415
Fax:     (317) 232-7979
Email:  Kelly.Cochran@atg.in.gov