UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AARON COATES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Cause No. 3:18 CV 574 |
| v. | ) | |
| | ) | |
| VALEO FINANCIAL ADVISORS, LLC, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANT GIBSON INSURANCE AGENCY, INC.'S
BRIEF IN OPPOSITION TO THE PLAINTIFF'S MOTION TO AMEND THE
JUDGMENT**

## *I. INTRODUCTION*

This Court dismissed the Plaintiff's entire Complaint without prejudice on March 25, 2019.  On April 22, 2019 the Plaintiff mailed a copy of a Motion to Amend Judgment and Brief in Support to the Court and counsel.  As other Defendants have stated, since there is no final judgment, a motion seeking to amend is treated as a motion to reconsider. *Best v. Indiana,* 2019 U.S. Dist. LEXIS 27714 at *2 (S.D. Ind. Feb. 21, 2019).  Motions to reconsider are limited to correcting manifest errors of law or fact or newly discovered evidence that was not available at the time of briefing.  *Id.* at *3.  A motion to reconsider pursuant to Rule 54(b) is judged by "largely the same standard as a motion to alter or amend a judgment under Rule 59(e)." *Id.*

## II.    DISCUSSION

The Plaintiff does not raise any manifest errors of law or fact nor does the Plaintiff direct the Court to any newly discovered evidence.  Rather, the Plaintiff makes five points.

First, the Plaintiff bemoans the closing of Valparaiso Law School and appears to guess at the motivations of the Court's Order.  Although the argument is not entirely clear, what Plaintiff does not do is what he is required to do under Rule 54(b) – point out manifest errors of law or fact or newly discovered evidence.

Second, the Plaintiff suggests that the Court should reconsider its decision by focusing on only certain portions of the Complaint.  But a Motion to Reconsider should not be used for the purpose of "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004).

Third, the Plaintiff suggests that the Court should reduce the "appearances of impropriety" suggesting that the Court may not have written the Order or fully reviewed it.  There is absolutely no basis to question the authenticity of an Order entered and signed by this Court.

Fourth, the Plaintiff suggests that the Court's definition of a dispositive motion appears to conflict with that of the Seventh Circuit.  Plaintiff does not explain why this is so and Plaintiff ignores the fact that the Court expressly granted him leave to amend.

Finally, the Plaintiff suggests that the Court's Order conflicts with the *Practitioner's Handbook for Appeals* of the Seventh Circuit.  But Plaintiff does not say how, nor is the *Practitioner's Handbook for Appeals* is a binding authority on this Court.

2175986

### III.    CONCLUSION

The Plaintiff has given the Court no reason to amend its judgment of March 25, 2019.  The Plaintiff's Motion must be denied.

Respectfully submitted,

BARRETT McNAGNY, LLP

By: /s/ Kevin K. Fitzharris
  Kevin K. Fitzharris, #15425-02
  215 East Berry Street
  Fort Wayne, IN  46802
  Tel: (260) 423-9551
  Fax: (260) 423 8920
E-mail: kkf@barrettlaw.com

2175986

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on the following individuals through IEFS or by first class U.S. Mail on this 9th day of May, 2019:

Mr. Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528

David J. Hensel, Esq.
Michael A. Dorelli, Esq.
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989

Michael L. Meyer, Esq.
TAFT STETTINIUS & HOLLISER, LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957

John W. Borkowski, Esq.
Aleksandra O. Rushing, Esq.
HUSCH BLACKWELL LLP
1251 North Eddy Street, Suite 200
South Bend, IN 46617

Joshua R. Lowry, Esq.
Kelly D. Cochran, Esq.
Indiana Attorney General's Office
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204-2770

Grant E. Helms, Esq.
Office of Corporation Counsel
200 East Washington St., Room 1601
Indianapolis, IN 46204

Louis J. Britton, Esq.
KIGHTLINGER & GRAY LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204

/s/ Kevin K. Fitzharris
Kevin K. Fitzharris

2175986