UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-574-JD-MGG |
| | ) |
| VALEO FINANCIAL ADVISORS, et al., | ) |
| | ) |
| Defendants. | ) |

### HHT DEFENDANTS & VALEO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT

The HHT Defendants[1] and the Valeo Defendants[2] collectively file this response to Aaron Coates's *Motion to Amend Judgment*. Coates's motion should be denied because it neither corrects a manifest error of law or fact nor presents newly discovered evidence not available at the time of briefing. Coates's motion merely asks this Court to reconsider what was expressly considered in this Court's March 25, 2019, opinion.

### INTRODUCTION

Aaron Coates filed his lawsuit against 36 defendants on July 27, 2018. The defendants filed motions to dismiss and supporting briefs, arguing that Coates's claims failed to state any claim upon which relief could be granted. [*See* Dkt. 53-54,

---

[1] Collectively, Hoover Hull Turner LLP, Andrew Hull, Camie Swanson-Hull, Kenneth Munson, Wayne Turner, Michael Blinn, Evan Carr, Susanne Johnson, Fortuna Gipson, and Melodie Alexander.

[2] Collectively, Valeo Financial Advisors, LLC, John Wortman, John Trott, and Gregory Fulk.

61-62, 64-65, 69-70, 74-75, 79-80. 86-87.] On March 25, 2019, this Court agreed with the defendants dismissed Coates's Complaint in its entirety. [*See* Dkt. 113.]

This Court, however, allowed Coates until April 24, 2019, to "file an amended complaint that remedies the infirmities associated with his federal claims." [*Id.* at 8.] On April 11, 2019, Coates filed his *Motion for Extension of Time to Respond to Court's Opinion and Order*, asking that his response deadline be extended until May 24, 2019. [*See* Dkt 114.] The Court granted Coates's request. [Dkt. 116.] On April 24, 2019, Coates filed his *Motion to Amend Judgment*, along with his *Brief in Support of Plaintiff's Motion to Amend Judgment*. [Dkt. 117-118.]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 allows a plaintiff to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e). A motion seeking to alter or amend a non-final, non-appealable judgment, however, will be treated as a motion to reconsider. *See Best v. Indiana*, No. 1:16-cv-02549, 2019 WL 699138, at *1 (S.D. Ind. Feb. 20, 2019). And, although it is "not the right procedural hook for seeking reconsideration of a nonfinal order," this type of motion is allowed as "district judges may reconsider interlocutory orders at any time before final judgment." *Terry v. Spencer*, 888 F.3d 890, 893-94 (7th Cir. 2018).

Motions to reconsider are "generally disfavored because 'a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold.'" *Katz-Crank v. Haskett*, No. 1:13-cv-00159, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014) (quoting *Burton v.*

2

*McCormick*, No. 3:11-CV-026, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011)); *see also Melvin Ford (M-48792) v. City of Rockford*, No. 18 C 50151, 2019 WL 2011104, at *1 (N.D. Ill. May 7, 2019) (noting that motions to reconsider are disfavored and serve limited purposes). Further, motions to reconsider have a limited scope: they are "for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing." *Best*, 2019 WL 699138, at *1. Motions to reconsider can be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Courts by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales. Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). They are also appropriate when there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.*

Motions to reconsider, like the motion Coates has filed, are not to be used, though, as a "forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

Finally, when a court dismisses a complaint but allows a plaintiff to file an amended complaint, "it [is] not inviting [the plaintiff] to file a motion to reconsider its dismissal of the original complaint." *Melvin Ford (M-48792) v. City of Rockford*, No. 18 C 50151, 2019 WL 2011104, at *1 (N.D. Ill. May 7, 2019).

# ARGUMENT

1. **Coates'** *Motion to Amend Judgment* **is not procedurally proper as there is no final judgment.**

Coates styles his motion as a *Motion to Amend Judgment* pursuant to Federal Rule of Civil Procedure 59(e). [Dkt. 118, 1]. Rule 59(e) applies to a final, appealable judgment. *See* Fed. R. Civ. P. 54; *Terry v. Spencer*, 888 F.3d 890, 892 (7th Cir. 2018) (noting that because Rule 59(e) applies to final judgments, it did not apply when a judge dismissed a *pro se* complaint but allowed 30 days for the *pro se* litigant to replead). Dismissing a plaintiff's complaint without prejudice does not create a final, appealable order, as "the plaintiff may be able to amend his complaint to cure whatever deficiencies had caused it to be dismissed. As long as the suit itself remains pending in the district court, there is no final judgment . . . ." *Coniston Corp. v. Vill. of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir. 1988).

Here, although this Court dismissed Coates's Complaint in its entirety, it expressly noted that Coates could "file an amended complaint that remedies the infirmities associated with his federal claims." [Dkt. 113, 8.] The Court then cautioned Coates, stating that if he did not take action within the allotted time, then the Court intended "to dismiss [Coates's] federal claims with prejudice and relinquish jurisdiction over his state law claims." [*Id.*] This Court's Opinion was not a final judgment; therefore, Coates's *Motion to Amend Judgment* is procedurally improper.

2. **Coates's motion fails to correct a manifest error of law or fact, and it does not present newly discovered evidence.**

If a motion to amend or alter judgment is filed when procedurally improper, courts will treat the motion as one for reconsideration. *See Best v. Indiana*, No. 1:16-

4

cv-02549, 2019 WL 699138, at *1 (S.D. Ind. Feb. 20, 2019). A motion to reconsider serves the limited function of either correcting a manifest error of law or fact or presenting newly discovered evidence. *See State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D 518, 526 (N.D. Ind. 2009). A manifest error is more than a mere error in judgment; it is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Bowersock v. Davol, Inc.*, No. 1:08-cv-01313, 2017 WL 1479289, at *1 (S.D. Ind. Apr. 25, 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Coates's motion neither addresses newly presented evidence nor corrects a manifest error of law. Rather than addressing any purported substantive deficiencies in this Court's Opinion (there are none), Coates instead asks this Court to look again at specific allegations in his Complaint. But, the Court expressly addressed Coates's factual allegations in its Opinion and Order. [Dkt. 113, 2-3.] Coates's "insistence that the Court erred in dismissing the original complaint indicates his intent to stand on the original complaint, rather than submit an amendment." *Melvin Ford (M-48792) v. City of Rockford*, No 18 C 50151, 2019 WL 2011104 (N.D. Ill. May 7, 2019). By his *Motion to Amend Judgment*, Coates is merely asking the Court to rehash his previously rejected arguments, and that's not permitted. *See Boweversock*, 2017 WL 1479289, at *1.

Because Coates has not attempted to correct a manifest error of law or fact and he has not directed this Court to any newly presented evidence, this Court should deny Coates' *Motion to Amend Judgment*.

## CONCLUSION

For the above reasons, this Court should deny Coates's *Motion to Amend Judgment*. Further, the Court should treat Coates's filing as his response to this Court's March 25 Opinion and Order. Therefore, this Court should dismiss Coates's federal claims in the Complaint with prejudice, and relinquish jurisdiction over Coates's state-law claims.

Respectfully submitted,

*s/ Michael A. Dorelli*
David J. Hensel (15455-49)
dhensel@hooverhullturner.com
Michael A. Dorelli (20862-49)
mdorelli@hooverhullturner.com
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234

*Counsel for the HHT Defendants and the Valeo Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system is being sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF) on May 10, 2019, as well as to Plaintiff by email at aska.coates@gmail.com and acoates@relevantfinancial.com and by certified mail to:

Aaron S. Coates
18709 Taft Ct.
Goshen, IN 46528

*Michael A. Dorelli*