UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON COATES, *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-574 JD |
| | ) |
| VALEO FINANCIAL ADVISORS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

Plaintiff Aaron Coates, proceeding *pro se*, filed his complaint in this case on July 27, 2018, alleging that the thirty-six named Defendants conspired against him in violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964. [DE 1] Coates's complaint also contained various other federal and state law claims. On March 25, 2019, the Court dismissed Coates's complaint, but without prejudice. [DE 113] Specifically, the Court found that Coates failed to allege whether the Defendants had engaged or would continue to engage in a pattern of misconduct, as is necessary to support RICO's continuity requirement for a closed-ended scheme. *Id.* at 4-6. The Court further ruled that Coates's complaint failed to sufficiently allege or develop his remaining miscellaneous federal claims, and additionally noted that Coates did not attempt to rebut *any* of Defendants' arguments for dismissal of his federal claims (including RICO). *Id.* at 6-7. Nonetheless, the Court allowed Coates until April 24, 2019, to submit an amended complaint that addressed these infirmities. *Id.* at 8. That deadline was then extended to May 24, 2019, at Coates's request. [DE 116] As part of its dismissal Order, the Court made clear that any failure to act on Coates's part would result in the dismissal of his federal claims, with prejudice.

1

Coates never filed an amended complaint in response to the Court's Order. Instead, on April 22, 2019, he submitted the instant "Motion to Amend Judgment," in which he asks the Court to "consider focusing on" a subset of paragraphs contained in his original complaint. [DE 118 at 2-3][1] Even if the Court construed those paragraphs as comprising an amended complaint, however, Coates's suggestion does nothing to resolve the Court's previously articulated concerns regarding his insufficient allegations. Indeed, the paragraphs on which he now urges the Court to focus are the exact same substantive allegations as before, only *without* the paragraphs in which he previously identified the parties, alleged jurisdiction and venue, and asserted his claims for relief. So, instead of addressing the shortcomings in his various claims, Coates simply resubmits them without improvement. Furthermore, at no point has Coates indicated that he actually intends to amend his complaint; for example, he took no action for more than a month between his motion's filing (April 22) and the Court's extended deadline for submitting an amended pleading (May 24). As a result, the Court will dismiss Coates's federal claims, this time with prejudice.

Coates's state law claims for unfair competition, generic fraud, and "forgery" will also be dismissed, but without prejudice. Under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Although the decision is discretionary, 'when all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012)

---

[1] Coates also filed a one-page "Motion to Forgive Defendant Andrew W. Hull" on April 12, 2019, in which he seeks to absolve Defendant Hull of any prospective awards or judgments issued against Hull in this case. [DE 115]

(quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc*., 599 F.3d 720, 727 (7th Cir. 2010)). "The presumption is rebuttable, 'but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law.'" *Id*. (quoting *Khan v. State Oil Co*., 93 F.3d 1358, 1366 (7th Cir. 1996)). At this early, albeit final stage in the litigation, the Court has not decided any issues that would be dispositive of Coates's state law claims. And because those claims rely on principles of state law and are not governed by the resolution of the federal claims, it is most appropriate to allow the state courts to address those claims. *Hansen v. Bd. of Tr. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." (internal citations omitted)). The Court therefore relinquishes supplemental jurisdiction over the state law claims.

In sum, the Court **DENIES** Coates's "Motion to Amend Judgment" [DE 118], and **DISMISSES** his federal claims, with prejudice.[2] The Court also relinquishes supplemental jurisdiction over Coates's state law claims and **DISMISSES** them as well, but without prejudice.

---

[2] While labeled a motion to "amend judgment," the Court does not construe Coates's motion as such. Indeed, no judgment had yet been entered at the time of the motion's filing. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days *after the entry of judgment*.") (emphasis added). Motions that seek to alter or amend nonfinal orders are instead treated as motions to reconsider under Rule 54(b). *See Best v. Indiana*, Case No. 1:16-cv-2549, 2019 WL 699138, at *1 (S.D. Ind. Feb. 20, 2019). But even if the Court viewed Coates's motion through the lens of Rule 54(b), his motion would still fail because it identifies no manifest errors of law or fact nor presents new law or newly discovered evidence that would disturb the dismissal Order; relief under Rule 54(b) requires a litigant to make such a showing. *See id.* Finally, it bears noting that by giving Coates "leave to file an amended complaint, [the Court] was not inviting him to file a motion to reconsider its dismissal of the original complaint[.]" *Ford v. City of Rockford*, No. 18 C 50151, 2019 WL 2011104, at *1 (N.D. Ill. May 7, 2019) (internal quotation marks and citation omitted); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc*., 123 F.R.D. 282, 288 (N.D. Ill. 1988) (explaining that rulings of district court are not to be viewed "as mere first drafts, subject to revision and reconsideration at a litigant's pleasure").

Lastly, the Court **DENIES**, Coates's "Motion to Forgive Defendant Andrew W. Hull" as moot.

This case is closed.

    SO ORDERED.

    ENTERED:  June 13, 2019

                                        /s/ JON E. DEGUILIO
                                  Judge
                                  United States District Court